UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

MANUEL V. FEIJOO and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.

_____/

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm Mutual"), by counsel and pursuant to Local Rule 56.1, hereby files its Statement of Material Facts in support of its contemporaneously filed Motion for Summary Judgment against Defendants, MANUEL V. FEIJOO, M.D., P.A. (the "Clinic") and MANUEL V. FEIJOO ("Dr. Feijoo"), and identifies the following material facts as to which there does not exist a genuine issued to be tried:

    1.    The Clinic is a medical clinic located in Miami-Dade County, Florida. [Tr. of Anielka Castillo Dep., p. 24, lines 16–22[1]]

    2.    Dr. Feijoo is a physician licensed to practice medicine in the State of Florida under Chapter 458, Florida Statutes. [Tr. of Dr. Feijoo Dep., p. 22, line 5[2]]

---

[1] A true and correct copy of the Transcript of Anielka Castillo's Deposition, taken May 29, 2019, is attached hereto as Exhibit "A."

3. Dr. Feijoo co-owns the Clinic with his wife. [Tr. of Dr. Feijoo Dep., p. 31, lines 5–25, p. 32, lines 1–24]

4. Dr. Feijoo controls the Clinic's operations and is legally responsible for the Clinic's compliance with all federal and state laws. [Tr. of Dr. Feijoo Dep., p. 41, lines 18–21, & Ex. 29]

5. As the Clinic's owner, Dr. Feijoo had the ultimate authority to determine what CPT codes to use and caused the Clinic to submit the medical bills at issue in this lawsuit to State Farm Mutual during the years of 2014 - 2018. [Tr. of Dr. Feijoo Dep., pp. 43, 150, & Ex. 29;Tr. of A. Castillo Dep., p. 71, lines 7–16]

6. Dr. Feijoo performed orthopedic evaluations on persons (collectively, the "Insureds") injured in automobile accidents who were insured under policies of insurance issued by State Farm Mutual that provided personal injury protection ("PIP") coverage. [Aff. of T. Banahan, p. 2, ¶ 7[3]] Some of these policies also provided medical payments coverage ("MPC"). [Aff. of T. Banahan, p. 3, ¶ 12]

7. Dr. Feijoo performed his orthopedic evaluations on the Insureds while sitting at a desk in his personal office within the Clinic's office, and with the Insureds sitting across the desk from him. [Tr. of Dr. Feijoo Dep., p. 64, lines 10–13]

8. As an integral and standard part of his orthopedic evaluations of the Insureds, Dr. Feijoo checked their range of motion ("ROM") in the areas of the spine or extremities that they

---

[2] A true and correct copy of the transcript of Dr. Feijoo's deposition, taken June 7, 2019, is attached hereto as Exhibit "B" with the exception of Exhibit 57, which contains miscellaneous documents not pertinent to this filing.
[3] A true and correct copy of the Affidavit of Timothy Banahan is attached as Exhibit "A" to State Farm Mutual's Motion for Summary Judgment.

reported as having injured in the auto accident. [Tr. of Dr. Feijoo Dep., pp. 104 – 105]

9. Dr. Feijoo checked the Insureds' ROM by asking them move the affected body areas through planes of motion such as, by way of example, forward-backward and side-to-side. [Tr. of Dep. of Dr. Feijoo, pp. 83 – 90] As the Insureds did so, Dr. Feijoo visually determined if there was any limitation in the Insured's range of motion and noted any pain reported by the Insureds when moving through the planes. [*Id.*]

10. Dr. Feijoo has a device called an inclinometer that is used to measure ROM, but he did not use it to perform the ROM testing on the Insureds because he believes measuring ROM with an inclinometer takes too long, is too complicated, and bores the patient. [Tr. of Dr. Feijoo Dep., pp. 105 – 106]

11. Dr. Feijoo prepared typewritten reports of the orthopedic evaluations he performed on the Insureds, which document the Insureds' reported history, Dr. Feijoo's findings on his examinations of the Insureds, his diagnoses of the Insureds, and his recommendations for the Insureds. [Dr. Feijoo Dep., Exs. 33, 40, 46, 49] These typewritten reports of Dr. Feijoo's orthopedic evaluations include his findings in the ROM testing he performed on the Insureds. [Tr. of Dr. Feijoo Dep., p. 99; Exs. 33, 40, 46, 49; A. Castillo Dep., Exs. 4, 11, 16, 27]

