**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No.: 18-cv-23329-RAR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,
v.
MANUEL V. FEIJOO,
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association

### DEFENDANTS' ANSWER, AFFIRMATIVE DFENSES AND COUNTERCLAIM

Defendants, Manuel V. Feijoo, M.D. and Manuel V. Feijoo, M.D., P.A. ("Dr. Feijoo"), by and through their counsel, hereby submit present the below Answer, New Matter and Counterclaim to the Amended Complaint of State Farm:

1. Denied.

2. Denied.

3. Denied.

4. Admitted upon information and belief.

5. Admitted.

6. Denied. Although she is an officer of the corporation, it is denied that Dr. Feijoo's wife is an owner.

7. Denied. It is denied that Dr. Feijoo at any time engaged in improper conduct.

8. Denied as conclusions of law.

9. Denied as conclusions of law.

10. Denied as conclusions of law.

1

11. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

12. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

13. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

14. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

15. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

16. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

17. Denied as conclusions of law. The PIP statute is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

18. Denied. State Farm's policies are documents which speak for themselves and State Farm's self-serving characterizations of them are denied.

19. Denied. Florida Statute §817.234 is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

20. Denied. Florida Statute §817.234 is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

21. Denied. Florida Statute §817.234 is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

22. Denied as conclusions of law.

23. Denied as conclusions of law.

24. Denied.  Florida Statute §626.989(1)(a)1 is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

25. Denied.  Florida Statute §626.954(1)u is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

26. Denied as conclusions of law.  By way of further response, it is denied that Dr. Feijoo at any time violated any provision of Florida law.

27. Denied as stated.  Dr. Feijoo provided all of the services described in his records submitted to State Farm.

28. Denied.  Defendants are without sufficient information to either admit or deny the averments of this paragraph and they are therefore denied.

29. Denied.  Defendants are without sufficient information to either admit or deny the averments of this paragraph and they are therefore denied.

30. Denied.  Defendants are without sufficient information to either admit or deny the averments of this paragraph and they are therefore denied.

31. Denied.  It is denied that this case involves the submission of false or misleading CPT codes to State Farm.  Further, Florida's No-Fault law is a writing which speaks for itself.

32. Admitted.

33. Denied as conclusions of law.

34. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

35. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

36. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

37. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

38. Admitted.

39. Denied as conclusions of law.

40. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

41. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

42. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

43. Admitted.

44. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

45. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

46. Denied.  The description of code 95981 is a writing which speaks for itself.

47. Denied as conclusions of law.

48. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

49. Denied.  The AMA's CPT is a writing which speaks for itself and State Farm's self-serving characterizations of it are denied.

50. Denied as conclusions of law.

51. Denied as conclusions of law.

52. Denied.  Florida's N-Fault law is a writing which speaks for itself.

53. Denied.  §627.736, the Florida Session Law Service, and the Second Interim report of the Fifteenth Statewide Grand Jury are writings which speak for themselves.

54. Admitted.

55. Admitted.

56. Admitted.

57. Denied as conclusions of law.

58. Denied.  It is denied that any false or misleading information was submitted to State Farm.

59. Denied.  State Farm's chart self-serving chart is a document which speaks for itself.

60. Denied.  It is denied that Dr. Feijoo submitted any false or misleading charges to State Farm.

61. Denied.  It is denied that Dr. Feijoo ever caused State Farm to pay more for his evaluations than was appropriate.

62. Denied as a conclusion of law.

63. Denied.  The CPT codes are only one part of the information submitted to describe the services rendered.

64. Denied.  It is denied that Dr. Feijoo at any time submitted information to State Farm which deceptively, falsely or misleadingly described his services.

