UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING
IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual" or "Plaintiff"), by counsel and pursuant to Federal Rule of Civil Procedure 54(b) and the Court's inherent authority to reconsider its interlocutory orders, respectfully requests the Court to reconsider its June 3, 2019, Order on Defendants' Motion to Dismiss [ECF No. 56] (the "Order") and clarify certain portions of it concerning the application of Federal Rule of Civil Procedure ("Rule 9(b)")  to State Farm Mutual's claim for relief under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In support of this motion, Plaintiff states as follows:

**I.      PRELIMINARY STATEMENT**

The Order rules that Rule 9(b) requires State Farm Mutual to plead its FDUTPA claim for damages with specificity because it sounds in fraud. The Order then dismisses State Farm Mutual's FDUTPA claim based on its conclusion that State Farm Mutual failed to specifically allege how it relied upon or was misled by Defendants' use of misleading CPT codes in bills submitted to State

Farm Mutual for payment.[1] *See* Order at 8-9. However, neither detrimental reliance nor subjective proof of deception are elements of a FDUTPA claim under Florida law. This motion, therefore, involves a significant legal question that State Farm Mutual respectfully submits necessitates review and correction by this Court.

On this particular point, the Order departs from existing authority and, through application of Rule 9(b), imposes new pleading requirements on FDUTPA claims sounding in fraud that are not recognized as part of a FDUTPA claim by Florida courts. It is, therefore, important to correct the Order for the sake of this Court's FDUTPA jurisprudence. If the Order is not revised to make it consistent with the authorities holding that reliance and subjective deception are not elements of a FDUTPA claim -- including multiple decisions from this Court -- courts and litigants in future cases will be left trying to reconcile the contradictory rulings, and some courts will inevitably reach the incorrect conclusion suggested by the Order. Granting this motion and correcting the Order with respect to this specific element of Plaintiff's FDUTPA claim is, therefore, both warranted and crucial.

## II.     THE ORDER AND RELEVANT BACKGROUND[2]

In the Order, the Court concluded that "State Farm's FDUTPA claim is based upon a unified course of fraudulent conduct by Defendants in purposefully submitting 1,732 false or misleading claims for reimbursement." Order, p. 6. Thus, the Court found the allegations in the Complaint "amount to, at the very least, averments of fraud. . . . [which] must therefore meet the

---

[1] The dismissal was without prejudice and granted State Farm Mutual leave to amend. State Farm Mutual filed its Amended Complaint [ECF No. 60] on June 16, 2019, and Defendants filed an Answer and Affirmative Defenses to the Amended Complaint on July 1, 2019. [ECF No. 74]

[2] For a recitation of the relevant facts of this case, State Farm Mutual refers the Court to its Response in Opposition to Defendants' Motion to Dismiss [ECF No. 26] at 1-3.

particularity requirements of Rule 9(b)." *Id.* In this regard, the Order sets forth the following requirements for compliance with Rule 9(b):

> Rule 9(b) is only satisfied if the complaint sets forth the content of any inaccurate statements or omissions and <u>the manner in which these statements or omissions misled the plaintiff.</u> . . . Mere <u>attestations of reliance</u> upon material misrepresentations are not enough; a plaintiff must "specify the content or manner" in which those representations <u>misled the plaintiff.</u>

*Id.* at 7 (emphasis added; citations and quotations omitted).

Applying this standard, the Court then concluded that State Farm Mutual's original Complaint failed to meet the pleading requirements of Rule 9(b). *See id.* at 8-9. As the Court determined:

> Here, State Farm alleges that it was misled by "deceptive CPT codes" submitted by Defendants without ever explaining how or why it was deceived by any specific claim or CPT code. *See Samet v. Procter & Gamble Co.*, No. 5:12–CV–01891 PSG., 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013) (holding that Rule 9(b) plaintiffs must plead "in detail" how they were misled and "offer more than their legal conclusion[s]" in support of any such allegation). For example, State Farm alleges that Defendants reported at least 790 separate charges for CPT code 95981– the Range of Motion procedure–when the Clinic "had not performed any procedure that is and properly reported as CPT code 95981." Compl. ¶ 19(a). However, this allegation–along with similarly worded allegations underlying the four other CPT codes at issue–does not <u>explain how State Farm relied upon, or was misled by,</u> Defendants' reporting of CPT code 95981. Nor does State Farm explain how any CPT code "induced" it into reimbursing any claim at issue. See Performance, 278 F. Supp. 3d at 1322 (holding that State Farm satisfied the "manner" prong **by** <u>explaining how it detrimentally relied</u> upon the defendants' misrepresentations)[.]
> . . .

