UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STATE FARM MUTUAL AUTOMOBILE      Case No.: 18-CV-23329-RAR
INSURANCE COMPANY, an Illinois Corporation

       Plaintiff,

v.

MANUEL V. FEIJOO, MANUEL V. FEIJOO, M.D.,
P.A., a Florida Professional Association

       Defendants
_____/

**DEFENDANTS' OPPOSITION TO STATE FARM'S MOTION FOR ORDER ESTABLISHING FACTS FOR TRIAL AND PROHIBITING DEFENDANTS FROM RAISING DEFENSES AT TRIAL**

Defendants, MANUEL V. FEIJOO, and MANUEL V. FEIJOO, M.D., P.A., respond to State Farm's Motion for Order Establishing Facts for Trial and Prohibiting Defendants from Raising Defenses at Trial, etc. [D.E. 70] and state:

Dr. Feijoo and his clinic did not violate any discovery order. Defendants cannot produce what they do not have. Out of the approximately 548 patient files encompassed in State Farm's Request to Produce - going back four years prior to the filing of the law suit - Defendants produced 507 patient files, and advised Plaintiff's counsel that they could not locate the remaining files, after having made a diligent search. See Exhibit 1, Declaration of Anielka Castillo.

Dr. Feijoo has a small office staff: himself, his office manager, and a couple of staff. Dr. Feijoo only has paper files. The office staff searched every file cabinet, every closed patient file, and every box in the storage facility, by patient name, or reference number. Despite the diligent search, 41 patient files were unable to be located.

State Farm, at page 3 of its motion, references the transcript of the January 25, 2019 hearing before Magistrate Becerra, and claims it attached that transcript as Exhibit A.  In fact, it attached the transcript of the April 23, 2019, hearing regarding Feijoo's motion to compel State Farm to produce portions of its 2011-Project File.  Had State Farm attached the correct transcript, it will show that Magistrate Becerra foresaw that it was possible Dr. Feijoo would not be able to locate every single patient file that is the subject of this law-suit.  (The transcript is part of the Court file - at DE 59, filed 6/13/19).

Nonetheless, State Farm notes that it agreed to allow Dr. Feijoo to comply in rolling responses, just as Dr. Feijoo reciprocated and allowed State Farm several months to comply.

State Farm did not advise Defendants' counsel about missing files until April 30, 2019, and at that time claimed that 109 files were missing.  See Exhibit 2, Declaration of Jerome Pivnik.  On the same day, Defendants began cross-checking the productions, and asked State Farm to provide an alphabetized list of patient files that they claimed were missing.  Id.  As documented by the emails, State Farm conceded that the 109-figure was overstated and that they did have some files.  After the Plaintiff provided the list, Defendants were able to make a second diligent search, and located and produced by June all but 41 of the patient files.  Id.

Additionally, State Farm's characterization that Dr. Feijoo acted "without urgency" in completing discovery is the pot calling the kettle black.  Dr. Feijoo, his staff and his defense team worked diligently to produce all files both before and after State Farm raised an issue about missing files on April 30.  They repeatedly engaged with State Farm's counsel to request information to help locate files.  After State Farm's counsel provided the information and conceded that they were wrong and some files had been produced, Defendants were able to locate more patient files and reduce the

number of missing files from 109 to 41.  And as has been pointed out, State Farm produced its responses in 17 rolling responses the last of which was right on the last day of the discovery cut-off[1].

After State Farm filed its above-referenced motion on June 28, 2019, the office made not just a diligent search, but an *extraordinary* search. 15 of the missing 41 files were located after a time-consuming search undertaken by the entire staff where they methodically went from box to box, cabinet to cabinet, drawer to drawer, and scoured the storage facility.

However, this extraordinary additional search failed to locate any of the other missing 26 patient files.  They were not destroyed since the filing of this suit.  In fact, Defendants have not destroyed *any* patient files since the filing of this suit. The missing 26 files simply cannot be located, and are lost or were inadvertently destroyed <u>before</u> the subject suit was filed.

The 15 patient files just located are now being scanned and after a review by counsel will be produced to State Farm within the next 72 hours.

