UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,
v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS LIMITED MOTION FOR
RECONSIDERATION OF ORDER GRANTING
IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This reply brief is respectfully submitted on behalf of Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm Mutual"), in further support of its request for reconsideration of this Court's June 3, 2019 Order [ECF No. 56] (the "Order"), which partially granted Defendants' Motion to Dismiss the original Complaint in this action.[1]

**I.    PRELIMINARY STATEMENT**

The Motion seeks reconsideration of the Order on a very limited basis, to clarify certain portions of the Order concerning the application of Rule 9(b) to State Farm Mutual's claim for relief under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In applying the heightened Rule 9(b) pleading standard to State Farm Mutual's FDUTPA claim (which the Court

---

[1] All capitalized terms shall have the same meanings as described in State Farm Mutual's Motion for Reconsideration [ECF No. 75] (the "Motion").

determined "sounded in fraud"), the Order appears to incorrectly inject an element of reliance into this FDUTPA action, *i.e.*, "how State Farm relied upon, or was misled by," Defendants' use of certain CPT codes in the bills Defendants submitted to State Farm Mutual for payment. Order at 8. The addition of this new element to a FDUTPA claim that "sounds in fraud" is unsupported by Florida law and thus, constitutes clear error.

In their Response to the Motion [ECF No. 82], Defendants fail to refute or distinguish any of the case law cited by State Farm Mutual in support of the Motion. Defendants merely rely on the Order in support of its general argument that Rule 9(b) is applicable to all elements of a FDUTPA claim that sounds in fraud. But as the Motion amply demonstrates, Florida law does not require a FDUTPA plaintiff to allege it was deceived by or actually relied on the defendant's misrepresentation or omission (as must be shown for a claim for common law fraud). This point remains unrefuted.

Defendants' procedural argument also lacks merit. State Farm Mutual's filing of its Amended Complaint does not impair its right to ask the Court to reconsider a ruling in the Order, or the Court's authority to grant this request and revise or clarify the errant ruling. Defendants' claim that State Farm Mutual is using the Motion as a vehicle to impermissibly reiterate arguments raised at the motion to dismiss stage also fails. *See* Resp. at 2.  State Farm Mutual's Motion clearly demonstrates that the legal standard necessary to justify reconsideration has been satisfied. *See* Mot. at 4-5.

For the foregoing reasons, and for those set forth more fully below, State Farm Mutual's request for reconsideration should be granted.

## II.     DEFENDANTS HAVE FAILED TO ADDRESS THE ARGUMENTS IN STATE FARM MUTUAL'S MOTION FOR RECONSIDERATION

The Motion contends that it was clear error to require a party pleading a FDUTPA claim to allege "the precise manner in which it was misled" under Rule 9(b) as this requirement runs contrary to Florida law. Mot. at 5-8; Order at 9. Recognizing that their argument in opposition lacks legal authority, Defendants rely on the Order itself, devoting half of the opposition brief to discussing the general applicability of Rule 9(b) to all claims sounding in fraud without specifically addressing the elements of a FDUTPA claim. Resp. at 3-4.

Florida law is clear that a deceptive trade practice claim is distinguishable from a common law fraud claim in that a pleading party need only prove that an objectively reasonable person would have been deceived (rather than subjective reliance) in order to allege a claim for relief. Mot. at 5-7 (citing *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000) ("the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances . . . this standard does not require subjective evidence of reliance, as would be the case with a common law action for fraud."); *State, Office of Attorney Gen., Dep't of Legal Affairs v. Commerce Commercial Leasing, LLC,* 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007) ("A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."); *Fitzpatrick v. Gen. Mills, Inc.,* 635 F.3d 1279, 1283 (11th Cir. 2011) ("a plaintiff need not prove reliance on the allegedly false statement . . . but rather a plaintiff must simply prove that an objectively reasonable person would have been deceived."); *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 986 (11th Cir. 2016)

(explaining, in context of motion for class certification, that causation and damages on a FDUTPA claim were amenable to class-wide resolution because the injury is not determined by the plaintiffs' subjective reliance on the alleged inaccuracy); *Democratic Republic of the Congo v. Air Cap. Grp., LLC*, 614 F. App'x 460, 471 & n.7. (11th Cir. 2015) (no "subjective proof of deception" necessary for FDUTPA claim)).

