# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 1:18-cv-23329

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

      Defendants.

_____/


## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KENNETH P. HAZOURI
Trial Counsel
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

BART R. VALDES
Florida Bar Number: 323380
bvaldes@dsklawgroup.com
DSK LAW GROUP
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
609 West Horatio Street
Tamp a, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
Attorneys for Plaintiff

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Plaintiff"), hereby files this Reply to Defendants, MANUEL V. FEIJOO, M.D., P.A. (the "Clinic"), and MANUEL V. FEIJOO's ("Feijoo") (collectively "Defendants"), Response to Plaintiff's Motion for Summary Judgment ("Response") [Doc. 79] and states as follows:

I.      THE *CPT ASSISTANT* ARTICLES IN EVIDENCE ESTABLISH THAT THE CLINIC'S BILLS VIOLATE FLORIDA STATUTE § 627.736(5)(d), AND MR. MISCOE'S TESTIMONY ON THIS ISSUE IS AN INVALID OPINION REGARDING THIS STATUTE'S INTERPRETATION.

Sections II.A. and III.A. of Defendants' Response argue there are disputed factual issues regarding whether the Clinic's medical bills comply with the AMA's CPT as mandated by Florida Statute § 627.736(5)(d) ("§ 627.736(5)(d)"). [Doc. 79, pp. 2-8, 11-13] Defendants assert that the "only basis" for Plaintiff's Motion for Summary Judgment is the affidavit of its expert, Patrick Jacob, M.D. [Doc. 79, p. 11] They then argue their coding expert, Michael Miscoe, disputes Dr. Jacob's opinions on whether the Clinic's reporting of CPT codes 71640 and 95851 in its medical bills complies with the AMA's CPT and § 627.736(5)(d).[1] [Doc. 76, p. 11-12]

In addition to Dr. Jacob's affidavit, however, Plaintiff has filed articles from the AMA's *CPT Assistant* explaining the proper use of CPT codes 76140 and 95851. [Doc. 72-2, pp. 116-18, 158] These articles are standalone evidence, and they establish beyond any legitimate factual dispute that the Clinic's use of CPT codes 71640 and 95851 violates the AMA's CPT and § 627.736(5)(d).

Importantly, neither Defendants nor Mr. Miscoe assert the Clinic's reporting of CPT codes 71640 and 95851 complied with the AMA's CPT under guidance set forth in the *CPT Assistant*

---

[1] In addition to filing Mr. Miscoe's Declaration, Defendants have also filed his expert report, which is inadmissible hearsay. *E.g.*, *Johnson v. Borders*, No. 6:15-cv-936-Orl-40DCI, 2018 WL 4215027 at *1 (M.D. Fla. Sept. 4, 2018)(citing *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12–20322–CIV, 2013 WL 8695361, at *2 (S.D. Fla. Apr. 4, 2013)).

articles Plaintiff has filed in evidence. Instead, their position is that § 627.735(5)(d) prohibits the Court's consideration of those articles. If the Court rules otherwise and considers them, then Plaintiff is entitled to a summary judgment ruling that Defendants' bills reporting CPT codes 95851 or 76140 (*i.e.*, all of them) do not comply with the AMA's CPT and, therefore, violate § 627.736(5)(d).

Defendants' futile attempt to avoid this result begins with a cleverly worded statement asserting that Mr. Miscoe "explains how every one of Dr. Feijoo's bills adhered to the CPT requirements <u>actually recognized by Florida Statute § 627.736(5)(d).</u>" [Doc. 79, p. 2; e.s.] This sounds emphatic. Defendants do not, however, immediately explain the meaning of their qualifying phrase "CPT requirements actually recognized by" § 627.736(5)(d). One has to read through pages of material before arriving at the explanation. Citing Paragraphs 24 and 25 of Mr. Miscoe's Declaration, Plaintiff's assert that the "legislature chose not to incorporate" the *CPT Assistant* into § 627.736(5)(d) as a reference for determining providers' compliance with the AMA's CPT. [Doc. 79, pp. 4-5] This is the sole basis for Defendants' argument that the Court cannot consider the *CPT Assistant* articles filed by Plaintiff when determining if their reporting of CPT codes 76140 and 95851 complies with the AMA's CPT and § 627.736(5)(d). [Doc. 79, p. 5]

