UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,
v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' ADDITIONAL FACTS OFFERED IN DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

| | |
|---|---|
| KENNETH P. HAZOURI | BART R. VALDES |
| Trial Counsel | Florida Bar Number: 323380 |
| Fla. Bar No. 019800 | bvaldes@dsklawgroup.com |
| khazouri@dsklawgroup.com | DSK LAW GROUP |
| lquezada@dsklawgroup.com | de Beaubien, Simmons, Knight, |
| ANDREW S. BALLENTINE | Mantzaris & Neal, LLP |
| Fla. Bar No. 118075 | 609 West Horatio Street |
| aballentine@dsklawgroup.com | Tamp a, Florida 33606 |
| skuharske@dsklawgroup.com | Telephone: (813) 251-5825 |
| de Beaubien, Simmons, Knight, | Facsimile: (813) 254-1063 |
| Mantzaris & Neal, LLP | Attorneys for Plaintiff |
| 332 North Magnolia Avenue | |
| Orlando, Florida 32801 | |
| Telephone: (407) 422-2454 | |

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Plaintiff"), by counsel pursuant to Local Rule 56.1, and hereby replies to the additional facts set forth in Defendants' Response to Plaintiff's Statement of Material Facts located at Document 80, pp. 7-10, Paragraphs 1-19 as follows:

1. Plaintiff incorporates herein by reference each response in Plaintiff's Response to Defendant's Statement of Material Facts in Support of their Motion for Summary Judgment (Doc. 86, ¶¶ 1–59).

2. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

3. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

4. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

5. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

6. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

7. The statements in this paragraph are not relevant to any issue in this lawsuit. To the extent Defendants have offered them in support of Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d), this is an impermissible subject for expert testimony, and his proffered interpretation of this statute is invalid and inadmissible for any purpose in this case.

8. The statements in this paragraph are not relevant to any issue in this lawsuit. To the extent Defendants have offered them in support of Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d), this is an impermissible subject for expert testimony, and his proffered interpretation of this statute is invalid and inadmissible for any purpose in this case.

9. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

10. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

11. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida

Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

12. The "Instructions for Use of the CPT Codebook" speak for themselves.

13. The term "expensive" is vague and, therefore, meaningless. What Dr. Feijoo allegedly knew, or did not know, about the Professional Edition of the CPT codebook is not a proper subject for expert testimony from Mr. Miscoe. Dr. Feijoo was and is legally responsible for ensuring his clinic complies with all laws relating to billing for PIP benefits, including § 627.736(5)(d) and (5)(b)1.c. [Doc. 71-2, pp. 42, 351]

14. The language of Florida Statute § 627.736(5)(d) speaks for itself, and its interpretation is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case.

15. This paragraph's use of the phrase "the binding CPT Editorial Panel guidance published in the CPT coding manual" is based on Mr. Miscoe's interpretation of Florida Statute § 627.736(5)(d). The interpretation of this statute is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert testimony, and it is invalid and inadmissible for any purpose in this case. The referenced language in the CPT codebook speaks for itself.

16. This paragraph's use of the phrase "the binding CPT Editorial Panel guidance published in the CPT coding manual" is based on Mr. Miscoe's interpretation of Florida Statute § 627.736(5)(d). The interpretation of this statute is a pure issue of law for the Court. Mr. Miscoe's proposed interpretation of Florida Statute § 627.736(5)(d) is an impermissible subject for expert

testimony, and it is invalid and inadmissible for any purpose in this case. The referenced language in the CPT codebook speaks for itself.

17. The CPT codebook specifically defines the criteria for properly and accurately reporting E&M codes, including 99204, 99214, and 99215, which is an objective basis for concluding that Defendants improperly reported those CPT codes in the bills it submitted to Plaintiff within the subject claims. [Doc. 72-2, pp. 169-230] Plaintiff's expert, Patrick Jacob, M.D., has reached this conclusion based on the specifically defined criteria set forth in the CPT codebook. [Doc. 72-2, pp. 15-25, ¶s 35-60]

18. Plaintiff objects to Defendants' statement of the facts set forth in this paragraph on the grounds that Plaintiff has not yet had the opportunity to depose Ms. Kluender due to Defendants' belated disclosure of her as an expert witness on the last day of discovery. Additionally, Ms. Kluender's expert report is inadmissible hearsay. *E.g.*, *Johnson v. Borders*, No. 6:15-cv-936-Orl-40DCI, 2018 WL 4215027 at *1 (M.D. Fla. Sept. 4, 2018)(citing *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12–20322–CIV, 2013 WL 8695361, at *2 (S.D. Fla. Apr. 4, 2013)). State Farm's handling of the claims submitted by Defendants is also irrelevant because Defendants' liability on Plaintiff's FDUTPA claim is determined by an objective standard as opposed to a subjective one. *E.g., Carriuolo v. General Motors Co.*, 823 F. 3d 977 (Fla. 2016); *State Farm Mutual Automobile Insurance Company v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291 (S.D. Fla. 2019); *Democratic Republic of the Congo v. Air Capital Group, LLC*, 614 F. App'x 460 (11th Cir. 2015); *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1316 (S.D. Fla. 2017). Any purported opinion of Ms. Kluender regarding Plaintiff's compliance with, or duties under, Florida law is an invalid expert opinion. *Commodores Entm't Corp. v. McClary*, 879 F. 3d 1114,

1128-29 (11th Cir. 2018); *Fabelo v. Wells Fargo Bank, N.A.*, No. 1:13-cv-22721-UU, 2014 WL 12596986 (S.D. Fla. Nov. 19, 2014).

19. The statements in this paragraph are not supported by the deposition testimony cited therein, and they are irrelevant to any issue in this case. Defendants' stated policy is to file a PIP suit against Plaintiff every time it does not pay PIP benefits based on the full amount of Defendants' charges, and they have followed through on this policy by filing a tremendous volume of PIP suits against Plaintiff. [Doc. 71-1, pp. 271-72, 410-412]

Dated this 18th day of July, 2019.

Respectfully submitted,

/s/ Kenneth P. Hazouri
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
DSK LAW GROUP
deBeaubien, Simmons, Knight,
 Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

BART R. VALDES
Florida Bar Number: 323380
bvaldes@dsklawgroup.com
DSK LAW GROUP
deBeaubien, Simmons, Knight,
  Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063

*Attorneys for Plaintiff*