UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.
_____/

**PLAINTIFF/COUNTERDEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANTS' COUNTERCLAIM**

Plaintiff/Counterdefendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm Mutual"), by counsel and pursuant to Federal Rules of Civil Procedure 7 and 8, hereby files its Answer and Affirmative Defenses to the Counterclaim of Defendants/Counterplaintiffs, MANUEL V. FEIJOO, M.D., P.A. ("Feijoo PA"), and MANUEL V. FEIJOO ("Feijoo") (collectively, the "Counterplaintiffs"), and states as follows:

    1.    State Farm Mutual denies that any no-fault benefits are overdue or that it owes Counterplaintiffs any no-fault benefits, interest on no-fault benefits, penalties, or postage. State Farm Mutual is without knowledge as to the remainder of the allegations in this paragraph.

    2.    State Farm Mutual denies that the referenced medical services described in Exhibit "N" to its Amended Complaint are lawfully rendered or compensable. State Farm Mutual admits that it has denied payment of no-fault benefits for those medical services.

    3.    State Farm Mutual admits that the subject insurance policies were in effect on the

dates of loss. State Farm Mutual denies the remainder of the allegations in this paragraph.

4.     State Farm Mutual admits that the subject insurance policies provide personal injury protection ("PIP") coverage requested by the Florida Motor Vehicle No-Fault Law and further states that the terms and conditions of those policies speak for themselves. State Farm Mutual denies the remainder of the allegations in this paragraph.

5.     State Farm Mutual admits that the insured patients assigned their PIP benefits to Feijoo, P.A. State Farm Mutual denies that the insured patients assigned their PIP benefits to Feijoo.

6.     State Farm Mutual is without knowledge as to the allegations in this paragraph.

7.     State Farm Mutual is without knowledge as to the allegations in this paragraph.

8.     State Farm Mutual denies the allegations of this paragraph as to any medical care and treatment provided by Counterplaintiffs to the claimants and/or insured patients.  State Farm Mutual is without knowledge as to the allegations of this paragraph as to any medical care and treatment provided by medical providers other than Counterplaintiffs to the claimants and/or insured patients.

9.     State Farm Mutual admits that Feijoo, P.A., submitted claims for PIP benefits for medical services allegedly provided to the insureds identified in Exhibit "N" to State Farm Mutual's Amended Complaint. State Farm Mutual denies the remainder of the allegations in this paragraph.

10.    State Farm Mutual admits that it has not paid Feijoo, P.A.'s, medical expenses identified in Exhibit "N" to State Farm Mutual's Amended Complaint. State Farm Mutual denies that those medical expenses are due and owing.

11.    State Farm Mutual denies the allegations of this paragraph. Specifically and without

limitation, Counterplaintiffs have failed to satisfy the following necessary conditions precedent to the prosecution of their Counterclaim:

a) For claim numbers 59-9D39-520, 59-1308-G91, 59-1792-C92 (insureds DM and MM), 59-1801-Q94, 59-2377-J31, 59-2522-R30, 59-2696-H00, 59-2779-M11, 59-3076-N06, and 59-3418-Z51, Counterplaintiffs have not submitted a statutory demand letter to State Farm Mutual for these claims prior to filing their Counterclaim as required by Florida Statute § 627.736(10), which, under this statute, is a necessary condition precedent to the prosecution of an action to recover PIP benefits on the claims identified in this subparagraph. *E.g., Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873, 879 (Fla. 2010).

