UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION
TO MOTION FOR ORDER ESTABLISHING FACTS FOR TRIAL
AND PROHIBITING DEFENDANTS FROM RAISING DEFENSES
AT TRIAL AND INCORPORATED MEMORANDUM OF LAW**

| | |
|---|---|
| KENNETH P. HAZOURI | BART R. VALDES |
| Trial Counsel | Florida Bar Number: 323380 |
| Fla. Bar No. 019800 | bvaldes@dsklawgroup.com |
| khazouri@dsklawgroup.com | de Beaubien, Simmons, Knight, |
| lquezada@dsklawgroup.com | Mantzaris & Neal, LLP |
| ANDREW S. BALLENTINE | 609 West Horatio Street |
| Fla. Bar No. 118075 | Tampa, Florida 33606 |
| aballentine@dsklawgroup.com | Telephone: (813) 251-5825 |
| skuharske@dsklawgroup.com | Facsimile: (813) 254-1063 |
| de Beaubien, Simmons, Knight, | Attorneys for Plaintiff |
| Mantzaris & Neal, LLP | |
| 332 North Magnolia Avenue | |
| Orlando, Florida 32801 | |
| Telephone: (407) 422-2454 | |

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("Plaintiff"), by counsel, hereby files its Reply to Defendants, MANUEL V. FEIJOO, M.D., P.A. ("Clinic"), and MANUEL V. FEIJOO's ("Feijoo")(collectively, the "Defendants"), Response in Opposition to Plaintiff's Motion for Order Establishing Facts for Trial and Prohibiting Defendants from Raising Defenses at Trial (the "Response") [Doc. 90], and states as follows:

I. DEFENDANTS CONTINUE WITH THEIR *MODUS OPERANDI* OF BLAMING PLAINTIFF FOR THEIR OWN FAILURES IN DISCOVERY, INCLUDING THEIR ADMITTED FAILURE TO COMPLY WITH THE COURT'S ORDER COMPELLING THEM TO PRODUCE THE MEDICAL CHARTS AT ISSUE IN THIS CASE.

Defendants' Response begins with an emphatic assertion that they "did not violate any discovery order" in this case. [Doc. 90, p. 1] Five pages later, Defendants confirm its inaccuracy by stating that after Plaintiff filed its Motion for Order Establishing Facts for Trial and Prohibiting Defendants from Raising Defenses at Trial ("Motion to Confirm Facts") on June 28, 2019, Defendants produced an additional 15 medical charts that they were required to produce under Judge Becerra's February 13, 2019, Discovery Order. [Doc. 39] As such, Defendants were in violation of the Discovery Order for failing to produce these 15 medical charts to Plaintiff.

Furthermore, Defendants admit that it was Plaintiff's filing of it Motion to Confirm Facts that spurred them to conduct what they characterize as an "*extraordinary* search" (e.i.o) for medical records they have a legal duty to maintain, which resulted in their locating the 15 previously unproduced charts. [Doc. 90, p. 3] This admission demonstrates Defendants would not have produced these 15 medical charts if Plaintiff had not filed its Motion to Confirm Facts. In light of the above facts, Defendants' assertion that Plaintiff filed its Motion to Confirm Facts "in bad faith," and their request for an award of attorneys' fees incurred in responding to the motion, are both patently frivolous. [Doc. 90, p. 5]

Consistent with their prior conduct in this case,[1] Defendants have attempted to shift the blame for their own failures and inequitable conduct in discovery to Plaintiff. For example, they state "State Farm did not advise Defendants' counsel about missing files until April 30, 2019, and at that time claimed that 109 files were missing." [Doc. 90, p. 2] In other words, Defendants assert it was somehow Plaintiff's responsibility to keep them apprised of the status of their production of medical charts they were required to produce pursuant to court order.

Defendants also assert that Plaintiff's statement to them that 109 medical charts were missing was "overstated." [Doc. 90, p. 2] Defendants neglect to explain, however, that the 109 figure was revised down by a mere three medical charts to 106 missing charts as of April 30, 2019. [Doc. 90-2, p. 10] Defendants likewise gloss over their total failure to keep track of the medical files they had produced (and not produced) pursuant to Judge Becerra's Order. Their failure to do so required Plaintiff to perform this legwork for Defendants, which even included providing them with a list of the missing medical charts—at their request no less. [Doc. 90-2, pp. 5-10] Before the undersigned proactively contacted Defendants' counsel about the 109 (revised to 106) missing medical charts on April 30, 2019, Defendant's counsel had incorrectly advised that Defendants only had "less than a box" of medical charts left to produce. [Doc. 90-2, p. 4] Even after the undersigned provided the information regarding the missing charts to Defendants' counsel, he insisted that there were only a "few files" Defendants could not locate, and there could not possibly be 109 unproduced medical charts. [*Id.*]

Defendants also attempt to draw an equivalency between Plaintiff's rolling production of documents in this case and their own production of the medical charts. [Doc. 90, p. 3, n.1] In response to Defendants' tremendously voluminous document requests, Plaintiff produced over

---

[1] *See, e.g.*, Documents 76 and 77.

