UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.

_____/

**PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR SEPARATE TRIAL OF COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff/Counterdefendant, State Farm Mutual Automobile Insurance Company ("Plaintiff"), by counsel and pursuant to Federal Rule of Civil Procedure 42(b), hereby moves to separate the trial of the Counterclaim recently filed by Defendants, Manuel V. Feijoo ("Feijoo") and Manuel V. Feijoo, M.D., P.A. ("Feijoo PA")(collectively, the "Defendants"), from the trial of the claims set forth in Plaintiff's Amended Complaint, and in support thereof states as follows:

**Summary of Argument**

Defendants' filing of their Counterclaim for PIP benefits on July 1, 2019, left no time for Plaintiff to conduct discovery on the Counterclaim, retain expert witnesses necessary to defend it, file dispositive motions directed to it, or otherwise prepare for trial of it. Plaintiff would, therefore, be tremendously prejudiced if it were required to try the Counterclaim together with the trial of Plaintiff's FDUTPA claims, which is scheduled for the docket beginning on September 16, 2019.

In order to avoid the imposition of this prejudice on Plaintiff, the Court should exercise its discretion to order separate trials of Plaintiff's claims and Defendants' Counterclaim.

### **Factual and Procedural Background**

On August 16, 2018, Plaintiff initiated this action by filing its Complaint against Defendants. [Doc. 1] Nearly a year later, on July 1, 2019, Defendants filed a Counterclaim for breach of contract seeking to recover unpaid personal injury protection ("PIP") benefits for medical services allegedly provided to the 46 patients identified in Exhibit "N" to Plaintiff's Amended Complaint. [Doc. 74, pp. 12-15] Defendants' filing of their Counterclaim at this very late stage of the case has tremendously impaired Plaintiff's ability to defend it under the court-ordered deadlines.

First, with a few specified exceptions not relevant here, the deadline for the parties to complete fact discovery in this action was June 10, 2019, three weeks *before* Defendants filed their Counterclaim. [Docs. 14, 50, 53] As such, Plaintiff was not able to perform any discovery on the new issues raised by the Counterclaim, including, and not limited to, whether Defendants' medical services at issue therein are reasonable, related, and necessary for treatment of injuries sustained by the insureds in their auto accidents, which are essential elements of their claims for PIP benefits. *E.g.*, *Derius v. Allstate Indem. Co.*, 723 So. 2d 271, 272 (Fla. 4th DCA 1998). These issues are not present in Plaintiff's claims against Defendants, which are based on their deceptive billing practices.

Second, the deadline for the parties to complete expert discovery was June 20, 2019, eleven days *before* Defendants filed their Counterclaim. [Doc. 53] As such, Plaintiff has been prohibited from retaining expert witnesses necessary to defend the Counterclaim, securing their opinions, and serving Rule 26 expert witness disclosures and reports. Specifically and without limitation,

2

Plaintiff needs to have the opportunity to secure expert testimony regarding the reasonableness, relatedness, and necessity of the medical services Defendants allegedly rendered to the 46 separate patients in order to have a fair and reasonable opportunity to defend Defendants' PIP claims. *See supra Derius*.

Third, the parties' deadline to file dispositive motions was June 28, 2019, three days *before* Defendants' filed their Counterclaim. [Doc. 14] As such, Plaintiff has been unable to file a motion for summary judgment on the Counterclaim. As explained in the preceding paragraph, Plaintiff also had no opportunity to perform discovery that could be used to support a motion for summary judgment.

Fourth, the deadline for the parties to file trial motions, including motions in limine, was also June 28, 2019. [Doc. 14] Since Defendants filed their Counterclaim three days later, Plaintiff has not been able to file any trial motions directed to the Counterclaim.

Finally, this case is set for trial on the docket beginning September 16, 2019, which is a little over two months after Defendants filed their Counterclaim injecting a host of new issues into this case. [Doc. 14] Based on the inability to conduct discovery on Defendants' Counterclaim and retain expert witnesses to opine on the medical issues therein, Plaintiff has been severely prejudiced in its ability to prepare for a trial of Defendants' Counterclaim in September 2019.

## Argument

WITHOUT A SEPARATION OF THE TRIALS OF PLAINTIFF'S CLAIMS AND DEFENDANTS' COUNTERCLAIM, PLAINTIFF WILL SUFFER TREMENDOUS PREJUDICE BECAUSE IT HAS HAD NO TIME TO PREPARE A DEFENSE TO THE COUNTERCLAIM.

