UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,

    Plaintiff,
v.

MANUEL V. FEIJOO,
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.

**DEFENDANTS' RESPONSE TO STATE FARM'S MOTION FOR SEPARATE TRIAL OF DEFENDANTS' COUNTERCLAIM**

State Farm's Motion should be Denied because Defendants' Counterclaim does not raise any "new issue" which State Farm has not exhaustively investigated and legal and expert analyses and is, in reality, an effort to split its own cause of action to permit two bites at the same apple. If State Farm's Motion is considered to actually have any merit, the appropriate relief would be for the Court to sever Count II and decline to exercise supplemental jurisdiction over it entirely.

**I.    DEFENDANTS' COUNTERCLAIM DOES NOT RAISE ANY "NEW ISSUES" & SEEKS IMPERMISSIBLY TO SPLIT ITS OWN CAUSE OF ACTION**

On August 16, 2018, State Farm initiated this lawsuit seeking, inter alia, a Declaratory Judgment that its denial of charges submitted by Defendants for the treatment of patients identified in an attached Exhibit "C" was correct. See ECF Doc 1, ¶32-35. As the entire basis for standing to bring a Declaratory Judgment action, State Farm alleged that it "believes and

1

contends that it does not owe" Defendants for any of the charges reflected on Exhibit "C" and that the Defendants "dispute and disagree with State Farm's beliefs" that the charges are owed and "therefore, there is an actual, present controversy" over the charges. Id., ¶36-37.

Defendants timely filed a Motion to Dismiss State Farm's Complaint on November 18, 2018 (ECF Doc 23). On June 3, 2019, Judge Moore granted in part Defendants' Motion to Dismiss with leave to file an Amended Complaint. (ECF Doc 56). On June 16, 2019, State Farm filed an Amended Complaint (ECF Doc 60), which contained a virtually identical demand for Declaratory Relief as to charges submitted by the Defendants and denied by State Farm, listing them in an attached Exhibit "N" this time. See ECF Doc 60, ¶107-111.

On July 1, 2019, Defendants timely filed their Answer to State Farm's Amended Complaint along with a Counterclaim demanding payment on the claims identified in both State Farm's Complaint and Amended Complaint as the subject of its Declaratory Judgment action.

As pled by State Farm itself, one of the central disputes in this case from its inception has been that State Farm "believes and contends" that it does not owe Defendants any payment for the charges identified in State Farm's Declaratory Judgment claim and the Defendants "dispute and disagree" that State Farm has properly denied these charges.[1] These are the charges identified in Defendants' Counterclaim.

Nevertheless, on July 25, 2019, State Farm filed the instant Motion to Sever on the basis that Defendants' Counterclaim "will inject new issues into the case." See ECF Doc 100, pg. 4.

This argument is belied by State Farm's own pleadings and by the facts outlined in Defendants' Motion for Summary Judgment (ECF Doc 66). These facts demonstrate that *since 2011,* State Farm has been "investigating" with the assistance of multiple experts and law firms

---

[1] State Farm admits that it has denied payment of no-fault benefits for each claim at issue in the Declaratory Judgment action. See ECF Doc 97, ¶2.

the reasonableness of the charges submitted by Defendants and the necessity of the services Defendants have provided to State Farm insureds.

State Farm's lead Project specialist, Jennifer Fuller, testified that the "issues of concern" in the 2011 and 2015 Project investigations were "necessity and billing." See ECF Doc 66-4, D-Fuller, pg. 17, L. 3 & pg. 18, L. 9-14.  In both of these Projects, State Farm obtained expert analysis on the issues of concern.  *Id.* at Pg. 100, L. 9-13 & ECF Doc 72-2, Jacob Affidavit.  Ms. Fuller also testified about peer review reports obtained by State Farm, which Ms. Fuller suggested to her superiors could be used to challenge the *medical necessity* of "all pending cases" involving Dr. Feijoo's patients.  See ECF Doc 66-4, D-Fuller, Pg. 162, L. 1-Pg. 163, L. 25.

