# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:18-cv-23329-RAR**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants/Counter-Plaintiffs.
_____/

**AFFIDAVIT OF TIMOTHY BANAHAN IN OPPOSITION TO DEFENDANTS'**
**SUPPLEMENT TO THEIR MOTION FOR SUMMARY JUDGMENT**

BEFORE ME, the undersigned duly authorized Notary Public, personally appeared Timothy Banahan, who after being duly sworn, deposes and says:

    1.    I am over the age of eighteen and competent to testify herein.

    2.    I am an SIU Claim Team Manager for State Farm Mutual Automobile Insurance Company ("SFM"), and I have personal knowledge of the facts set forth in this affidavit.

    3.    I have reviewed the Supplement to Defendants' Motion for Summary Judgment Based on the Revelations of State Farm's 2011 Project Documents (the "Supplemental MSJ") [Doc. No. 108], which includes a lengthy excerpt on pages 6 and 7 quoted from the expert report of Defendants' claims handling expert, J'Amy Kluender ("Ms. Kluender").

    4.    I have also reviewed Defendants' Supplemental Statement of Facts in Support of Defendants' Summary Judgment Motion (the "Supplemental SOF") [Doc. No. 109] and the documents attached thereto as Exhibits A through C. Exhibit A to the Supplemental SOF consists of a two-page document (SFPROD000473860-SFPROD000473861) dated August 26, 2011 and

titled "Project Scope Memo" (the "2011 Scope Memo").  Exhibit B to the Supplemental SOF consists of a ten-page document (SFPROD000473863-SFPROD000473872) dated November 7, 2011 and titled "Multi-Claim Investigation Preliminary" (the "2011 Preliminary Report").  Exhibit C to the Supplemental SOF is a condensed copy of a portion of my testimony at deposition in this action as SFM's designated corporate representative.

5.  In preparation for my deposition as SFM's corporate representative, I reviewed the 2011 Scope Memo and 2011 Preliminary Report along with numerous documents from SFM's 2015 investigation of Dr. Feijoo and the Clinic.

6.  The Supplemental MSJ states that each of "the hundreds of PIP lawsuits filed by Dr. Feijoo between 2011 and 2018 . . . was deliberately 'coordinated' by State Farm's SIU cabal of investigators and law firms." [Doc. No. 108] at 6.  This statement and its characterization are factually inaccurate. SFM's SIU was not involved in, or even necessarily aware of, each and every PIP lawsuit filed by Dr. Feijoo between 2011 and 2018. Moreover, SFM's SIU did not even have a project open on Dr. Feijoo from over three year period from in or about October 2012 to in or about December 2015.

7.  Additionally, the sentence quoted in the Supplemental MSJ from the 2011 Preliminary Report in support of the foregoing is also inaccurate. Defendants inserted a period after the word "suits" that does not appear in the source document.  In truth, the remainder of the sentence following the word "suits" was redacted.

8.  Ms. Kluender's conclusion quoted on pages 6 and 7 of the Supplemental MSJ that "the true and sole purpose of both Feijoo Projects was to manufacture one justification for denying all payments to Dr. Feijoo regardless of the injuries suffered by an individual insured and regardless of the treatment actually provided to the insured[ ]" is categorically false.

2

9. The statement on page 7 of the Supplemental MSJ that "the entire purpose of this lawsuit was to manufacture 'leverage' against Dr. Feijoo's PIP suits" is inaccurate and also mischaracterizes my deposition testimony. *See* Suppl. SOF, Ex. C at 152:18-153:17.

10. The statement on page 8 of the Supplemental MSJ that I, as corporate representative for SFM, "decried the unfairness to an insurance company of the [PIP] law's time limits and attorney fee provisions" is also an inaccurate characterization of my testimony. I was asked about and testified to statutory requirements regarding the payment of claims for PIP benefits, but at no point did I state or suggest that the Florida Motor Vehicle No-Fault Act was "unfair" or otherwise comment in any way on the law's fairness. In fact, the only mention of any form of the word "unfair" in my deposition occurred more than 30 pages prior to the section cited by Defendants' Supplemental MSJ, in reference to Florida's Deceptive and Unfair Trade Practices Act. *See* Suppl. SOF, Ex. C at 197:17-199:2.

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

FURTHER AFFIANT SAYETH NAUGHT.

_____
Timothy Banahan

STATE OF FLORIDA

COUNTY OF Lake

SWORN TO AND SUBSCRIBED before me this 23rd day of August, 2019, by Timothy Banahan, ___ who is personally known to me or ✓ who has provided Fl. DL. as identification, and who did take an oath.

(SEAL)

Notary Public State of Florida
Carmen Espinoza
My Commission GG 266398
Expires 10/14/2022

_____ Carmen Espinoza.
Signature of Notary Public

4