UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,
v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.
_____/

**PLAINTIFF/COUNTERDEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING DEFENDANTS' MOTIONS IN LIMINE**

Plaintiff/Counterdefendant, State Farm Mutual Automobile Insurance Company ("Plaintiff"), by counsel hereby responds to the Court's Order to Show Cause [Doc. 133] regarding the Motions in Limine [Docs. 68–69] filed by Defendants/Counterplaintiffs, Manuel V. Feijoo ("Dr. Feijoo") and Manuel V. Feijoo, M.D., P.A. (the "Clinic") (collectively, the "Defendants"), and states as follows:

    1.    Plaintiff did not file responses to Defendants' Motions in Limine because, after reviewing the motions in the course of preparing responses to Defendants' Motion for Summary Judgment and Defendants' Statement of Material Facts in Support of Motion for Summary Judgment (Docs. 65–66) as well as its Answer to Defendants' Counterclaim (Doc. 74), and reviewing Defendants' responses to Plaintiff's own motions (Docs. 70–73), Plaintiff did not initially ascertain objections to the relief requested in them.  Plaintiff apologizes for any confusion or inconvenience this has caused the Court.

2. In regards to Defendants' second[1] Motion in Limine [Doc. 69], Dr. Feijoo testified in his deposition that the Center for Medicare and Medicaid Services have not in the past initiated any disciplinary proceedings against him, and Plaintiff currently does not have evidence suggesting this testimony is inaccurate. Accordingly, Plaintiff does not object to entry of an Order in Limine precluding admission of evidence "that Dr. Feijoo ever entered into an agreement not to bill Medicare or Medicaid or that he was 'flagged'" as requested by Defendants. [Doc. 69, ¶ 7]

3. As regards Defendants' first Motion in Limine relating to Dr. Feijoo's provision of hair restoration services [Doc. 68], Plaintiff does not intend to focus on those services, or in any manner disparage Dr. Feijoo for providing them, at trial. As such, Plaintiff does not object to an order in limine prohibiting Plaintiff from making critical or disparaging remarks regarding Dr. Feijoo's provision of hair restoration services.

4. The fact that Dr. Feijoo has provided and/or continues to provide hair restoration services is, however, part of his background and experience as a medical practitioner, which are relevant to the claims and defenses in this case. Dr. Feijoo's provision of hair restoration services may also be disclosed in other relevant evidence. For example, the signage on the front glass of the Clinic states that he provides "Hair Transplant" services, which is reflected in a photograph Plaintiff intends to admit into evidence. Allowing to the jury to see an accurate picture of Dr. Feijoo's office as it presents to the public is not in any manner prejudicial to Defendants. Accordingly, Plaintiff respectfully submits that the Court should not enter an order in limine prohibiting any references to, or evidence of Dr. Feijoo's provision of hair restoration services, as such an order would be overly broad and prejudicial to Plaintiff.

---

[1] Plaintiff refers to these as Defendants' "first" and "second" Motions in Limine based on the order in which they were filed with this Court.

5. In addition, Plaintiff would note that Defendants' Motions in Limine are procedurally defective on two counts. First, the Court's Scheduling Order [Doc. 14] limited each party "to one motion in limine (other than Daubert motions)." Second, Defendants' counsel did not attempt to confer with counsel for Plaintiff "in a good faith effort to resolve by agreement the issues" raised in the Motions in Limine, as required by Local Rule 7.1(a)(3), and neither of Defendants' Motions in Limine include the mandatory certificates of pre-filing conference. Plaintiff is not requesting that Defendants' Motions in Limine be struck on these procedural grounds. If, however, the Court will consider Defendants' Motions in Limine despite these procedural defects, Plaintiff respectfully requests the Court to consider the above-stated arguments regarding Defendants' first Motion in Limine.

Dated this 16th day of September, 2019.

Respectfully submitted,

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
**deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP**
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
**Holland & Knight LLP**

222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counterdefendant*