**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:18-cv-23329-Ruiz/Becerra**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

      Defendants/Counter-Plaintiffs.

_____/

**PLAINTIFF/COUNTER-DEFENDANT'S SUPPLEMENT TO ITS**
**MOTION FOR SUMMARY JUDGMENT DIRECTED TO DEFENDANTS'**
**COUNTERCLAIM**

Plaintiff/Counter-Defendant, State Farm Mutual Automobile Insurance Company

("SFM"), by counsel and pursuant to Federal Rule of Civil Procedure 56 and this Court's Omnibus

Order permitting SFM to supplement its motion for summary judgment to address Defendants'

counterclaim [ECF No. 115, ¶ 4], hereby moves for final summary judgment on thirty (30) of the

individual PIP claims set forth in Defendants/Counter-Plaintiffs, Manuel V. Feijoo ("Dr. Feijoo")

and Manuel V. Feijoo, M.D., P.A.'s (the "Clinic") (collectively, the "Defendants"), breach of

contract Counterclaim and in support states as follows:

**SUMMARY OF THE ARGUMENT**

After being sued for violations of Florida's Deceptive and Unfair Trade Practices Act due

to materially untrue and misleading submissions to SFM, Defendants filed a breach of contract

counterclaim alleging SFM failed to pay forty-six (46) of the at-issue PIP claims. Thirty (30) of

the forty-six (46) claims are legally defective because Defendants failed to satisfy the mandatory

pre-suit demand requirements set forth in Florida Statute § 627.736(10) ("§ 627.736(10)").   As

explained in the Affidavit of Timothy Banahan attached hereto as Exhibit "A": (a) for eleven (11)

of the at-issue PIP claims, Defendants failed to serve a statutory demand on SFM prior to filing

their Counterclaim; and b) for nineteen (19) of the at-issue PIP claims, Defendants filed their

Counterclaim *before* expiration of the mandatory thirty (30) day waiting period following SFM's

receipt of Defendants' statutory demands. Defendants' failure to satisfy § 627.736(10)'s

mandatory pre-suit demand requirements is fatal to their ability to recover PIP benefits on these

30 claims.

<strong><u>FACTUAL BACKGROUND</u></strong>

On August 16, 2018, SFM initiated this action by filing its Complaint against Defendants.

[ECF No. 1].  On July 2, 2019, Defendants filed a Counterclaim for breach of contract seeking to

recover unpaid PIP benefits for medical services allegedly provided to the patients identified in

Exhibit "N" to SFM's Amended Complaint. [ECF No. 74, pp. 12-15].  Accordingly, Defendants

had over eight months to satisfy § 627.736(10)'s demand-letter requirements that are the subject

of this motion.

Due to the impending September trial date, on July 25, 2019, SFM filed a motion to

bifurcate its claims from the Counterclaim to allow SFM time to conduct discovery, retain an

expert witness, file dispositive motions, and otherwise prepare for trial on the counterclaim issues.

[ECF No. 100]. In lieu of bifurcating the case, the court moved the trial date and pre-trial deadlines

to allow the parties additional time to conduct discovery on Defendants' Counterclaim. [ECF No.

115]. Immediately thereafter, SFM served requests for admission, requests for production, and

interrogatories directed at the issues raised in the Counterclaim, including whether Defendants had

complied with § 627.736(10)'s pre-suit demand letter requirement for the forty-six (46) PIP claims at issue in the Counterclaim.  At the end of the extended discovery period, Defendants filed evasive and non-responsive answers to these discovery requests.  Tellingly, Defendants failed to produce or identify the bates numbers for even a single pre-suit demand letter for any of the PIP claims at issue in their Counterclaim.