12. Dr. Feijoo's Clinic does not have an x-ray or MRI machine. [Tr. of Dr. Feijoo Dep., p. 129, lines 4–6, 12–18]

13. During his orthopedic evaluations of the Insureds, Dr. Feijoo sometimes had written reports of x-rays performed on the Insureds prepared by other physicians, or x-ray films prepared at other facilities, available for his review. [Tr. of Dr. Feijoo Dep, pp. 222 – 225] When he had the x-ray films or reports, Dr. Feijoo reviewed them as an integral part of his orthopedic

evaluations of the Insureds and documented his findings from the review in his typewritten reports of the evaluations. [Tr. of Dr. Feijoo Dep., pp. 218 – 225, Exs. 46–47]

14.     As a condition to Dr. Feijoo's performance of the orthopedic evaluations, the Clinic required the Insureds to execute Assignments of Benefits authorizing the Clinic to bill State Farm Mutual directly for PIP and MPC benefits under the policies. [Dr. Feijoo Dep., Ex. 58; A. Castillo Dep., Ex. 18]

15.     The Clinic submitted claims for PIP benefits, and where applicable, MPC benefits (collectively, the "Subject Claims") to State Farm Mutual for medical services Dr. Feijoo allegedly provided to the Insureds. [Aff. of T. Banahan, p. 2, ¶ 7.]

16.     Exhibits "G" and "N" to the Amended Complaint [Docs. 60-7 & 60-14] correctly identify, by claim number and initials, the Insureds to whom Dr. Feijoo allegedly provided the medical services for which the Clinic demanded payment of PIP benefits in the Subject Claims. [Aff. of T. Banahan, ¶¶ 7–14, 17–22]

17.     The Clinic submitted all of its medical bills within the Subject Claims on CMS 1500 forms that reported charges for medical services Dr. Feijoo claims to have provided to the Insureds through the use of five-digit codes from the American Medical Association's ("AMA") Physicians' Current Procedural Terminology ("CPT"). [Aff. of T. Banahan, ¶¶ 7, 18; A. Castillo Dep., Exs. 8, 14, 20–21, 27; Dr. Feijoo Dep., Exs. 31, 43, 56]

18.     The CPT codebooks in effect for the years 2014 through 2018 (collectively, "2014-18 CPT codebooks") include the following instructions for properly using of the AMA's CPT:

> When reporting codes for services provided, <u>it is important to assure the accuracy and quality of coding through verification of the intent of the code by use of the</u>

> related guidelines, parenthetical instructions, and coding resources, including *CPT Assistant* and other publications resulting from the collaborative efforts of the American Medical Association with the medical specialty societies (i.e., *Clinical Examples in Radiology*). (emphasis supplied)

[Aff. of P. Jacob, M.D., ¶¶ 6, 35, & Ex. B[4]]

19. Pursuant to the above-quoted language from the AMA's 2014-18 codebooks, it is important for medical practitioners to consult the AMA's *CPT Assistant* in order to "assure the accuracy and quality of coding" under the AMA's CPT. [Aff. of P. Jacob, M.D., p. 4, ¶ 9.]

20. Every one of the Clinic's medical bills in the Subject Claims report a charge for CPT code 99204, 99214, or 99215. [Aff. of P. Jacob, M.D., p. 6, ¶ 13; Docs. 60-7, 60-14]

21. The 2014-18 CPT codebooks explain that CPT codes 99204, 99214, or 99215 describe different levels of evaluation and management ("E/M") services provided to a patient. [Aff. of P. Jacob, M.D., ¶¶ 36–41, 43–44, 50, 56–57]

22. Five Hundred Sixteen (516) of the medical bills the Clinic submitted to State Farm Mutual within the Subject Claims include a $475 charge for CPT code 99204, which the Clinic issued for the orthopedic evaluations Dr. Feijoo performed on the Insureds at their initial office visit to the Clinic. [Aff. of T. Banahan, Exs. 1 & 2]

23. One Hundred Seventy (170) of the medical bills the Clinic submitted to State Farm Mutual within the Subject Claims include a $275 charge for CPT code 99214, which the Clinic issued for the orthopedic evaluations Dr. Feijoo performed on the Insureds at follow-up office visits to the Clinic. [Aff. of T. Banahan, Exs. 1 & 2]

24. One Hundred Sixty (160) of the medical bills the Clinic submitted to State Farm

---

[4] A true and correct copy of the Affidavit of Patrick Jacob, M.D. is attached as Exhibit "B" to State Farm Mutual's Motion for Summary Judgment.