65. Denied.  Dr. Feijoo is without sufficient information to either admit or deny the averment of this paragraph.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

66. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

67. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

68. Denied.  Dr. Feijoo is without sufficient information to either admit or deny the averment of this paragraph.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

69. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

70. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

71. Denied.  Dr. Feijoo is without sufficient information to either admit or deny the averment of this paragraph.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

72. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

73. Denied.  It is denied that Dr. Feijoo submitted any deceptive, false or misleading information.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

74. Denied.  It is denied that Dr. Feijoo submitted information which did not accurately reflect his services.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

75. Denied as conclusions of law.

76. Denied.  Dr. Feijoo is without sufficient information to either admit or deny the averment of this paragraph.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

77. Denied.  By way of further response, the records submitted by Dr. Feijoo are writing which speak for themselves.

78. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

79. Denied as conclusions of law.

80. Denied.  Dr. Feijoo is without sufficient information to either admit or deny the averment of this paragraph.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

81. Denied as conclusions of law.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

82. Denied.  It is denied that Dr. Feijoo submitted any deceptive, false or misleading information.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

83. Denied.  It is denied that Dr. Feijoo submitted any deceptive, false or misleading information.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

84. Denied as conclusions of law.

85. Denied.  It is specifically denied that State Farm evaluates each claim on its merits.

86. Admitted in part, denied in part.  It is admitted that State Farm reviewed and evaluated all of the documentation submitted by Dr. Feijoo in each claim prior to issuing any payment.  It is denied that Dr. Feijoo submitted any information which was deceptive, false or misleading.

87. This is an incorporation paragraph.

88. Denied as conclusions of law.

89. Denied.  It is denied that Dr. Feijoo submitted any deceptive, false or misleading information.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

90. Denied.

91. Denied.  It is denied that Dr. Feijoo submitted any deceptive, false or misleading information.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

92-101.   Denied as conclusions of law.  By way of further response, is denied that Dr. Feijoo submitted any deceptive, false or misleading information.  By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

   **WHEREFORE**, Defendants Manuel V. Feijooo, M.D., and Manuel V. Feijoo, M.D., P.A., respectfully request judgment in their favor, together with all applicable costs and fees, in accordance with FDUPTA, Fla. Stat. §501.2105, et seq, and Fla. PIP law, Florida Statutes §§ 627.736 and 627.428.

102.    This is an incorporation paragraph.

103. Denied.

104. Denied. State Farm's Exhibit is a writing which speaks for itself.

105. Admitted.

106. Denied. It is denied that any submissions of Dr. Feijoo contained any improprieties.

107. Denied. State Farm's exhibit is a document which speaks for itself.

108. Denied. State Farm's exhibit is a document which speaks for itself.

109. Denied as conclusions of law. By way of further response, is denied that Dr. Feijoo submitted any deceptive, false or misleading information. By way of further response, the submissions of Dr. Feijoo are writing which speak for themselves.

110. Denied.

111. Denied as a conclusion of law.

112. Denied as a conclusion of law.

113. Denied as a conclusion of law.

**WHEREFORE,** Defendants Manuel V. Feijoo, M.D., and Manuel V. Feijoo, M.D., P.A., respectfully request judgment in their favor, together with all applicable costs and fees. in accordance with FDUPTA, Fla. Stat. §501.2105, et seq, and Fla. PIP law, Florida Statutes §§ 627.736 and 627.428.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

All or some of the relief requested in Plaintiff's Amended complaint is barred by the statute of limitations which governs each purported cause of action.

**SECOND AFFIRMATIVE DEFENSE**

9

The Plaintiffs have failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

The relief requested by the Plaintiff should be denied based on the equitable defenses of accord, satisfaction, laches, release, estoppel, statute of frauds, unclean hands and/or waiver.