*Id.* at 8 (emphasis added). Based on the foregoing reasoning, the Order dismissed State Farm Mutual's FDUTPA claim for relief, without prejudice, for failure "to detail with 'requisite particularity'" the precise manner in which State Farm Mutual was misled by the claims or CPT codes submitted by Defendants. *Id.* at 9. The Court gave State Farm Mutual fourteen (14) days to amend its pleading, which it has done. [ECF No. 60]

Almost immediately after the Order was entered, Defendants' counsel contacted the

undersigned to demand immediate production of certain documents Defendants unsuccessfully sought from State Farm Mutual during discovery based upon the very language of the Order which necessitates this motion. *See* [ECF No. 51] (paperless order denying Defendants' Motion to Compel production of State Farm Mutual's "2011 Project File"). Defendants' counsel based his renewed request on the Order, and when the undersigned declined to agree, Defendants moved to extend the discovery cut-off to allow them time to set a hearing to re-litigate the Court's prior order denying Defendants' Motion to Compel. *See* [ECF No. 58] ("Motion to Extend"), ¶16 ("In light of Judge Moore's holding that the manner in which State Farm was actually misled by any bill of the Defendants is of paramount relevance in this case[.] . . .); *see also id.* at ¶¶15, 25-28.

## III.   ARGUMENT

As set forth below, there is no requirement to plead and prove subjective deception—that is, whether and how the plaintiff was misled—to properly assert a FDUTPA claim. Respectfully, the Court's ruling to the contrary constitutes clear error under the circumstances. Reconsideration of the Order is, therefore, necessary to clarify that the elements of a FDUTPA claim are not altered by application of Rule 9(b) and to prevent manifest injustice in this action.

### A.   Legal Standards Applicable to Motions for Reconsideration

Courts have inherent authority to reconsider their non-final orders, and Federal Rule of Civil Procedure 54(b) also authorizes courts to revise them "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. of Civ. P. 54(b); *see also Hollander v. Wolf*, No. 09-80587-CIV—RYSKAMP/VITUNAC, 2009 WL 10667896 at *1 (S.D. Fla. Nov. 17, 2009)(explaining courts' inherent authority, and authority under Rule 54(b), to reconsider and revise non-final orders). A movant must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision." *Miccosukee Tribe of Indians of Fla. v. United States,* 680 F. Supp. 2d 1308, 1312 (S.D. Fla. 2010) (citation omitted); *Burger King Corp.*, 181 F. Supp. 2d at 1369 (citation omitted); *James River Ins. Co. v. Fortress Sys., LLC*, No. 11-60558-CIV, 2012 WL 6738534, at *3 (S.D. Fla. Dec. 31, 2012). There are three independent grounds justifying a court's reconsideration of a non-final order: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Miccosukee Tribe,* 680 F. Supp. 2d at 1312 (citation omitted); *Burger King Corp*, 181 F. Supp. 2d at 1369 (citation omitted). As explained in the following section, this motion is based on the need for the Court to correct a clear error in its Order.

> **B. The Court Should Reconsider and Revise its Order Because Its Ruling that State Farm Mutual Must Allege Reliance and/or Subjective Deception as an Element of its FDUTPA Claim is Clearly Erroneous under the Governing Law.**

State Farm Mutual does not contest the Court's ruling that it was required to plead its FDUTPA claim with particularity sufficient to satisfy Rule 9(b). Rather, it is the manner in which the Court applied Rule 9(b) to State Farm Mutual's FDUTPA claim that gives rise to this request for reconsideration. The Order ruled that because Rule 9(b) applied to State Farm Mutual's FDUTPA claim for damages, State Farm Mutual was required to allege specific facts showing "the precise manner in which [it] was misled"—in other words, subjective deception and actual reliance. Order at 9. As explained below, the Order's requirement that State Farm Mutual must allege these two additional elements with particularity to satisfy Rule 9(b) is contrary to Florida law and clearly erroneous.

It is well-settled that a FDUTPA claim has three essential elements: "(1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1300 (S.D. Fla. 2018).

"To satisfy the first element, the plaintiff must show that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983-84 (11th Cir. 2016) (internal quotation omitted). Thus, for a FDUTPA claim, "the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000) (emphasis added). Accordingly, "this standard does not require subjective evidence of reliance, as would be the case with a common law action for fraud." *Id.* (emphasis added); *see also State, Office of Attorney Gen., Dep't of Legal Affairs v. Commerce Commercial Leasing, LLC,* 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007) ("A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."); *State, Office of Attorney Gen., Dep't of Legal Affairs v. Wyndham Int'l, Inc.,* 869 So. 2d 592, 598 (Fla. 1st DCA 2004) (same); *Latman v. Costa Cruise Lines, N.V.,* 758 So. 2d 699, 703 (Fla. 3d DCA 2000) (finding that members of class under FDUTPA need not prove individual reliance on the alleged representation).