As to the remaining 26 patient files, State Farm was provided with every single bill and all supporting medical records prior to the initiation of this action, including Feijoo's typewritten report summarizing his evaluations.   So, State Farm always had records for the subject patients, i.e., the bills and type-written reports, and is only missing patient intake sheets and Dr. Feijoo's hand-written notes, as those items generally were not provided to carriers when they were billed.  State Farm fails

---

[1] Defendants served State Farm with Requests for Production of Documents on January 8, 2019.  State Farm did not even begin producing documents in response to Defendants' Requests until March 8, 2019. State Farm commenced its "slow roll" of sporadic document production, producing tens of thousands of pages of documents in arbitrary and frequently redundant "installments" from March 8 through June 20. In all, State Farm has made 17 separate productions of documents in response to Defendants original document requests the last of which was on the final day of the discovery cut-off, June 20.

to explain how those missing documents have any probative value in this case such that Plaintiff has been prejudiced here.

The Plaintiff has not been prejudiced by the missing files, as demonstrated by the fact that it moved for summary judgment as to every bill it sued for, including the missing patient files. See State Farm's Motion for Summary Judgment and Response to SOF, ¶13, [Doc. 71-1, pp. 101-103; Doc. 72-1, p.5, ¶ 16]; [Doc. 66-8, pp. 24-26]. State Farm's own expert was able to opine even without the missing files. In his affidavit, filed as Exhibit B to State Farm's SOF, [DE 72-2] Dr. Jacobs states:

> For 41 of the patients whose treatment is at issue in the Subject Claims, I have only been provided with copies of the medical bills the Clinic submitted to State Farm Mutual and typed reports of Dr. Feijoo's patient evaluations, which I understand the Clinic submitted to State Farm Mutual along with its bills. My understanding of the reason that I have not been provided with the Clinic's complete medical charts for these 41 patients is because the Clinic and Dr. Feijoo have not produced them to State Farm Mutual in the above-styled lawsuit. My opinions regarding the Clinic's use of the CPT code charges in these 41 cases are, therefore, based on the best information currently available to me. In this regard, the bills and the typewritten reports in these 41 partial sets of records are similar to, and follow the same format, as the bill and typed reports in the Clinic's complete medical charts that I received and have reviewed for the 41 patients, as described in the preceding paragraph.

Jacob affidavit, DE 72-2.

Moreover, the same four or five CPT codes apply for these 26 patients, and State Farm has the testimony of Dr. Feijoo and Ms. Castillo that the same billing practices and procedures were used for all patients, i.e, range of motion studies, X-ray reviews, and State Farm was aware of these practices since 2012, as set forth in Defendants' Summary Judgment Motion and Statement of Facts.

Dr. Feijoo and his professional association did not willfully violate any discovery order and they produced every responsive document they had.

4

## **MEMORANDUM OF LAW**

Defendants have not violated any discovery order; they produced all responsive records that they have. Plaintiff is essentially seeking sanctions for spoliation - based on nothing. Spoliation is the intentional destruction of evidence or the significant and meaningful alteration of a document or instrument. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir.2003). The imposition of sanctions for spoliation is only appropriate when there is evidence of bad faith. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir.2005).

Mere negligence in losing or destroying records is not enough for an adverse inference instruction. *Bashir v. AMTRAK*, 119 F.3d 929, 931 (11th Cir.1997); *Smith v. Bank of America N.A.*, 2014 W.L. 897032 (M.D. Fla. 2014). See also, *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F.Supp. 2d 1317, 1332 (S.D. Fla. 2010)(denying motion for sanctions regarding missing emails, etc.).

State Farm's motion is without merit and is made in bad faith.

WHEREFORE, Defendants oppose Plaintiff's motion, and ask that attorney's fees, in accordance with Rule 37, be taxed against the Plaintiff for responding to this motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **July 12, 2019**, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon the following in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing: **Kenneth P. Hazouri, Esq.**, **Andrew S. Ballentine, Esq**., deBeaubien, Simmons, Knight, Mantzaris, Neal, LLP, 332 N. Magnolia Ave., Orlando, FL 32801 and **Bart R. Valdes**, **Esq.**, de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP, 609 W. Horatio St., Tampa, FL 33606. Khazouri@dsklawgroup.com ABallentine@dsklawgroup.com   Lquesada@dsklawgroup.com   Lmorales@dsklawgroup.com bvaldes@dsklawgroup.com

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
Cdiezpivniklaw@aol.com

By: */s/ Jerome A. Pivnik*
    Jerome A. Pivnik, Esq.
    Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email: kbsservice@schurrlaw.com