Defendants do not address, let alone distinguish, any of these cases. Instead, in support of their argument, Defendants cite *Center for Individual Rights v. Chevaldina* as authority for the general proposition that this Court may apply Rule 9(b) to a FDUTPA claim when the allegations of the claim are based on fraud. Resp. at 3-4. However, *Chevaldina* is inapposite as it does not involve a FDUTPA claim but rather a breach of fiduciary duty claim. 2018 WL 1795470, at *7 (S.D. Fla. Feb. 21, 2018). Even accepting *Chevaldina's* broader point that Rule 9(b)'s heightened pleading standard applies to a FDUTPA claim if the underlying factual allegations include averments of fraud, Defendants completely ignore 1) the controlling precedent that the application of Rule 9(b) does not introduce or add new elements (such as actual reliance) to a plaintiff's claim for relief and 2) the case law establishing the elements of a FDUTPA claim. Mot. at 7-8. Simply, Rule 9(b) may impose a heightened pleading requirement but it does not impose a substantively new element to a FDUTPA claim that is not required under Florida law.

### III. APPLICABLE LAW DICTATES THAT STATE FARM MUTUAL'S MOTION FOR RECONSIDERATION IS RIPE FOR REVIEW BY THIS COURT

In their Response, Defendants contend the Court cannot properly reconsider the Order because State Farm Mutual's Amended Complaint and Defendants' Answer thereto render the Motion moot. *See* Resp. at 1-2. This position is incorrect. The Court is fully authorized to reconsider and revise the Order at any time before entry of a final judgment in this action. *E.g.*, *Hollander v. Wolf*, No. 09-80587-CIV—RYSKAMP/VITUNAC, 2009 WL 10667896 at *1 (S.D.

4

Fla. Nov. 17, 2009). In fact, a plaintiff is not even barred from appealing a dismissal order by filing an amended complaint after a dismissal with leave to amend. *Varnes v. Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1367 (11th Cir. 1982); *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1238 (5th Cir. 1978),[2] *vacated on other grounds*, 444 U.S. 959 (1979). "A rule that a party waives all objections to the court's dismissal if the party elects to amend is too mechanical. . . . Without more, the action of the amending party should not result in completely denying the right to appeal the court's ruling." 6 Charles Alan Wright *et al.*, Federal Practice & Procedure § 1476 (3d ed. 2010). If a plaintiff is authorized to appeal a dismissal order after filing an amended complaint, it is also clearly authorized to ask the trial court to reconsider its order after doing so.

Defendants do not address the applicability of this legal principle in their Response. Instead, Defendants seize on a single phrase in State Farm Mutual's Motion regarding the errant ruling's potential effect on future cases to support their incorrect argument that State Farm Mutual is seeking an advisory opinion. Resp. at 1-2. State Farm Mutual is not seeking an advisory opinion on a hypothetical set of facts. On the contrary, State Farm Mutual is asking the Court to reconsider a specific portion of its Order entered in this case. By definition, an advisory opinion does not have the effect of adjudicating an issue in a specific case. *See, e.g., Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (advisory opinion is one that asks the court to say "what the law would be upon a hypothetical state of facts."). The relief sought by State Farm Mutual is not hypothetical—it concerns an order entered in this case that directly implicates the legal elements of State Farm Mutual's claim and the corresponding evidence that must be proved at trial.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Paradoxically, Defendants characterize the relief sought by State Farm Mutual in the Motion as "entirely advisory in nature" while simultaneously relying on the very language of the Order regarding reliance with which the Motion takes issue to advance a renewed bid to compel State Farm Mutual to produce previously denied discovery.  *See* [ECF Nos. 58, 78, 81]; Mot. at 3-4.  Defendants' suggestion that the Motion seeks only hypothetical relief simply cannot be reconciled with Defendants' efforts to re-litigate the Court's prior denial of their Motion to Compel "[i]n light of Judge Moore's holding [in the Order] that the manner in which State Farm was actually misled by any bill of the Defendants is of paramount relevance in this case[.]" [ECF No. 58] at 4.  Defendants' argument is contradicted by their own conduct and is unsupported by applicable authority.

### III.   CONCLUSION

Based on the foregoing, as well as those arguments set for in its Motion, State Farm Mutual respectively requests that this Court grant its Motion for Reconsideration and clarify its June 3, 2019 Order with respect to the application of Rule 9(b) to  State Farm Mutual's FDUTPA claim to make clear that, because neither detrimental reliance nor actual deception are elements of a FDUTPA claim, State Farm Mutual was not required to allege with particularity the precise manner in which it was misled by Defendants' statements in order to satisfy Rule 9(b).

Dated:  July 18, 2019

Respectfully submitted,

/s/ *Kenneth P. Hazouri*
Kenneth P. Hazouri (Fla. Bar No. 019800)
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
Andrew S. Ballentine (Fla. Bar No. 118075)
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
deBeaubien, Simmons, Knight,
 Mantzaris and Neal, LLP
332 North Magnolia Avenue

Orlando, Florida 32801
Telephone: (407) 422-2454

*Attorneys for Plaintiff*