A review of Mr. Miscoe's testimony offered in support of this assertion, including Paragraphs 24 and 25 of his Declaration, clearly establishes that it is an invalid opinion on an issue of statutory interpretation. Specifically, Mr. Miscoe's Declaration states as follows:

> 23.  <u>The statute [§ 627.736(5)(d)] expressly incorporates</u> the CPT Editorial Panel instructions that are published by the AMA or licensed for publication to others in the Current Procedural Terminology, 4th edition.

> 24.  <u>The legislature did not incorporate</u> any other publication or reference relative to code selection by the AMA, AAPC, or any other provider trade association as a standard for determining whether a CPT code was appropriate for a given service.

25.   The legislature did not incorporate or reference, as a standard for determining compliance with applicable CPT coding, the CPT Assistant Newsletter, which is published by the CPT Education and Information Services ("CPTEIS") division of the AMA.

* * *

29.   . . . [N]either the CPT Assistant nor these undefined "other publications" are referenced by the Florida legislature as a relevant standard for code selection in first party automobile personal injury cases under the express language of West's F.S.A. §627.736(5)(d). Therefore, even to the extent one might conclude that the CPT Manual incorporates the CPT Assistant for some purpose, the Florida legislature has not.

[Doc. 80-3, pp. 4-5; emphasis supplied] This testimony is—facially and manifestly—an impermissible opinion regarding the proper interpretation of § 627.736(5)(d), which is a pure issue of law reserved exclusively for this Court.

Experts like Mr. Miscoe are prohibited from offering opinions on issues of law because they invade the province of the court. As explained by the Eleventh Circuit:

[T]he court must be the jury's only source of law, and questions of law are not subject to expert testimony. Courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law.

*Commodores Entm't Corp. v. McClary*, 879 F. 3d 1114, 1128-29 (11th Cir. 2018). Statutory interpretation is a pure issue of law. *E.g.*, *Damiano v. F.D.I.C.*, 104 F. 3d 328, 335 n. 6 (11th Cir. 1997). Thus, Mr. Miscoe's opinions regarding his own interpretation of § 627.736(5)(d) are invalid and inadmissible for any purpose.

In *Fabelo v. Wells Fargo Bank, N.A.*, No. 1:13-cv-22721-UU, 2014 WL 12596986 (S.D. Fla. Nov. 19, 2014), this Court struck an expert opinion filed in opposition to a motion for summary judgment under circumstances indistinguishable from this case. The plaintiff in *Fabelo* sued a bank for conversion under Florida Statute § 673.4201 based on its role in a check forgery scheme carried out by the plaintiff's former employee. *Id.* at *1. The bank filed a motion for summary judgment,

and the plaintiff attempted to oppose it with an affidavit of his expert. *Id.* at *3. One of the expert's

opinions was dependent on her interpretation of Florida Statute § 673.1301(1)(g), which

established the standard of "ordinary care" for the bank when negotiating the checks. *Id.* at *4. The

Court struck this opinion from consideration in the summary-judgment proceedings on the

following grounds:

> [A]n expert may not testify as to his opinion regarding ultimate legal conclusions
> because the district court must be the jury's only source of law. Ms. Hansen's
> opinion that the second sentence of the ordinary care definition found in Section
> 673.1031(1)(g) does not apply to Defendant is a legal conclusion and the Court will
> not allow Ms. Hansen to testify about how the Florida Statutes apply in this case.

*Id.* at *5 (citations and internal quotations omitted).