b) For Claim numbers 59-0885-M85, 59-54K1-706, 59-1538-F74 (for insureds, JP and SC), 59-1950-G14, 59-2191-D27, 59-2952-M64, 59-3076-N06, 59-3329-B00, 59-3256-T55, 59-3275-L47, 59-3328-H52, 59-3404-N17 (for insureds, TGC and TMC), 59-3403-X96, 59-3677-H66, 59-3472-Z81, 59-3588-G95, 59-3618-T05, 59-3880-J05 (for insureds, ARGP and FGR), and 59-4335-Z33, Counterplaintiffs did not submit a statutory demand letter to State Farm Mutual at least thirty days before filing their Counterclaim to recover PIP benefits on these claims. Accordingly, Counterplaintiffs' action to recover PIP benefits on these claim is not ripe under Florida Statute § 627.736(10)(d), which prohibits a medical provider from filing an action to recover PIP benefits on a claim until after expiration of thirty days from the insurer's receipt of the provider's statutory demand letter pursuant to Florida Statute § 627.736(10). *E.g., Menendez v. Progressive Exp. Ins. Co., Inc.*, 35 So. 3d 873, 879 (Fla. 2010); *USAA Cas.*

*Ins. Co. v. Emergency Physicians of Cent. Fla.*, 200 So. 3d 153, 155 & n.1 (Fla. Dist. Ct. App. 2016).

  c) For Claim numbers 59-1792-C92 (insured MM), 59-3256-T55, 59-3418-Z51, 59-3275-L47, 59-3328-H52, 59340-N17 (insureds TGC and TMC), 59-3403-X96, 59-3677-H66, 59-3472-Z81, 59-3588-G95, 59-3618-T05, 59-3880-J85 (insureds, ARGP and FGR), and 59-4335-Z33, Counterplaintiffs have not provided a response to written requests for medical records made by State Farm Mutual pursuant to Florida Statute § 627.736(6)(b). Accordingly, Counterplaintiffs' claims for PIP benefits for medical services allegedly provided to these insureds are not "overdue" under Florida Statute § 627.736(4)(b), which prohibits Counterplaintiffs prosecution of an action to recover PIP benefits on the claims identified in this subparagraph.

  d) For Claim number 59-0113-0G8, State Farm Mutual's insured, LFB, has withdrawn the claim for benefits under the applicable policy of insurance in lieu of attending an examination under oath at the request of State Farm Mutual as required by the policy providing PIP coverage. Accordingly, there is no existing claim for which Counterplaintiffs are properly the assignee of the right of State Farm Mutual's insured in order to maintain a lawsuit for benefits pursuant to Florida Statute § 627.736. A valid claim must exist in order for State Farm Mutual to process the payment of a claim by an assignee, such as the Counterplaintiffs. The lack of a valid claim therefore precludes the ability for a submitted charge to be overdue, which is a condition precedent to the initiation of a suit under Florida Statute § 627.736(10).

  e) Counterplaintiffs have failed to produce its medical charts for four of the patients whose medical services are at issue in Counterplaintiffs' Counterclaim (Claim

4

Nos. 59-1792-C92 (for insured MM), 59-2377-J31, 59-3588-G95, and 59-3880-J85 (for insured FGR)) as requested by State Farm Mutual in discovery in this action.

12. There is no paragraph 12 in the Counterclaim.

13. There is no paragraph 13 in the Counterclaim.

14. State Farm Mutual denies the allegations of this paragraph.

15. State Farm Mutual denies the allegations of this paragraph.

## Count I – Breach of Contract

State Farm Mutual realleges its responses to the allegations in Paragraphs 1-15 above as if fully set forth in this Count I.

16. State Farm Mutual denies the allegations of this paragraph.

17. State Farm Mutual denies the allegations of this paragraph.

18. To the extent this allegation is a general statement of Florida law, State Farm Mutual states that the Florida Statutes and law governing this claim speak for themselves. To the extent this allegation relates to medical services provided by Counterplaintiffs, State Farm Mutual denies the allegations of this paragraph.

19. State Farm Mutual denies the allegations of this paragraph.

WHEREFORE, Plaintiff/Counterdefendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests the Court to: a) enter judgment for Plaintiff/Counterdefendant on the Counterclaim; b) award Plaintiff/Counterdefendant the costs it incurs in defense of the Counterclaim; and c) grant Plaintiff/Counterdefendant any such other relief the Court deems necessary and proper.