3

500,000 pages of documents and was required to prepare privilege logs listing a total of 13,591 line items of protected documents and information. The medical charts produced by Defendants are a mere fraction of this volume. Moreover, since medical charts do not generally contain privileged information, Defendants did not have to log a single document when producing the charts. Despite this massive disparity in the volume of document production and the amount of work necessary to respond to the parties' respective document requests, Plaintiff completed its document production before Defendants. Indeed, it was not until Plaintiff filed its Motion to Confirm Facts on June 28, 2019, that Defendants even found the motivation to complete production of medical charts they had been under court order to produce since the January 25, 2019, discovery hearing before Judge Becerra.

Finally, Defendants' Response is quite notable for an additional reason. Defendants' Motion for Summary Judgment, their Statement of Material Facts in support of the motion, and Feijoo's supporting affidavit represent that Defendants submitted all of the Clinic's "actual office notes/medical reports" regarding his evaluations of the insureds along with the Clinic's medical bills to Plaintiff. [Doc. 67, p. 5; Doc. 66, p. 3, ¶ 13; Doc. 66-3, p. 3, ¶ 14] As Plaintiff has been required to point out in responsive filings, these false statements contradict Aneilka Castillo's deposition testimony, wherein she stated that Defendants only provided a copy of Feijoo's typed reports summarizing the evaluations, and no other notes or medical records, along with the bills submitted to Plaintiff. [Doc. 85, p. 15; Doc. 86, p. 3, ¶ 13; Doc. 71-1, pp. 101-103] Defendants have now admitted these facts in their Response.

With respect to the 26 medical charts Defendants have lost and cannot, therefore, produce to Plaintiff, their Response states as follows:

> As to the remaining 26 patient files, State Farm was provided with every single bill and all supporting medical records prior to the initiating of this action,

> including Feijoo's typewritten report summarizing his evaluations. So, State Farm always had records for the subject patients, <u>i.e., the bills and type-written reports, and is only missing patient intake sheets and Dr. Feijoo's hand-written notes, as those items generally were not provided to carriers when they were billed.</u>

[Doc. 90, p. 3 (e.s.)] Thus, Defendants have now conceded—in complete contradiction to their prior statements and Feijoo's sworn testimony—they only submitted Feijoo's typed reports summarizing the evaluations, and none of his other notes or the Clinic's records of the evaluations, with the medical bills they issued to Plaintiff.

II. DEFENDANTS' FAILURE TO MAINTAIN THE 26 MISSING MEDICAL CHARTS IS A VIOLATION OF FLORIDA LAW, AND THE COURT SHOULD PROHIBIT DEFENDANTS FROM USING THE ABSENCE OF THE MEDICAL CHARTS TO SUPPORT THEIR DEFENSES AT TRIAL.

Until Defendants filed their Response, Plaintiff did not know that they have flat out lost 26 medical charts containing patients' personal health information protected by HIPAA, which Defendants are required to maintain by law. Pursuant to Florida Statute § 456.058, the Florida Board of Medicine has promulgated the following regulation governing the maintenance and retention of medical records:

> (2) A licensed physician medical records owner shall maintain the full and total responsibility for and control of all files and records relating to his patients and his medical practice <u>for a period of at least five years from the last patient contact.</u> All such records shall remain confidential except as otherwise provided by law and shall be maintained in the licensed physician's office or in the possession of the licensed physician.

Fla. Admin. Code § 64B8-10.002(2)(emphasis supplied); *see also Dep't of Health v. Uppal*, 2013 WL 6916242, at *10 (Fla. Div. Admin. Hrgs. Sept. 4, 2012)(citing §§ 458.331(1)(g) & (m) & 456.057, Fla. Stat.; Fla. Admin. Code R. 64B8-10.002)(ruling that a medical provider had a duty to maintain lost digital patient appointment records). All 26 of the missing medical charts involve patient evaluations performed by Feijoo within the last five years. Accordingly, Defendants loss of the charts violates the above regulation.

This violation of the law and the fault associated with Defendants' inability to produce 26 medical charts they were ordered to produce in this case lies exclusively with Defendants. The Court should, therefore, prohibit Defendants from in any manner using the absence of the 26 medical charts to support their defenses at trial. For example and without limitation, Defendants should be prohibited from making any argument or assertion that: a) Plaintiff's expert, Patrick Jacob, M.D., did not review the 26 medical charts and/or that his opinions are in any manner diminished or less credible due to his inability to do so; and/or b) the missing medical charts contain, or may contain, records contrary to Plaintiff's claims or supportive of Defendants' defenses. Plaintiff respectfully requests the Court to enter an order prohibiting Defendants from making any such arguments or assertions at trial.

Dated this 23rd day of July, 2019.

Respectfully submitted,

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI
Trial Counsel
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
lmorales@dsklawgroup.com
deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Attorneys for Plaintiff

BART R. VALDES
Florida Bar Number: 323380
bvaldes@dsklawgroup.com
DSK LAW GROUP

        de Beaubien, Simmons, Knight,
          Mantzaris & Neal, LLP
        609 West Horatio Street
        Tampa, Florida 33606
        Telephone: (813) 251-5825
        Facsimile: (813) 254-1063

        Attorneys for Plaintiff