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of a plaintiff's claims and a defendant's counterclaim "[f]or convenience, to avoid prejudice, or to expedite and economize...." Fed. R. Civ. P. 42(b) (emphasis supplied). Conducting a trial of

3

Plaintiff's longstanding FDUTPA claims together with Defendants' recently filed Counterclaim for PIP benefits would impose a severe and irremediable prejudice on Plaintiff. As explained above, Plaintiff has no ability to prepare for a trial of Defendants' Counterclaim by performing the necessary discovery, securing necessary expert opinions, and performing otherwise appropriately preparing for trial.  The only way to avoid prejudicing Plaintiff in this manner is to separate the trials of its claims and Defendants' Counterclaim, and allow a reasonable period of fact and expert discovery in advance of a trial of the Counterclaim should one become necessary.

The instant situation is directly analogous to one where a party seeks to amend a pleading in a manner that will inject new issues into the case at or near court-imposed deadlines for discovery, dispositive motions, and trial. Courts routinely deny such amendments due to the prejudice they would impose on the opposing party's ability to perform discovery and otherwise prepare for trial on the new issues raised in the amended pleading. *E.g.*, *Maynard v. Bd. of Regents of Div. of Univs. of the Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-Civ-Moreno/Otazo Reyes, 2012 WL 12861135, at *4 (S.D. Fla. Sept. 17, 2012); *Coventry First LLC v. Jerome Golden Irrevocable Ins. Trust*, No. 09-CV-80159-Ryskamp/Vitunac, 2010 WL 11597584, at *1 (S.D. Fla. Feb. 8, 2010). Requiring Plaintiff to try Defendants' Counterclaim for PIP benefits without any meaningful opportunity to perform discovery, or retain expert witnesses necessary to defend, would impose the same type of prejudice on Plaintiff that mandated denial of the requested amendments in these cases.

On the other hand, ordering separate trials of Plaintiff's FDUTPA claims and Defendants' Counterclaim for PIP benefits will impose no prejudice at all on Defendants and may conserve a substantial amount of judicial resources. Count II of the Amended Complaint requests a

4

declaration that Plaintiff has been relieved of its duty to pay PIP benefits on the 46 claims for PIP benefits, which are the subject of Defendants' Counterclaim, based on their billing improprieties. [Doc. 60, pp. 33-36] If the Court makes this declaration following the trial of Plaintiff's claims, Defendants' Counterclaim will be rendered moot because Plaintiff will not owe PIP benefits on the claims at issue therein. Such a ruling would conserve the substantial judicial resources that will be required to conduct a trial on Defendants' Counterclaim. On the other hand, if Defendants prevail on Plaintiff's claim for declaratory relief, they would then be able to proceed with the prosecution of their Counterclaim for PIP benefits without suffering any prejudice whatsoever.

In response to this motion, Defendants will almost certainly note that they timely filed their Counterclaim in response to Plaintiff's filing of its Amended Complaint on June 16, 2019, following the Court's entry of its June 3, 2019, Order on Defendants' Motion to Dismiss. [Docs. 56, 60] *See* Fed. R. Civ. P. 13(a)(1). Plaintiff is not, however, asking the Court to strike Defendants' Counterclaim or enter any relief prohibiting its adjudication. Plaintiff is only asking to have the trial of the Counterclaim separated from the trial of its longstanding FDUTPA claims, and that Plaintiff be given a reasonable opportunity to prepare a defense to the Counterclaim should it not be mooted by the adjudication of those claims.

WHEREFORE, Plaintiff/Counterdefendant, State Farm Mutual Automobile Insurance Company, respectfully requests the Court to enter an order: a) separating the trial of Defendant/Counterplaintiff's Counterclaim from the trial of the claims set forth in Plaintiff/Counterdefendant's Amended Complaint; b) ruling that if the trial of the Counterclaim will, as necessary, be scheduled after a reasonable period of time for trial preparation, including discovery, expert retention and disclosure, and the prosecution of dispositive motions; and c) granting any such other relief the Court deems necessary and proper.

**Certificate of Good Faith Conference**

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that he has conferred with Defendants' counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Dated:  July 25, 2019

Respectfully submitted,

/s/ *Kenneth P. Hazouri*
Kenneth P. Hazouri (Fla. Bar No. 019800)
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
Andrew S. Ballentine (Fla. Bar No. 118075)
aballentine@dsklawgroup.com
skuharske@dsklawgroup.com
deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone:  (407) 422-2454

*Attorneys for Plaintiff/Counterdefendant*