Moreover, as will be further detailed in Defendants' Supplement to their Motion for Summary Judgment, State Farm's newly produced 2011 Project file documents demonstrate that State Farm has been investigating since 2011, with the assistance of experts and lawyers, not just the correctness of the CPT codes utilized by Dr. Feijoo, but also the reasonableness and necessity of treatment provided in every claim. This expert and legal analysis occurred on top of that which is supposed to occur in the handling of every single claim.[2]

In short, reasonableness and necessity of treatment provided by Dr. Feijoo is not a "new issue" in this case, it is a very *old* issue which State Farm thoroughly investigated.  State Farm clearly decided there was no basis to challenge either the reasonableness or necessity of the treatment in any claim.  This is why it made the choice to limit the basis for its denials to the applicability of the codes submitted.

---

[2] Lisa Varela testified that reasonableness, relatedness and causation is considered by State Farm in every claim before issuing any payment.  See ECF Doc 66-18, Varela-D, Pg. 37, L. 16-22.

On the other hand, from the beginning of this case and throughout his deposition(s), Dr. Feijoo has testified to the reasonableness and necessity of his treatment and his rationale for providing it.  See, e.g., ECF Doc 71-2, pg. 123, L. 9-pg. 124, L. 20; Pg. 128, L. 21-Pg. 129, L. 3; Pg. 173, L. 4-Pg. 175, L. 19; Pg. 219, L. 22-Pg. 220, L. 24; Pg. 266, L. 1-Pg. 267, L. 20; Pg. 298, L.-Pg. 300, L. 17.  All of the information which supports this testimony has long been in the hands of State Farm and its expert(s).  State Farm's testifying expert in fact states that he reviewed "the entirety of the Clinic's medical charts" of every patient whose treatment is at issue in the Declaratory Judgment Action/Counterclaim.  See ECF Doc 72-2, ¶10.

State Farm has thus already conducted years of discovery and retained multiple experts to analyze the issue of the reasonableness and necessity of Dr. Feijoo's treatment.  After doing so, it chose to limit the basis of its denials of payment to Dr. Feijoo to the applicability of the codes utilized.  Its argument that Dr. Feijoo's demand to be paid on these bills "left no time to conduct discovery" or "retain expert witnesses" to defend against Dr. Feijoo's demand is simply not tenable.

The crux of State Farm's argument is that its own cause of action requires two procedurally distinct factual inquiries because there are different theories which might support it.  It argues that the cause of action that its denials of Dr. Feijoo's bills are correct is limited to a theory that the coding utilized by Dr. Feijoo was improper, and they therefore never contemplated nor performed any discovery on whether the denials might also be justified under a theory that the services were unreasonable or unnecessary.

But such claim splitting is expressly forbidden.  "The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action.  Federal courts also recognize a prohibition against splitting of

4

claims relating to the same transaction or occurrence." Robbins v. Gen. Motors De Mexico, S. DE R.L. DE CV., 816 F. Supp. 2d 1261, 1263 (M.D. Fla. 2011), *citing* Dept. of Agric. & Consumer Servs. v. Mid–Florida Growers, 570 So.2d 892, 901 (Fla.1990).

Claim splitting is "filing a set of claims based on certain theories, then subsequently filing a second set of claims asserting the same operative facts under different legal theories once the first set of claims have proceeded to judgment." Igwe v. City of Miami, 2016 WL 7671370, at *7 (S.D. Fla. Sept. 29, 2016).

State Farm obviously could not have filed one action justifying its denials on a theory of bad coding, and then, upon losing that case, filed a second action on the theory that its denials were justified because the treatment was unreasonable and unnecessary. Yet this is the basis for its argument that it is entitled to some additional period of discovery as a result of the counterclaim being filed seeking payment on the claims at issue in State Farm's Declaratory Judgment action.

It argues that Defendants' Counterclaim is somehow an unforeseen or uncontemplated separate action simply because it implicates a separate theory by which its denials might be justified.

Simply put, State Farm wants an extra bite at the apple it has been gnawing on for 8 years now, but Florida and federal law prohibit it from doing so.