<u>**LEGAL ARGUMENT**</u>

I.   **<u>Florida's PIP Statute Requires Medical Providers to Serve a Pre-Suit Demand Letter as a Condition Precedent to Filing a Claim to Recover PIP benefits and Prohibits Medical Providers from Filing a Lawsuit to Recover the Claimed Benefits until Passage of Thirty (30) Days from the Date the Insurer Receives the Demand Letter.</u>**

Florida's PIP statute unambiguously bars a claim for PIP benefits where the claimant fails to serve a timely pre-suit demand letter on the insurer. Fla. Stat. § 627.736(10). Section 627.736(10) states "[a]s a <u>condition precedent</u> to filing any action for benefits under this section, written notice of an intent to initiate litigation <u>must</u> be provided to the insurer." Fla. Stat. § 627.736(10) (emphasis added). Upon receipt of the demand letter, the insurer has 30 days to avoid the medical provider's filing of a lawsuit by paying the claimed PIP benefits. Fla. Stat. § 627.736(10)(d). As such, the medical provider's action for PIP benefits does not become ripe until 30 days after the insurer's receipt of the demand letter (as confirmed by a certified mail receipt), and the provider must await passage of the 30 days before filing any action. *Id.*; *see also USAA Cas. Ins. Co. v. Emergency Physicians of Cent. Fla.*, 200 So. 3d 153, 155 (Fla. 5th DCA 2016) (acknowledging the insurer has "30 days after receipt of the claimant's pre-suit demand letter" to pay or deny the PIP claim). The Florida legislature, in enacting the PIP statute, did not provide any exceptions to this 30-day pre-suit notice requirement.

In *Menendez v. Progressive Express Insurance Co.*, 35 So. 3d 873, 879-80 (Fla. 2010), the Florida Supreme Court explained that "an action for a claim of benefits cannot be initiated until

the additional time for payment has expired . . . . an insured must now take additional steps beyond filing an application for PIP benefits and beyond complying with section 627.727(4). <u>This includes the preparation and provision of a written notice of intent to litigate</u>." (emphasis added). Likewise, the Eleventh Circuit Court of Appeal held plaintiffs must make a timely demand for payment from the insurer under section 627.736(10) before initiating a lawsuit to recover PIP benefits. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014); *see also DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676, 680 (S.D. Fla. 2010), *aff'd*, 469 F. App'x 762 (11th Cir. 2012) (explaining that "[p]ursuant to subsection 10(a), a condition precedent for filing <u>any action</u> for benefits under the No–Fault Statute is that 'the insurer must be provided with written notice of an intent to initiate litigation.'") (emphasis added); *MRI Assocs. of Am., LLC v. State Farm Fire & Cas. Co.*, 61 So. 3d 462, 464 (Fla. 4th DCA 2011) (holding "[s]uit may not be initiated until a demand letter is sent" and the demand letter "may not be sent until the payment is *overdue*") (emphasis in original); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207-08 (M.D. Fla. 2010) (citing Fla. Stat. § 627.736(10) and explaining "Florida's statutory PIP benefit scheme requires, before filing suit, that a claimant send a pre-suit notice of intent to initiate litigation specifying the date of treatment, service provided, type of benefit, and exact amount claimed to be due.").

Where a medical provider who has accepted an assignment of benefits from the insured fails to serve a timely demand under § 627.736(10) before filing an action for PIP benefits, summary judgment for the insurer is appropriate. *See, e.g., MRI Assocs. of Am., LLC v. State Farm Fire & Cas. Co.*, 61 So. 3d 462, 465 (Fla. 4th DCA 2011) (affirming the lower court's grant of SFM's motion for summary judgment where the provider failed to satisfy § 627.736(10)'s demand

letter requirement because "[t]he statutory requirements surrounding a demand letter are significant, substantive preconditions to bringing a cause of action for PIP benefits").

The pre-suit demand requirement is strict. Even in cases where a timely demand was sent, courts will grant summary judgment for the insurer where the demand does not contain each of the necessary elements required under the PIP statute. *See, e.g., Fountain Imaging of West Palm Bch., LLC v. Progressive Express Ins. Co.*, 14 Fla. L. Weekly Supp. 614a (Fla. Palm Bch. Cir. Ct. 2007) (affirming summary judgment in the insurer's favor because the pre-suit demand letter was premature where the MRI company did not provide the insurer with proper notice of the exact amount owed); *The Ctr. for Bone & Joint, P.A. v. State Farm Mut. Auto. Ins. Co.*, 25 Fla. L. Weekly Supp. 979c (Fla. Hillsborough Cir. Ct. 2017) (granting SFM's motion for summary judgment where the pre-suit demand did not include all of the necessary information); *c.f. Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1288 (S.D. Fla. 2007) (stating Florida's "very specific notice requirement does not simply specify the time period in which suit may be filed, but rather clearly establishes a condition precedent to filing suit, and the <u>failure to comply with this condition precedent eliminates the availability of a remedy</u>.") (emphasis added).