Mutual within the Subject Claims include a $425 charge for CPT code 99215, which the Clinic issued for the orthopedic evaluations Dr. Feijoo performed on the Insureds for the purposes of considering whether to assign them permanent disability ratings at follow-up office visits to the Clinic. [Aff. of T. Banahan, Exs. 1 & 2]

25. Two Hundred Thirty Four (234) of the medical bills the Clinic submitted to State Farm within the Subject Claims include a $100 charge for CPT code 76140 for services allegedly provided to the Insureds, together with one of the above-described charges of 99204, 99214, and 99215 for the orthopedic evaluations Dr. Feijoo performed on the Insureds. [Aff. of T. Banahan, Exs. 1 & 2]

26. The 2014-18 CPT codebooks describe CPT code 76140 as follows: "Consultation on x-ray examination made elsewhere, written report." [Aff. of P. Jacob, M.D., ¶ 7 & Ex. F.]

27. Under this description, the 2014-18 CPT codebooks also cite to a *CPT Assistant* article found at *CPT Assistant* Summer 91:13, Oct. 97.1, which provides the following instructions for reporting CPT code 76140 in medical bills:

Using Code 76140

76140 Consultation on x-ray examination made elsewhere.

> You would use this code when a physician's opinion or advice regarding a specific film is requested by another physician and upon examination of the film, the consulting physician renders his or her consultation (i.e., or his/her opinion or advice) to the requesting physician in the form of a written report.
>
> If a patient presents to an office for a new visit and brings to the physician his or her medical records, including x-rays, you should not report code 76140. Although the x-rays may have been taken **elsewhere**, the physician does not perform the consultation as intended by code 76140. Rather, the review or re-read of the x-rays would be considered part of the face-to-face E/M service provided to the patient. Again, the E/M codes include work done before, during, or after the E/M visit. Review of x-rays is part of the E/M service. Remember, 76140

> represents a consultation, in which a physician only renders an opinion or gives advice regarding the film in the form of a written report. In general, when reporting 76140, the physician is not concurrently providing an E/M face-to-face service to the patient. (emphasis in original).

[Aff. of P. Jacob, ¶¶ 18–19 & Ex. G]

28. As explained in this *CPT Assistant* article, CPT code 76140 represents to the person paying the medical bill that the billing physician: a) was requested by another physician to provide an opinion or advice on an x-ray film(s) (*i.e.*, a consultation); and b) has reviewed the x-ray film(s) and issued a report to the requesting physician setting forth his or findings. [Aff. of P. Jacob, M.D., Exs. F & G]

29. In every one of the 234 instances in which the Clinic billed State Farm Mutual a $100 charge for CPT code 76140 in the Subject Claims, Dr. Feijoo was not requested by another physician to provide an opinion or advice on an x-ray film(s) (*i.e.*, a consultation), and he did not do so. [Aff. of P. Jacob, M.D., ¶ 20] In every one of these 234 instances, therefore, the Clinic billed State Farm Mutual $100 for services Dr. Feijoo did not render to the Insureds. [*Id.*]

30. In every one of these 234 instances, the Clinic billed State Farm Mutual CPT code 76140 for Dr. Feijoo's review of x-ray reports or films during his orthopedic evaluations of the Insureds as described above in Paragraphs 7–13. [Aff. of P. Jacob, M.D., ¶ 23; Dr. Feijoo Dep., pp. 228–32.]

31. As explained in the *CPT Assistant* article quoted above in Paragraph 27, Dr. Fejioo's review of those x-rays reports or films are part of his face-to-face orthopedic evaluations of the Insureds for which the Clinic issued CPT codes 99204, 99214, or 99215 and, therefore, the Clinic could not properly issue a separate charge for CPT Code 76140. [Aff. of P. Jacob, M.D., ¶¶ 20–23] By issuing the charges for CPT code 76140 together with the E/M charges of 99204,

99214, or 99215 for the same office visits, the Clinic double-billed State Farm Mutual for Dr. Fejioo's review of those x-rays reports or films during his orthopedic evaluations of the Insureds. [*Id.*; *id.* at ¶ 61]

32. For the reasons explained above, all 234 of the Clinic's $100 charges for CPT code 76140 within the Subject Claims are objectively false, misleading, and deceptive. [Aff. of P. Jacob, M.D., ¶ 23; Dr. Feijoo Dep., pp. 228–32.]

33. Every one of the Clinic's medical bills in the Subject Claims, a total of 846 separate instances, reports a charge of CPT code 95851 in addition to one of the E/M codes of 99204, 99214, or 99215 for the same initial or follow up office visit. [Aff. of T. Banahan]

34. The 2014-18 CPT codebooks describe CPT code 95851 as follows: "Range of motion measurements and report (separate procedure), each extremity (excluding hand) or each trunk section (spine)."  [Aff. of P. Jacob, M.D., p. 10, ¶ 25 & Ex. I.]