**FOURTH AFFIRMATIVE DEFENSE**

The defendants have neither breached nor violated any duties owed to the Plaintiff under common law, statute, agreement, or otherwise.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to mitigate their damages, if any, as required by law.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred under the doctrine of Mutual Mistake.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims, if any, are barred because they are not entitled to the remedies sought.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims, if any, are barred because the sole proximate cause of the Plaintiff's alleged damages was something other than the conduct of defendants, or, in the alternative, because the sole proximate cause of Plaintiff's damages was the acts or omissions of some person or entity other than the Defendants, or said damages are not recognized under FDUPTA.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims, if any, are barred because Plaintiff has failed to join necessary and indispensable parties.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Claims, if any, are barred because Defendants made no misrepresentations of any kind.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Claims, if any, are barred because Plaintiff did not rely, justifiably or otherwise, on any representation or submission by Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

The Plaintiff's Claims, if any, are barred because State Farm failed to act as a reasonable consumer under the circumstances.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Claims, if any, are barred because State Farm is not a "Consumer" as contemplated by FDUPTA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Claims, if any, are barred because State Farm under the Voluntary Payment Doctrine;  any payments State Farm made to Dr. Feijoo were made voluntarily, and State Farm failed to avail itself of remedies under Florida's PIP law regarding any disputes, in good faith or otherwise, regarding the classification or necessity of medical treatment and billing.

Defendants may have other affirmative defenses of which they are presently unaware and accordingly, reserve the right to allege additional affirmative defenses upon further investigation and discovery.

## Demand for Jury Trial

Defendants Demand Trial by Jury of all Issues so triable.

## COUNTERCLAIM

Defendants, Manuel V. Feijoo, M.D., and Manuel V. Feijoo, M.D., P.A. ("FEIJOO"), bring the below Counterclaim to the Amended Complaint of State Farm. Defendants incorporate by reference all allegations of Jurisdiction, Venue, and the identities of the Parties.

1. This is an action for damages regarding overdue no-fault benefits as set forth in greater detail below, and for interest on overdue no-fault benefits, interest on late payment of no-fault benefits, and/or failure to pay penalty and postage, all of which is within the jurisdiction of this court pursuant to Fed.R.Civ.Pro. 13.

2. As admitted by STATE FARM and as listed in Ex. "N" to its Amended Complaint, which is incorporated herein by reference, STATE FARM has denied no-fault benefits for lawfully rendered services provided by FEIJOO.

3. At all times material, all of the insurance policies issued by STATE FARM which are applicable to the claims at issue herein were in full force and effect on the dates of loss, and the benefits due and owing under those insurance policies inured to the benefit of FEIJOO via an assignment of benefits executed by the insured patients. FEIJOO is not in possession of the subject insurance policies and is therefore unable to attach a true and correct copy hereto, but STATE FARM is in possession of those insurance policies.

4. Pursuant to the terms of those insurance policies, STATE FARM agreed to pay, in

accordance with the Florida Motor Vehicle No-Fault Law, Florida Statutes section 627.730 *et seq.*, to or for the benefit of the injured person(s), including the claimant and/or insured patient, any medical benefits, disability benefits, and death benefits provided for thereunder.

5. Prior to the initiation of this action, the insured patients assigned their PIP benefits to FEIJOO and authorized the direct payment of PIP medical benefits to FEIJOO.

6. The claimants and/or insured patients identified in Exhibit "N "were each injured during the operation, maintenance or use of a motor vehicle in Miami-Dade County, Florida.

7. Said automobile accidents caused the claimants and/or insured patients, to suffer personal injury and disability, and to incur medical expenses, loss of income, transportation costs, loss of services, loss of earning capacity and/or the inability to work.

8. As a result of the aforesaid accidents, the claimants and/or insured patients received reasonable and necessary medical care and treatment and incurred usual and customary medical expenses all of which were reasonable in terms of the prices charged for the services rendered, and those medical services were related to the accidents and medical necessary.

9. Subsequent thereto, FEIJOO submitted claims for PIP benefits to STATE FARM for payment of the reasonable, related, and medically necessary medical expenses as reflected on Exhibit "N".

10. As of this date, none of the above referenced medical expenses have been paid by the STATE FARM, and they remain due and owing to FEIJOO.