As the Eleventh Circuit has recognized, to prove the causation element of a FDUTPA claim, "a plaintiff need not prove reliance on the allegedly false statement . . . but rather a plaintiff must simply prove that an objectively reasonable person would have been deceived." *Fitzpatrick v. Gen. Mills, Inc.,* 635 F.3d 1279, 1283 (11th Cir. 2011) (emphasis added); *see also Carriuolo*, 823 F.3d at 986 (explaining, in context of motion for class certification, that causation and damages on a FDUTPA claim were amenable to class-wide resolution because the injury is not determined by the plaintiffs' subjective reliance on the alleged inaccuracy); *Democratic Republic of the Congo*

6

*v. Air Capital Grp., LLC*, 614 F. App'x 460, 471 & n.7. (11th Cir. 2015) (FDUTPA does not require "subjective proof of deception"). Under Florida law, therefore, an objective test is employed in determining whether a particular practice was likely to deceive a consumer acting reasonably under the circumstances. *See PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003); *Davis*, 776 So. 2d at 974; *see also State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1316 (S.D. Fla. 2017) (recognizing Florida has adopted an objective standard for measuring deception under FDUTPA). Consequently, there is no requirement to plead and prove subjective deception—that is, whether and how the plaintiff was misled—to properly assert a FDUTPA claim.

The crux of the issue presented by this Motion is that the "misled prong" of the pleading standard cited in the Order for Rule 9(b) is at odds with the requirements of a FDUTPA claim under Florida law. Specifically, the Order indicates that Rule 9(b) requires, *inter alia*, the complaint to specifically state not only the content of the false or misleading statements but also "the manner in which [such statements] misled the plaintiff[.]" Order at 7 (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)); *see also Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (applying Rule 9(b) standard to securities fraud claim). The Court explained that this standard requires plaintiffs to "plead 'in detail' how they were misled and offer more than their legal conclusion[s]" in support of their allegations. Order at 8 (citing *Samet v. Procter & Gamble Co.*, 5:12-CV-01891 PSG, 2013 WL 3124647, at *8 (N.D. Cal. June 18, 2013)). But *Samet* is particularly inapposite here.

In that case, the district court considered whether the plaintiff's complaint alleging California state law claims for relief under California's consumer protection and unfair competition statutes complied with Rule 9(b)'s pleading requirements. *See Samet*, 2013 WL

7

3124647, at *7-8.  However, unlike a claim for relief under FDUTPA, "[t]o state a claim under each of these statutes, the plaintiff must show that a reasonable consumer would be deceived by the packaging <u>and that plaintiff actually relied on the packaging and was deceived</u>." *Id.* (emphasis added).  Simply put, the elements for the subject cause of action in *Samet* differ from the elements required to prove a FDUTPA violation.   It makes perfect sense that Rule 9(b) would require a plaintiff to "offer more than . . . legal conclusion[s]" and allege in detail how she was "actually misled" where the elements of plaintiff's claim for relief require a showing of actual reliance and subjective deception. *Id.*; Order at 8 (quoting *Samet*).

The same cannot be said where the claim for relief has no reliance component.  Thus, the issue with the Order's application of the "misled prong" under Rule 9(b) in the context of FDUTPA claims is it requires the plaintiff to allege with specificity something that is not actually part of any element of the claim for relief, as the cases cited above discussing the elements of a FDUTPA claim make clear.  The Court's application of the "misled prong" of Rule 9(b) also runs contrary to the approach taken by the Eleventh Circuit that a plaintiff is only required "to plead and support <u>every essential element</u> of his complaint with particularity under Rule 9(b) . . . ." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.23 (11th Cir. 2002) (emphasis added).  This requirement, however, "does not add new elements" to a plaintiff's claim for relief. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006).  Thus, because actual reliance is not an element of State Farm Mutual's FDUTPA claim for relief, it was error for the Court to hold that State Farm Mutual was required to plead with particularity how it relied upon and was misled by Defendants' deceptive and misleading CPT codes. *See* Order at 8-9.

**IV.    CONCLUSION**

For the foregoing reasons, State Farm Mutual respectfully requests the Court to reconsider

8

and clarify its June 3, 2019 Order with respect to this specific element of State Farm Mutual's FDUTPA claim.

## V. CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that he has conferred with Defendants' counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Dated: July 1, 2019

Respectfully submitted,

/s/ *Kenneth P. Hazouri*
Kenneth P. Hazouri (Fla. Bar No. 019800)
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
Andrew S. Ballentine (Fla. Bar No. 118075)
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
deBeaubien, Simmons, Knight,
 Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

*Attorneys for Plaintiff*