*Fabelo* is directly on point. Like the expert in *Fabelo*, Mr. Miscoe's opinions regarding the

Clinic's use of CPT codes 76140 and 95851 are based on his own interpretation of § 627.736(5)(d).

His opinion is that § 627.736(5)(d) does not authorize consideration of the *CPT Assistant* in this

inquiry because the "legislature did not incorporate or reference . . . the CPT Assistant" in §

627.735(5)(d). This is statutory interpretation, pure and simple. As the Court did in *Fabelo*, this

Court should refuse to consider such invalid and inadmissible expert testimony in these summary

judgment proceedings. *See also City of Rome, Georgia v. Hotels.com, L.P.*, 4:05-CV-249-HLM,

2012 WL 13020825 at *4 (N.D. Ga. June 6, 2012)("Experts are not permitted to testify on issues

of statutory interpretation.").

In fact, Mr. Miscoe's interpretation of § 627.736(5)(d) directly contravenes multiple

decisions from Florida's courts regarding use of the *CPT Assistant*. The decision of *State Farm*

*Mut. Auto. Ins. Co. v. Nu-Best Whiplash Injury Center, Inc.*, could not be any clearer on this issue.

23 Fla. L. Weekly Supp. 121a (Fla. 6th Cir. Ct. 2014), *aff'd Nu-Best Whiplash Injury Ctr., Inc. v.*

*State Farm Mut. Auto. Ins. Co*, 244 So. 3d 221 (Table) (Fla. Dis. Ct. App. 2018). Under the heading

"CONCLUSIONS OF LAW," the *Nu-Best* court made the following rulings:

> Florida's No-Fault State requires that providers comply with AMA CPT coding in the submission of bills for payment of insureds' PIP benefits. Further, guidance is to be provided by the Physicians' Current Procedural Terminology (CPT). Florida Statute § 627.736(5)(d). The Statute goes on to provide that an insurer is not required to pay a claim or charges with respect to a bill that does not meet the requirements of section (5)(d). Florida Statute § 627.736(5)(b)1.d. (2001-2012).
>
> When interpreting the appropriate CPT code when a bill has been submitted for payment pursuant to an insured's PIP benefits, the Court <u>must turn</u> to the AMA CPT coding requirements and statutorily referenced AMA promulgated guides. <u>An authoritative reference tool when determining the appropriate CPT code for a procedure are those referenced in the CPT code book, including the *AMA's CPT Assistant*</u>, the *AMA's Frequently Asked Questions about CPT Coding*, the *AMA Coding Consultations*, and *CPT Changes*, *An Insider's View*.

*Id.* at *4 (emphasis supplied). Mr. Miscoe's proposed interpretation of § 627.736(5)(d) is directly contrary to this highlighted ruling in *Nu-Best*. *See also State Farm Mut. Auto, Ins. Co. v. R.J. Trapana, M.D., P.A., (a/a/o Noemi Marquez) ("Trapana")*, 23 Fla. L. Weekly Supp. 98a at *2 (Fla. Cir. Ct. 2015) (holding that courts can use the CPT *Assistant* "as a guide [to] clarify information found in the CPT Manual" when determining if a medical bill complies with § 627.736(5)(d)); *Maduk (a/a/o Lynn Kus) v. Progressive Express Ins. Co.*, 11 Fla. L. Weekly Supp. 408b (Fla. Cir. Ct. 2004)(affirming the trial court's admission of the *CPT Assistant* as "substantive evidence" that the provider did not properly bill CPT code 76140); *Hallandale Beach Orthopedics, Inc. (a/a/o Monette Bonhomme) v. State Farm Mut. Auto. Ins. Co.*, 18 Fla. L. Weekly Supp. 1050a at *3 (Fla. Broward Cty. Ct. 2011)("Since the Physicians Current Procedural Terminology code book directs the use of the CPT Assistant to discern its intent, the Court finds that reference to the CPT Assistant is appropriate when interpreting the CPT code book" for purposes of determining compliance with § 627.736(5)(d).)