## Affirmative Defenses

1. <u>Failure to State a Claim</u>: Counterplaintiffs' Counterclaim fails to state a claim upon

which relief may be granted.

2. <u>Violation of Florida Statute § 627.736(5)(b)1.b.</u>: Counterplaintiffs did not lawfully provide the subject medical services to the insureds identified in Exhibit "N" of State Farm Mutual's Amended Complaint, and, therefore, State Farm Mutual has no duty or obligation to pay insurance benefits for those services pursuant to Florida Statute § 627.736(5)(b)1.b.

3. <u>Violation of Florida Statute § 627.736(5)(b)1.c.</u>: Counterplaintiffs knowingly made false or misleading statements regarding the claims and charges for the subject medical services allegedly to the insureds identified in Exhibit "N" of State Farm Mutual's Amended Complaint, and, therefore, State Farm Mutual has no duty or obligation to pay insurance benefits for those services pursuant to Florida Statute § 627.736(5)(b)1.c.

4. <u>Violation of Florida Statute § 627.736(5)(d) and (5)(b)1.d.</u>: The medical bills Counterplaintiffs submitted to State Farm Mutual for the subject medical services allegedly to the insureds identified in Exhibit "N" of State Farm Mutual's Amended Complaint do not comply with the requirements of § 627.736(5)(d), and, therefore, State Farm Mutual has no duty or obligation to pay insurance benefits for those services pursuant to Florida Statute § 627.736(5)d) and (5)(b)1.d.

5. <u>Violation of Florida Statute § 627.736(5)(b)1.e.</u>: The medical bills Counterplaintiffs submitted to State Farm Mutual for the subject medical services allegedly to the insureds identified in Exhibit "N" of State Farm Mutual's Amended Complaint report charges that are upcoded and unbundled, and, therefore, State Farm Mutual has no duty or obligation to pay insurance benefits for those services pursuant to Florida Statute § 627.736(5)(b)1.e.

6. <u>Failure to satisfy necessary conditions precedents to the Counterclaim</u>: Counterplaintiffs have the burden of proving satisfaction of all necessary conditions precedent to

their Counterclaim, and State Farm Mutual has pleaded the failure of multiple conditions precedent to the Counterclaim in Paragraph 11 above. To the extent any of Counterplaintiffs' failures to satisfy necessary condition precedents to their Counterclaim described in Paragraph 11 above can be properly construed as an affirmative defense to the Counterclaim, State Farm Mutual hereby incorporates and realleges them herein by reference.

7.  <u>Estoppel</u>: Counterplaintiffs have failed to produce its medical charts for four of the patients whose medical services are at issue in their Counterclaim (Claim Nos. 59-1792-C92 (for insured MM), 59-2377-J31, 59-3588-G95, and 59-3880-J85 (for insured FGR)) to State Farm Mutual as requested in discovery in this action, which estops Counterplaintiffs from prosecuting an action to recover PIP benefits on these claims.

8.  <u>Waiver</u>: Based on Counterplaintiffs' failure to produce its medical charts for four of the patients whose medical services are at issue in their Counterclaim (Claim Nos. 59-1792-C92 (for insured MM), 59-2377-J31, 59-3588-G95, and 59-3880-J85 (for insured FGR)) to State Farm Mutual as requested in discovery in this action, Counterplaintiffs have waived their right to prosecute an action to recover PIP benefits on these claims.

**Demand for Jury Trial**

State Farm Mutual demands trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI
Trial Counsel
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com

7

        deBeaubien, Simmons, Knight,
          Mantzaris and Neal, LLP
        332 North Magnolia Avenue
        Orlando, Florida 32801
        Telephone: (407) 422-2454

        BART R. VALDES
        Florida Bar Number: 323380
        bvaldes@dsklawgroup.com
        DSK LAW GROUP
        de Beaubien, Simmons, Knight,
          Mantzaris & Neal, LLP
        609 West Horatio Street
        Tampa, Florida 33606
        Telephone: (813) 251-5825

        Attorneys for Plaintiff/Counterdefendant