## II. SEVERANCE OF THE DECLARATORY JUDGMENT COUNT WOULD OFFER STATE FARM THE OPPORTUNITY IT SAYS IT NEEDS TO DEFEND THE COUNTERCLAIM IN STATE COURT AND AVOID ANY DELAY OF TRIAL

The only basis for this Court's jurisdiction over State Farm's Declaratory Judgment action is supplemental to the FDUTPA claim, which is based on diversity jurisdiction and the amount in controversy. As identified in State Farm's Exhibit "N" to its Amended Complaint, the

total amount owed on the claims at issue in the Declaratory Judgment action and in the Counterclaim is $19,074.16.  In short, neither of these cases is worthy of federal court jurisdiction.

As stated in the status conference with the Court on August 2, 2019, any delay of trial would work an unfair burden on Dr. Feijoo financially.  Not only would he have to incur the additional legal expense of further discovery, he would have to longer endure State Farm's blanket denial of payments to him regardless of the injuries suffered or treatment provided to State Farm insureds.  Because of this economic pressure, Dr. Feijoo has had to turn away numerous patients he would otherwise have treated simply because they were insured by State Farm.  Any prolongation of the reduction in income he has incurred as a result would seriously jeopardize his ability to fund his defense through trial.

This Court has discretion under 28 U.S.C. §1367(c) to decline to exercise its supplemental jurisdiction over the PIP claims at issue in Count II and in the Counterclaim.  The statute permits the Court to decline to exercise supplemental jurisdiction if there are "compelling reasons" to do so.  In Estate of Amergi ex rel. Amergi v. Palestinian Auth., 611 F.3d 1350, 1366–67 (11th Cir. 2010), the Eleventh Circuit held that compelling reasons to decline supplemental jurisdiction include "inconvenience, expense, and fairness to the parties," and in particular, where another forum exists for the parties to "obtain satisfaction."

The state court is obviously a forum in which both sides can obtain satisfaction on these PIP claims, and declining jurisdiction over them would avoid the tremendous inconvenience and expense any delay in trial would cause to Dr. Feijoo based on State Farm's claimed need to conduct additional discovery.

The relief State Farm seeks with its Motion is thus only appropriately available through the severance of Count II and declination of supplemental jurisdiction.

## III. TIMING

As per the Court's Order that Defendants include in their Response argument as to what amount of time would be necessary for State Farm to conduct additional discovery concerning the Counterclaim, Defendants submit respectfully that very little (if any) is necessary. State Farm has already obtained the complete charts of every claim at issue and had them reviewed by at least one expert. It has also (presumably) also adjusted each claim in accordance with the requirements of the PIP statute and then denied them for the same reasons set forth in its Count I.

Even accepting that it has not already done so exhaustively, given that it may lose this Motion, State Farm must obviously have already begun the process of having the records of Dr. Feijoo evaluated by its expert again or by other experts for an opinion on reasonableness and necessity. There are only 46 such claims involving just 1-2 visits each with Dr. Feijoo. Defendants suggest that State Farm could easily accomplish whatever additional work it feels necessary to defend its denials within 7 days and certainly without the need for any additional depositions.

## CONCLUSION

For all of the foregoing reasons it is respectfully requested that Defendants' Motion be Denied (or that State Farm's Count II be severed and the Court Decline to exercise supplemental jurisdiction over it).

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
Cdiezpivniklaw@aol.com
By: */s/ Jerome A. Pivnik*

Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email: kbsservice@schurrlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 2**, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon the following in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing: **Kenneth P. Hazouri, Esq.**, and**Andrew S. Ballentine, Esq**., deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP, 332 N,Magnolia Ave., Orlando, FL 32801, Khazouri@dsklawgroup.com ABallentine@dsklawgroup.comLquesada@dsklawgroup.com Lmorales@dsklawgroup.com.

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
Cdiezpivniklaw@aol.com
By: */s/ Jerome A. Pivnik*
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email: kbsservice@schurrlaw.com