*Shenandoah Chiropractic* contains a detailed discussion of the policy behind Florida's pre-suit notice requirement, including "that fraud and abuse in the area of PIP coverage was widespread and undermining the purposes of the PIP statute." *Id*. at 1286. In fact, the legislative history of § 627.736(10)'s demand letter requirement specifically includes reference to "phony or inflated billing, unnecessary or inappropriate diagnostic testing, and trumped up lawsuits." *Id*. (quoting Statewide Grand Jury Report on Insurance Fraud Related to Personal Injury Protection, Florida Supreme Court Case No. 95,746 (2012) ("Grand Jury Report") (internal quotations omitted). As the Grand Jury Report discusses, "[u]nfortunately, a number of greedy and unscrupulous legal and

medical professionals have turned that $10,000 coverage into their personal slush fund." *See* Grand Jury Report. Certain medical providers "think nothing of enriching themselves by exploiting the misfortunes of others. The result is loss of coverage and marginal medical treatment for those who are injured." *Id*. These are the same issues that are the gravamen of this case: Defendants carried out a scheme to perform and bill for unreasonable and medically unnecessary treatment for their personal financial enrichment and now prematurely seek reimbursement of PIP benefits before serving a proper pre-suit demand.

Defendants and their counsel are well-aware of this pre-suit demand requirement. In fact, counsel for Defendants (Mr. Baratta) brought a similar counterclaim for outstanding PIP benefits under Florida's no-fault statute that was <u>dismissed for failure to serve the mandatory pre-suit demands</u>. In *Allstate Ins. Co. v. Pennsylvania Chiropractic Services Corp.*, No. CV 16-1318, 2016 WL 6247053, at *1 (E.D. Pa. Oct. 24, 2016), Allstate sued various chiropractic clinics for their scheme to defraud Allstate by submitting false medical records and invoices for payment under the same Florida no-fault statute, as well as the no-fault statutes for Kentucky, Pennsylvania, and Massachusetts. Several defendants advanced counterclaims alleging Allstate failed to reimburse the clinics for reasonable medical services provided under these no-fault statutes. *Id*. With regard to the Florida no-fault claims, Allstate argued the counterclaims should be dismissed because "Plaintiffs have not complied with the statutory requirements for bringing a claim under Florida's PIP Statute." *Id*. at *4. Applying Florida law, the court dismissed the defendant's counterclaims for PIP benefits based on the following analysis:

> The Florida PIP Statute <u>expressly</u> establishes a condition precedent that a would-be Plaintiff under the statute must comply with before filing suit. These requirements are specific, and serve a legislative purpose under the statute beyond just encouraging settlement. The same provision that provides a right of action under the statute requires certain requirements to be met before an action can be

brought.  <u>Without compliance with this requirement, a Plaintiff's right of action is eliminated</u>.

*Id*. at \*6 (emphasis added). Following this logic, and as explained in the following section, the Court should grant SFM's motion for summary judgment on thirty (30) of the PIP claims at issue in the Counterclaim for which Defendants have failed to satisfy the demand letter requirements of § 627.736(10).

## II.  <u>Defendants Failed to Serve Timely Pre-Suit Demands</u>

Defendants' Counterclaim expressly acknowledges § 627.736(10)'s pre-suit demand requirement.  Indeed, the Counterclaim explicitly alleges "[d]emand was made upon the STATE FARM to pay said benefits pursuant to the subject insurance policy, as well as Florida law. FEIJOO and the insured patients have otherwise complied with all contractual and statutory conditions precedent to bringing this action and to recover PIP benefits under the subject insurance policy, including but not limited to . . . <u>properly submitt[ing] an appropriate pre-suit notice of intent to initiate litigation.</u>" [ECF No. 74, pp. 13-14; emphasis added].