35. The 2014-18 CPT codebooks provide the following explanation of the meaning of the parenthetical "(separate procedure)" as used in the above-quoted description of CPT code 95851:

> **Separate Procedures**
>
> Some of the procedures or services listed in the CPT codebook that are commonly carried out as an integral component of a total service or procedure have been identified by the inclusion of the "separate procedure." The codes designated as "separate procedures" should not be reported in addition to the code for the total procedure or service of which it is considered an integral component.
> . . .

[Aff. of P. Jacob, M.D., ¶¶ 25–28 and Exs. I, J, & K]

36. The 2014-18 CPT codebooks identify CPT code 95851 as a "separate procedure" because ROM testing is "commonly carried out as an integral component" of E/M services like

the orthopedic evaluations Dr. Feijoo performed on the Insureds, for which the Clinic billed State Farm Mutual CPT codes 99204, 99214, or 99205. [Aff. of P. Jacob, M.D. ¶ 25–28, Ex. I, J, & K] In this regard, the *CPT Assistant* found at *CPT Assistant* Dec. 03-7, which is cited in the 2014-18 CPT codebooks' description of CPT code 95851, explains as follows:

> CPT codes . . . 95851-95852 are designated as "separate procedures." Therefore, if in the process of performing the work described in an E/M service code, the physician also performs the work described in codes . . . 95851-95852, then it would not be appropriate to report those codes in addition to the E/M service codes.

[Aff. of P. Jacob, M.D., Ex. K]

37.    The Clinic issued all 846 charges for CPT code 95851 within the Subject Claims for Dr. Feijoo's basic ROM testing described above in Paragraphs 7–10 that he performed as an integral component of his orthopedic evaluations of the Insureds, and for which the Clinic also billed State Farm Mutual the E/M charges of 99204, 99214, or 99215. [Aff. of P. Jacob, M.D., ¶¶ 29–34 & Ex. L] As explained above, the CPT prohibits billing CPT code 95851 under these circumstances. By doing so, the Clinic double-billed State Farm Mutual for Dr. Feijoo's ROM Testing, and improperly "unbundled" CPT code 95851 from the CPT code charges of 99204, 99214, and 99215 for Dr. Feijoo's orthopedic evaluations of the Insureds. [*Id.*]

38.    The reports generated as part of Dr. Feijoo's basic ROM testing do not contain the specificity or demonstrate medical necessity. [Aff. of P. Jacob, M.D., ¶¶ 32–34 & Ex. L] The absence of this document is indicative of Dr. Feijoo's basic ROM testing as being an integral component of his evaluations. [*Id.*] As described above, the CPT, in conjunction with the CPT Assistant, does not support a separate charge based on the integral nature of the testing with the E/M services being contemporaneously provided. [*Id.* at ¶¶ 28, 34 & Ex. I, J, & K]

39. For the reasons explained above in Paragraphs 33 - 38, all 846 of the Clinic's $100 charges for CPT code 95851 within the Subject Claims are objectively false, misleading, and deceptive.

40. "Upcoding" is "an action that submits a billing code that would result in payment greater in amount than would be paid using a billing code that accurately describes the services performed." [Aff. of P. Jacob, M.D., ¶ 60]

41. The Clinic's medical bills reporting CPT codes 76140, 95851, 99204, 99214, and/or 99215 sought greater reimbursement than the medical services provided if reported using an accurate CPT code. [*Id.* at ¶¶ 60–61]

42. The Clinic's medical bills reporting CPT codes 95851, 99204, 99214, 76140, and/or 99215 were upcoded because they sought higher charges than what would have otherwise been appropriately payable for accurately reported services. [*Id.*]

43. State Farm Mutual received the Clinic's medical bills reporting CPT codes 95851, 99204, 99214, 76140, and/or 99215 for medical services allegedly provided to the Insureds listed in the Paid-Claims Chart. [Aff. of T. Banahan, ¶¶ 13–15]

44. The Clinic's submission of its medical bills containing CPT codes 95851, 99204, 99214, 76140, and/or 99215 for medical services allegedly provided to the Insureds listed in the Paid-Claims Chart caused and induced State Farm to issue the payments of PIP and MPC benefits identified in the Paid-Claims Chart to the Clinic. [Aff. of T. Banahan, ¶ 14]

45. State Farm Mutual paid the Clinic $192,707.19 in PIP benefits and $3,256.80 in MPC benefits, for total payments of $195,963.99 on the Clinic's Subject Claims for PIP benefits. [Aff. of T. Banahan, ¶ 15]

Dated: June 28, 2019.

        Respectfully submitted,

/s/ *Kenneth P. Hazouri*
Kenneth P. Hazouri, B.C.S. (Fla. Bar No. 019800)
Trial Counsel
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
Andrew S. Ballentine (Fla. Bar No. 118075)
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone:  (407) 422-2454
Attorneys for Plaintiff