11. Demand was made upon the STATE FARM to pay said benefits pursuant to the subject insurance policy, as well as Florida law. FEIJOO and the insured patients have otherwise

complied with all contractual and statutory conditions precedent to bringing this action and to recover PIP benefits under the subject insurance policy, including but not limited to reporting the accident in a timely manner; lawfully submitting properly completed health insurance claim forms for medical treatment and services in a timely and lawful manner for medical care which was reasonable, related, and medically necessary, and FEIJOO properly submitted an appropriate pre-suit notice of intent to initiate litigation.

14. As admitted by its own corporate designee, STATE FARM has wrongfully and illegally denied payments to FEIJOO as part of a larger strategy to gain "leverage" against FEIJOO in negotiating a reduction in amounts otherwise lawfully owed.

15. FEIJOO is entitled to prevailing party attorney's fees, costs, and statutory interest pursuant to Florida Statutes §§ 627.736 and 627.428.

## COUNT I - BREACH OF CONTRACT

FEIJOO re-alleges the allegations contained in paragraphs 1-15 as set forth above, and further allege as follows:

16. FEIJOO, as the assignee of the insured patients' Personal Injury Protection insurance policy benefits, is entitled to all of the rights and benefits available under the subject insurance policies, which the claimants are/were entitled to receive from STATE FARM.

17. However, STATE FARM has refused and continues to refuse to pay the usual, customary, and reasonable medical expenses (including statutory interest) for the medical care which FEIJOO provided to STATE FARM's insured policy holders, all of which was necessitated by the automobile accidents that gave rise to the injuries sustained by the insured patients.

STATE FARM has failed to obtain reasonable proof demonstrating that it is not responsible for payment of the subject medical expenses.

18. The subject insurance contracts, as well as Florida law, require STATE FARM to remit payment for all reasonable and necessary medical expenses within 30 days from the date STATE FARM received notice of the fact of the loss and amount of same.

19. STATE FARM breached each and every one of the subject insurance contracts when it failed or otherwise refused to remit payment for the medical expenses which were reasonable, related to the accident and medically necessary.  As a result of STATE FARM'S failure and/or refusal to pay the aforesaid PIP benefits due and owing, FEIJOO has been damaged to the extent of the outstanding and unpaid medical bills.

**WHEREFORE**, FEIJOO demands judgment against STATE FARM for the amount of all unpaid medical bills set forth in Exhibit "N" to STATE FARM'S Amended Complaint, together with statutory interest, pre-judgment interest, attorney's fees, & costs.  FEIJOO further seeks any and all other relief that this Court deems proper.

### Demand for Jury Trial

Defendants Demand Trial by Jury of all Issues so triable.

                      RESPECTFULLY SUBMITTED,

                      **THE PIVNIK LAW FIRM**
                      7700 N. Kendal Drive, Suite 703
                      Miami, FL 33156
                      Tel: 305-670-0095
                      Email:Pivniklaw@aol.com
                              Cdiezpivniklaw@aol.com
                      By: /s/ Jerome A. Pivnik
                      Jerome A. Pivnik, Esq.
                      Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com
(*pro hac vice*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 1, 2019**, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon the following in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing: **Kenneth P. Hazouri, Esq.**, and **Andrew S. Ballentine, Esq**., deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP, 332 N. Magnolia Ave., Orlando, FL 32801, **Bart Valdes, Esq**. deBeaubien, Simmons, Knight, etc., LLP, 609 West Horatio St., Tampa, Florida 33606; bvaldes@dsklawgroup.com. Khazouri@dsklawgroup.com, ABallentine@dsklawgroup.com, Lquesada@dsklawgroup.com, Lmorales@dsklawgroup.com,

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
Cdiezpivniklaw@aol.com
By: */s/ Jerome A. Pivnik*
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email: kbsservice@schurrlaw.com