In sum, Mr. Miscoe's opinion regarding his interpretation of § 627.736(5)(d) is not only invalid, it is contrary to Florida law. The above decisions establish that the *CPT Assistant* is a

relevant and authoritative resource for determining if the Clinic's reporting of CPT codes 76140 and 95851 in its medical bills complied with the AMA's CPT as required by § 627.736(5)(d). The *CPT Assistant* articles Plaintiff has filed in evidence irrefutably establish the Clinic's medical bills reporting these charges do not comply with the AMA's CPT and, therefore, violate § 627.736(5)(d). Plaintiff's expert, Dr. Jacob, has also opined to the same conclusion. Since Defendants have not filed any competent evidence in opposition to the *CPT Assistant* articles or Dr. Jacob's opinion, Plaintiff is entitled to a summary judgment ruling that all of the Clinic's medical bills violate § 627.736(5)(d) and are not compensable under this statute.

Defendants also incorrectly assert that even if the Clinic's bills violate § 627.736(5)(d), this "does not establish State Farm's right to recover under FDUTPA." [Doc. 79, p. 12] Sections 627.736(5)(b)1. & (d) proscribe billing practices the Legislature has determined are sufficiently false and/or misleading to render medical bills legally non-compensable. *See, e.g., Fla. Sess. Law Serv.*, Chapter 2003-411 (declaring the Legislature is enacting § 627.736(5)(b)1. and (d) "in order to prevent PIP insurance fraud and abuse..."); *Chiropractic One, Inc. v. State Farm Mut. Auto. Ins. Co.*, 92 So. 3d 871 (Fla. Dist. Ct. App. 2012)(explaining that the legislation enacting § 627.736(5)(b)1. and (d) is intended "to address what [the Legislature] perceived to be significant dishonesty in connection with the claiming of PIP benefits."). Accordingly, if an insurer pays medical bills that are non-compensable under one of these statutory provisions, it is entitled to recover those payments as actual damages in a FDUTPA claim against the provider. *See State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla., Inc.*, 103 F. Supp. 3d 1343 (S.D. Fla. 2015)(awarding the insurer damages in its FDUTPA claim equal to the PIP benefits it paid the provider for medical bills that were non-compensable under § 627.736(5)(b)1.b.); *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC,* 278 F. Supp. 3d 1307, 1327

(S.D. Fla. 2017)(ruling that proof of the defendants' submission of deceptive invoices that induced payments by plaintiff satisfies all of the elements of a FDUTPA claim for damages).

The Clinic's misuse of these CPT codes is also facially deceptive. Every time the Clinic reported CPT code 76140, it billed Plaintiff for an x-ray consultation that Feijoo simply did not perform. Billing for services not rendered is classic PIP fraud and abuse. *See, e.g., Regional MRI of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, 884 So. 2d 1102 (Fla. Dist. Ct. App. 2004)(quoting Fla. Sess. Law. Serv. Ch. 2001–271, § 1, at 1749–50)("The Legislature further finds insurance fraud related to personal injury protection takes many forms, including, but not limited to, . . . billing of insurers by clinics for services not rendered. . . ."). As for CPT code 95851, every time Defendants billed this code they double-billed Plaintiff for basic range of motion testing that was an integral part of Feijoo's evaluations for which the Clinic also billed CPT codes 99204, 99214, or 99215. [Doc. 72-2, p. 10, ¶ 21] Double-billing for a service is facially deceptive.