After making these express allegations in their Counterclaim, Defendants then refused to serve any substantive responses to SFM's discovery requests directed to them. SFM propounded requests for production on Defendants seeking copies of these purported demands. Defendants responded by saying "see documents already produced"—even though Defendants have not previously produced any demand letters allegedly served pursuant to § 627.736(10) on the PIP claims at issue in their Counterclaim.  *See* 8/17/19 RFPs to Defs. and 9/26/19 Defs. Resp. to RFPs, at No. 2, copies of which are attached as Composite Exhibit "B". Likewise, SFM served an interrogatory asking Defendants to identify the date, to/from, and contents of any demand letters on the PIP claims at issue in their Counterclaim.  *See* 8/17/19 ROGs to Defs. and 9/26/19 Defs. Resp. to ROGs, at No. 9, copies of which are attached as Composite Exhibit "C."  Defendants

responded that the documents "are in State Farm's possession"—without providing any bates ranges or other identifying information relating to the purported demands. *Id*. SFM searched the documents Defendants previously produced in discovery in this case and have not located a single pre-suit demand letter.[1]

As outlined in the Affidavit of Timothy Banahan attached hereto, Mr. Banahan reviewed SFM's records and confirmed Defendants failed to satisfy the demand letter requirements set forth in § 627.736(10) in at least 30 of the at-issue PIP claims. *See* Affidavit of Timothy Banahan, dated Sept. 30, 2019, attached as Exhibit "A." For eleven of those PIP claims, Defendants did not serve SFM with any pre-suit demand letter prior to filing their Counterclaim. *Id*. at ¶ 4. For an additional 19 of those PIP claims, Defendants did not wait the mandatory 30 days after SFM's receipt of the demand letters before filing their Counterclaim to recover PIP benefits on July 22, 2019. *Id*. at ¶¶ 5-6. Thus, each of these thirty (30) PIP claims are premature and fatally defective.

No doubt realizing this fact, Defendants now argue, for the first time, that they are not required to comply with the pre-suit demand requirements because SFM denied each bill and initiated this lawsuit. *See* 9/26/19 Defs. Resp. to RFPs, at No. 2 ("by filing its lawsuit and denying each bill which is the subject of Counterclaim Plaintiff's action, the requirement of a pre-suit letter was waived"); 9/26/19 Defs. Resp. to ROGs, at No. 9, 18 ("by filing its lawsuit and denying each bill which is the subject of Counterclaim Plaintiff's action, a compulsory counterclaim, the requirement of a pre-suit letter was waived"); 9/25/19 Defs. Resp. to RFAs, at No. 1-31, ("[b]y filing its lawsuit and denying each bill which is the subject of Counterclaim Plaintiff's action, the requirement of a pre-suit letter was waived"), a copy of which as well as the 8/17/19 RFAs to Defs.

---

[1] SFM located the demand letters attached to as composite Exhibit "1" to the Affidavit of Timothy Banahan in its Enterprise Claims System.

are attached as Exhibit "D." This argument directly contradicts the allegations in Defendants' Counterclaim, which explicitly recognize their obligation to serve pre-suit demand letters on the PIP claims at issue therein. *See supra* p. 7. Defendants' meritless argument is also belied by the fact that they served SFM with demand letters on 19 claims of the at-issue claims, but then failed to wait the mandatory 30 days after SFM's receipt of them to file their Counterclaim.

Defendants' argument is also unsupported and directly contrary to Florida law. The mere fact that Defendants assert their breach of contract claim under the guise of a counterclaim does not absolve them from the unambiguous statutory requirements of § 627.736(10) and the well-established case law interpreting and applying this statute. The PIP statute does not contain any statutory exceptions to the requirement of a pre-suit demand notice, and Defendants cannot invent an exception to save their claims from dismissal. Indeed, these arguments were rejected in the *Pennsylvania Chiropractic Services Corp.* case referenced above.

Based on the foregoing, Defendants' failure to comply with the pre-suit demand letter requirements set forth in Florida's PIP statute is unequivocally fatal to 30 of their 46 claims for PIP benefits identified in Mr. Banahan's attached affidavit. The Court should, therefore, enter summary judgment for SFM on those 30 claims.

WHEREFORE, Plaintiff/Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests the Court to enter summary judgment in its favor on 30 PIP claims at issue in Defendants/Counter-Plaintiffs' Counterclaim identified in the Affidavit of Timothy Banahan attached hereto and to grant Defendant/Counter-Plaintiff any such other relief the Court deems necessary and proper.

Dated September 30, 2019.

Respectfully submitted,

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
DEBEAUBIEN, SIMMONS, KNIGHT,
   MANTZARIS AND NEAL, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counter-Defendant*