The evidence also establishes beyond any genuine factual dispute that Defendants have violated § 627.736(5)(b)1.c. in each of the PIP claims at issue in this case. As explained in Section II. of Plaintiff's Motion for Summary Judgment, this statute relieves insurers of the duty to pay any PIP claim in which the provider has "knowingly" made a false or misleading statement(s). [Doc. 72, pp. 13-15] The term "knowingly" includes a provider's reckless submission of such a statement. Fla. Stat. § 627.732(10). At a minimum, Defendants acted recklessly by systematically submitting the false and misleading charges for CPT code 95851 and 76140 in hundreds of bills issued to Plaintiff over a four year period. *See Chiropractic One*, 92 So. 3d at 873 (affirming a summary judgment ruling that the provider violated § 627.736(5)(b)1.c. through its "intentional or recklessly improper use of Current Procedural Terminology codes.") Defendants' violation of § 627.736(5)(b)1.c. is an additional basis for Plaintiff to recover its payments to the Clinic as actual

damages in its FDUTPA claim.

In this regard, Mr. Miscoe's Declaration states that even if Defendants did improperly report CPT code 76140 this "was neither reckless or [sic] negligent absent evidence of Dr. Feijoo's knowledge" of the *CPT Assistant*. [Doc. 80-3] This statement is also invalid expert testimony because it does not concern matters beyond the understanding of the average lay person and merely purports to tell the fact finder what result to reach. *E.g.*, *U.S. v. Frazier*, 387 F. 3d 1244, 1262-63 (11th Cir. 2004); *Webb v. Carnival Corp.*, 321 F.R.D. 420 (S.D. Fla. 2017); *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-Civ-Cohn/Seltzer, 2016 WL 4370012 at *7 (S.D. Fla. Jan. 11, 2016) (prohibiting expert testimony that the defendant's employees were "at fault" or "careless").

Section III.A. of Defendants' Response also attempts to distinguish the *Trapana* decision briefed in Plaintiff's Motion for Summary Judgment. [Doc. 72, pp. 10-12] It argues *Trapana* is somehow distinguishable because Plaintiff was a defendant in that PIP suit, whereas here it is a plaintiff prosecuting a FDUTPA claim. [Doc. 79, p. 13] This attempt to distract from *Trapana*'s legal rulings intentionally misses the point. *Trapana* holds that courts may consider *CPT Assistant* articles when determining if a medical bill complies with the AMA's CPT for purposes of § 627.736(5)(d). *Trapana* also ruled that, as a matter of law, the physician's billing of the insurer for CPT code 76140 in circumstances identical to the Clinic's billing of Plaintiff for the same CPT code did not comply with the AMA's CPT and violated § 627.736(5)(d). Nothing argued in Defendants' Response alters the clear application of these legal rulings in this case.[2]

Defendants have also failed in their effort to counter Dr. Jacob's detailed testimony

---

[2] Defendants also assert that Plaintiff's litigation of *Trapana* should have somehow caused it to know that Defendants' were deceptively reporting CPT code 76140 in the Clinic's bills upon receiving them. This assertion makes no sense as the cases involve different medical providers. Defendants' entire argument is also founded on an incorrect legal standard for determining the existence of a traditional FDUTPA violation. *See infra* Section II, pp. 10-11.

explaining that Feijoo's evaluations do not meet the mandatory requirements for billing the high-level E&M codes 99204, 99214, and 99215 with Mr. Miscoe's Declaration. [Doc. 79, p. 7] [Doc. 72-2, pp. 15-25, ¶s 35-60] There is no indication Mr. Miscoe has even reviewed the Clinic's medical records of the evaluations. His opinion is that the CPT codebook's requirements for billing the above E&M codes are so vague that one cannot determine if Feijoo's evaluations satisfied them. [Doc. 80-3, pp. 9-10, ¶ 47] Acceptance of this opinion would render the CPT codebook's description of the E&M codes entirely meaningless—a patently absurd and untenable result.

As for Feijoo, he could not explain in his deposition how or why the evaluations for which his Clinic repeatedly billed Plaintiff CPT Codes 99204, 99214, and 99215 supposedly satisfy the mandatory criteria specifically defined in the CPT codebook. [Doc. 71-2, pp. 57, 59-62, 182-185, 241-245]; [Doc. 72-2, pp. 169-230] Feijoo's conclusory statements in his affidavit that the patients required "comprehensive examination[s]," and his medical decision making in the evaluations "is almost always complex," without reference to, or application of, those mandatory criteria are not competent evidence in opposition to Plaintiff's Motion for Summary Judgment. *See*, *e.g.*, *Evers v. General Motors Corp.*, 770 F. 2d 984, 986 (11th Cir. 1985).

II.  DEFENDANTS' PURPORTED DEFENSE OF PLAINTIFF'S TRADITIONAL FDUTPA CLAIM BASED ON ITS ALLEGED KNOWLEDGE OF THEIR DECEPTIVE BILLING PRACTICES IS FOUNDED ON AN INCORRECT LEGAL STANDARD, AND THEIR ARGUMENTS IN OPPOSITION TO PLAINTIFF'S CLAIM FOR A *PER SE* FDUTPA VIOLATION ARE BASELESS.

Sections II.B. and III.B. of Defendants' Response argue their manifestly deceptive billing practices were really not deceptive because Plaintiff learned about them in depositions involving PIP claims not at issue in this case, a prior investigation of Defendants that ended in 2012, and the investigation that led to the filing of this lawsuit. [Doc. 79, pp. 8-11, 13-16] Defendants have copied-and-pasted these arguments from their Motion for Summary Judgment. [Doc. 67, pp. 5-12]

Plaintiff fully responded to these arguments in its opposing Memorandum of Law. [Doc. 85, § I, pp. 2-16] As explained therein, Defendants' entire position is founded on an incorrect legal standard that improperly converts the purely objective standard for determining if they violated FDUTPA into a subjective one. Plaintiff incorporates those arguments herein by reference in opposition to the same arguments in Defendants' Response.

Section III.B.1. of Defendants' Response is likewise a shorter version of the same arguments directed to Plaintiff's claim for a *per se* FDUTPA violation in their Motion for Summary Judgment. [Doc. 67, pp. 12-17] In its opposing Memorandum of Law, Plaintiff explained that those meritless arguments are not grounded in any germane legal analysis. [Doc. 85, § II, pp. 16-20] Plaintiff also incorporates those arguments herein by reference.

III.    DEFENDANTS' ARGUMENTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMMARY JUDGMENT ON ITS CLAIM FOR DECLARATORY RELIEF ARE MERITLESS FOR THE REASONS EXPLAINED IN SECTION I. ABOVE.

In reliance on earlier arguments, Section III.C. of Defendants' Response merely asserts that there are genuine issues of fact within Plaintiff's claim for declaratory relief regarding whether they submitted false or misleading CPT code charges and/or did so knowingly. [Doc. 79, pp. 17-18] As explained in Section I. above, Defendants' arguments on these issues are meritless.

IV.    PLAINTIFF'S FDUTPA CLAIM IS NOT BARRED BY THE VOLUNTARY PAYMENT DOCTRINE.

Section III.D. of Defendants' Response asserts that Plaintiff's FDTUPA claim is precluded by the voluntary payment doctrine. [Doc. 79, pp. 18-19] Defendants have again copied-and-pasted these arguments from its Motion for Summary Judgment. [Doc. 67, pp. 17-18] In its Memorandum of Law in Opposition to that motion, Plaintiff explained that under no stretch of the imagination were its payments of the Clinic's bills "voluntary" for purposes of this doctrine. [Doc. 85, § III, pp. 20-21] Plaintiff hereby incorporates those arguments herein by reference.

Dated this 18th day of July, 2019.

Respectfully submitted,

/s/ Kenneth P. Hazouri
KENNETH P. HAZOURI
Trial Counsel
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
DSK LAW GROUP
deBeaubien, Simmons, Knight,
 Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

BART R. VALDES
Florida Bar Number: 323380
bvaldes@dsklawgroup.com
DSK LAW GROUP
deBeaubien, Simmons, Knight,
  Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
Attorneys for Plaintiff