# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 1:18-cv-23329

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,
v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.
_____/

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Counter-Plaintiffs,
v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Defendant.
_____/

**COUNTER-DEFENDANT'S SECOND SET OF INTERROGATORIES TO COUNTER-PLAINTIFF, MANUEL V. FEIJOO, M.D., P.A.**

Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("SFM"), by counsel and pursuant to Federal Rule of Civil Procedure 33, hereby propounds the following interrogatories on Counter-Plaintiff, MANUEL V. FEIJOO, M.D., P.A. ("Feijoo, P.A." or "You"), and requests You serve sworn answers to the Interrogatories on or before thirty (30) days, unless responses are due at an earlier date pursuant to court order, from the date of service:

**Definitions and Instructions**

1. "Feijoo, P.A." means Counter-Plaintiff, MANUEL V. FEIJOO, M.D., P.A.

2. "Feijoo" means Counter-Plaintiff, MANUEL V. FEIJOO.

3. "Document" means any writing on paper or electronically stored, video or audio recording, photograph, text message, e-mail, and any other electronically stored information, and also includes each copy of a document that is not identical to the original or to any other identified copy thereof.

4. "Pertain to" or "pertaining to" means relates to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

5. The terms "and" and "or" shall be construed in the conjunctive or the disjunctive, and the singular shall include the plural and vice versa, as necessary to bring within the scope of these Interrogatories all answers and information which might otherwise be construed to be outside their scope.

6. "Identify" or "the identity of," when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including: (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., Microsoft Word or Microsoft Excel); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored

information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

7. "Identify" or "the identity of," when used in reference to an individual person, means to state his or her full name, address, and telephone number.

8. "Identify" or "the identity of," when used in reference to a corporation, partnership or any other entity, means to state the full name of the entity, its address, telephone number and corporate headquarter information, if applicable, as well as any other information requested in the particular interrogatory.

9. Unless otherwise specified, the time period applicable to this Interrogatory is from August 16, 2014, to the present.

10. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

11. "Complaint" means Plaintiff's Amended Complaint [ECF No. 60] filed in this action.

12. "Counterclaim" means the Counterclaim contained within Defendants' Answer, Affirmative Defenses and Counterclaim [ECF No. 75 at 12–15] filed in this action.

13. "Insured" means each individual listed by their initials in Exhibit "N" to the Complaint, and the "Insureds" means those individuals listed by their initials in Exhibit "N" collectively.

14. "You," "Your" or "Counter-Plaintiffs" means Feijoo, P.A.

15. "SFM" means Plaintiff and Counter-Defendant State Farm Mutual Automobile Insurance Company including any officer, director, employee, representative, or agent acting on its behalf.

16.     "Requests for Admission" means the requests for admission served contemporaneously with these requests for production that relate to Your Counterclaim. All claims of privilege and work product in response to an interrogatory shall be asserted in compliance with Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.1(e).

17.     Pursuant to Federal Rule of Civil Procedure 26(e)(1), these interrogatories are deemed to be continuing in nature, and in the event Feijoo, P.A. becomes aware of additional responsive information, Feijoo, P.A. is requested to promptly provide such additional responsive information to Counter-Defendant.

## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 13:** What is the name and address of the person or persons assisting in the preparation of the answers or have knowledge supporting the answers to these Interrogatories and, if applicable, the official position or relationship of the person or persons with the party to whom the Interrogatories are directed?

**ANSWER:**

**INTERROGATORY NO. 14:** For each claim listed in Exhibit "N" of the Complaint, please provide the name, qualifications, and license number(s) for each and every doctor, nurse, or other person that participated, in any way, in the examination, care, or treatment of each Insured.

**ANSWER:**

**INTERROGATORY NO. 15:** For each claim listed in Exhibit "N" of the Complaint, please provide the name of each and every person, entity, or independent contractor, who generated, submitted, negotiated, or collected any monies from SFM related to the treatment of any of the Insureds.

**ANSWER:**

**INTERROGATORY NO. 16:** For each claim listed in Exhibit "N" of the Complaint, please identify the date(s) You responded to SFM's request pursuant to section 627.736(6)(b), Florida Statutes, who sent the response or has knowledge of the response, where

the response was sent, what documents were included in the response, and all documents You allege will support any contention that You fully complied with the 6(b) request or, in the alternative, that your failure to respond was excused or not required.

**ANSWER:**


**INTERROGATORY NO. 17:**   For each claim listed in Exhibit "N" of the Complaint, please identify the date upon which You contend each charge You submitted to SFM for services rendered to the Insured for each respective claim became overdue as defined in section 627.736, Florida Statutes.

**ANSWER:**


**INTERROGATORY NO. 18:**   For each claim listed in Exhibit "N" of the Complaint, please identify the date that You submitted a statutory demand letter, pursuant to section 627.736(10), Florida Statutes, to SFM, who sent the demand letter, where the demand letter was sent, what documents were included with the demand letter, and all facts You allege support that You fully complied with the statutory conditions precedent to file the Counterclaim for each respective Insured or, in the alternative, that Your failure to satisfy the conditions precedent to file the Counterclaim was excused or not required.

**ANSWER:**


**INTERROGATORY NO. 19:**   For each claim listed in Exhibit "N" of the Complaint, please identify the date You submitted any charge to SFM and the relevant date of service for any services provided to the Insureds.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state whether Feijoo, P.A. or Feijoo has ever been a party, either plaintiff or defendant, in any lawsuit other than the present matter? If so, please state whether Feijoo, P.A. or Feijoo was the plaintiff or defendant, the nature of the action, the name of the parties in the case, and the date and court where each suit was filed.

**ANSWER:**

**INTERROGATORY NO. 21:** For each Requests for Admission that you either fully or partially denied, please explain in detail why you were unable to admit the Request for Admission, identify any documents supporting the full or partial denial, and identify all witnesses who may testify either at deposition or trial in support of your response.

**ANSWER:**

**INTERROGATORY NO. 22:** For each claim listed in Exhibit "N" of the Complaint, please identify the basis for concluding that any injuries suffered by the Insured were related to the subject automobile accident and that Your treatment of such Insured was medically necessary.

**ANSWER:**

**INTERROGATORY NO. 23:** For each claim listed in Exhibit "N" of the Complaint, please identify the reasons You believe Your charge for each CPT code billed to SFM

for each date of service was "reasonable in terms of the price charged for the services rendered" as stated in Your Counterclaim.

**ANSWER:**


**INTERROGATORY NO. 24:**   Please provide the basis for Your belief that SFM's corporate designee admitted SFM "wrongfully" denied payments to You or "illegally" denied payments to You.

**ANSWER:**




**INTERROGATORY NO. 25:**   Please provide the amount you believe to be owed for each charge You submitted, the amount of interest You believe to be owed, and the amount of attorneys' fees You alleged to be owed for each of the Insureds listed in Exhibit "N" to the Complaint.

**ANSWER:**

## **Verification of Feijoo, P.A.'s Second Set of Interrogatories**

**STATE OF FLORIDA**
**COUNTY OF** _____

      **BEFORE ME** the undersigned authority duly authorized to administer oaths, personally appeared _____, on this \_\_\_ day of _____, 2019, who, after being duly sworn, deposes and says that he has answered each of the foregoing Interrogatories truthfully and to the best of his/her knowledge.

_____
**By:**
**Manuel V. Feijoo, M.D., P.A.**

      Sworn to and subscribed before me on this _____ day of _____, 2019, by _____, MANUEL V. FEIJOO, M.D., P.A.'s _____, \_\_\_\_ who is personally known to me or \_\_\_ who produced _____ as identification.

_____
Signature of Notary Public

_____
Print, type, or stamp commissioned name of Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STATE FARM MUTUAL AUTOMOBILE　　　　　Case No.:18-CV-23329 -RAR/Becerra
INSURANCE COMPANY, an Illinois Corporation

 Plaintiff,

v.

MANUEL V. FEIJOO, MANUEL V. FEIJOO, M.D.,
P.A., a Florida Professional Association

 Defendants
_____/

### DEFENDANT/COUNTER-PLAINTIFFS' NOTICE OF COMPLIANCE WITH INTERROGATORIES

 Defendants, MANUEL V. FEIJOO, M.D., P.A., and MANUEL V. FEIJOO, give notice that they have responded to Plaintiff/Counter-Defendant STATE FARM MUTUAL AUTOMOBILE INS. CO.'s Supplemental Interrogatories.

### CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on **September 26, 2019**, I served same by email to: **Kenneth P. Hazouri, Esq.**, and **Andrew S. Ballentine, Esq.**, deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP, 332 North Magnolia Ave., Orlando, FL 32801, and **Bart Valdez, Esq.**, DSK Law, 609 W. Horatio St., Tampa, FL 33606, and **David Spector, Esq.**, and **Kayla Pragid, Esq.**, Holland & Knight, 222 Lakeview Ave., Ste. 1000, W. Palm Beach, FL 33401  Khazouri@dsklawgroup.com ABallentine@dsklawgroup.com   Lquesada@dsklawgroup.com   Lmorales@dsklawgroup.com bvaldes@dsklawgroup.com   kayla.pragid@hklaw.com   david.spector@hklaw.com

             **THE PIVNIK LAW FIRM**
             7700 N. Kendal Drive, Suite 703
             Miami, FL 33156
             Tel: 305-670-0095
             Email: Pivniklaw@aol.com
                 Cdiezpivniklaw@aol.com

            By: */s/ Jerome A. Pivnik*
             Jerome A. Pivnik, Esq.
             Fla. Bar No.: 400408

            **Andrew P. Baratta, Esq.**
            Baratta, Russell & Baratta

3500 Reading Way
Huntingdon Valley, PA  19006
Tel: 215-914-2222
Email:  Andrew@Barattarussell.com

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email:  kbsservice@schurrlaw.com

**Feijoo's Answers to SF's Second Set of Interrogatories**

4. Kenneth B. Schurr, Esq.
2030 S. Douglas Road, Suite 105
Coral Gables, FL 33134
Counsel for Manuel V. Feijoo, M.D., P.A.

Anielka Castillo c/o Kenneth B. Schurr, Esq.
Office manager & billing clerk for Manuel V. Feijoo, M.D., P.A.

Manuel Feijoo, MD., c/o Kenneth B. Schurr, Esq.

5. See HCFA forms previously produced which include the title "M.D." (Medical Doctor) as well as the applicable license number for Manuel V. Feijoo, M.D.

6. See #4 above.

7. In the event that State Farm submitted a legally sufficient request for additional information pursuant to Fla. Stat. 627.736(6)(b), the response was prepared by and sent by our counsel, Kenneth B. Schurr, Esq. with the appropriate records, all of which are now in the possession of Plaintiff State Farm. Each response was dated indicating the date on which the response was sent.

8. Please see the HCFA forms / CMS-1500 forms submitted to State Farm for payment. These records have already been produced to State Farm. Each HCFA / CMS-1500 form bears a date on which the medical bill was submitted to State Farm. My understanding is that the medical bills are overdue if not paid within 30 days from the date on which the insurer receives notice notice of the claim for payment and the amount of same, with limited exceptions.

9. Objection. This interrogatory is based on erroneous legal and factual conclusions and its terms are not reasonably defined, making a meaningful response impossible. It is also overbroad. Subject to the foregoing, the documents provided to State Farm are in State Farm's possession and therefore this information is equally accessible to State Farm. Moreover, by filing its lawsuit and denying each bill which is the subject of Counterclaim Plaintiff's action, a compulsory counterclaim, the requirement of a pre-suit letter was waived.

10. See the HCFA / CMS-1500 for each claim identified in Exhibit N. This information appears on the face of each HCFA / CMS-1500 form.

11. Yes. Both. PIP suits as a Plaintiff, and a medical malpractice action that was discussed at the September 24, 2019 deposition. Feijoo was also sued in a foreclosure action which was discussed at the same deposition.

12. See response to Request for Admissions and Response to Request for Production No. 11. The statements set forth in the Plaintiff's request for admissions were untrue or inaccurate.

13. The medical care provided to each patient was related to the accident referenced in the medical records; the injuries were manifested shortly after the accident and in most cases, the care was provided shortly after the accident / incident; the patient relayed information indicating that the injuries for which they sought treatment arose out of the subject accident; the injuries were consistent with the reported mechanism of injury; there was no other accident / incident which could have caused the reported injuries; and the patient advised that he/she was asymptomatic prior to the reported accident / incident; and it was the professional medical opinion of Dr. Manuel Feijoo, M.D. within a reasonable degree of medical certainty that the reported injuries were related to the accident / incident.

14. This Defendant is familiar with the prices charged by other medical providers in this community for the same services that we provided to the insured as well as the amounts paid by various automobile insurance companies for the same or similar services. We are aware of the amounts charged by many other healthcare facilities for the same or similar services. We are aware of the amounts charged by many hospitals and rehabilitation centers for the same or similar services. We are familiar with many of the treatises and written guidelines published by the various professional trade associations regarding the fees to be charged for the same or similar services and we are aware of the amounts deemed to be reasonable for the same or similar services. We have also informal surveys of other similarly situated medical facilities to determine the amounts that they charge for the same or similar services and we have attended seminars or webinars that addressed the issue of billing and fees to be charged for various services. We have also reviewed several geo-zip reports provided by State Farm and other insurer which demonstrated the amount charged by other medical providers in Miami-Dade County for the same CPT codes that we billed. The prices that we charge for the CPT codes that we billed are well within the range of fees ordinarily charged in this community for the same CPT codes and that the fees charged by the Plaintiff are reasonable.

15. Objection; calls for a legal conclusion and attorney-client privileged communications regarding the substance of the deposition testimony of State Farm's representatives. Subject to the Objection, the depositions of State Farm's representatives speak for themselves regarding whether their designee admitted wrongfully and/or illegally denying payment to Defendants.

16. Plaintiff has failed to pay any portion of the claims listed in Exhibit N. State Farm owes 80% of the Defendants' reasonable charge for the services billed on the claims referenced in Exhibit N. Interest is a mathematical calculation based on the amount owed, the length of time that the bill went unpaid, and the applicable interest rate (currently 6.77%). Unknown as to the amount of attorney's fees incurred to date, as the fees incurred in defending against State Farm's frivolous lawsuit are intertwined with the fees incurred in bringing the compulsory counterclaim as the bills State Farm failed to pay, as set forth in Count 2 of the Complaint and in the Counterclaim.

**Feijoo, MD PA Answers to SF's Second Set of Interrogatories:**

13.     Kenneth B. Schurr, Esq.
        2030 S. Douglas Road, Suite 105
        Coral Gables, FL 33134
        Counsel for Manuel V. Feijoo, M.D., P.A.
        Anielka Castillo c/o Kenneth B. Schurr, Esq.
        Office manager & billing clerk for Manuel V. Feijoo, M.D., P.A.
        Manuel Feijoo, MD., c/o Kenneth B. Schurr, Esq.

14.     See HCFA forms previously produced which include the title "M.D." (Medical Doctor) as well as the applicable license number for Manuel V. Feijoo, M.D.

15.     See #13 above.

16.     In the event that State Farm submitted a legally sufficient request for additional information pursuant to Fla. Stat. 627.736(6)(b), the response was prepared and sent by our counsel, Kenneth B. Schurr, Esq. with the appropriate records, all of which are now in the possession of Plaintiff State Farm. Each response was dated indicating the date on which the response was sent.

17.     Please see the HCFA forms / CMS-1500 forms submitted to State Farm for payment. These records have already been produced to State Farm. Each HCFA / CMS-1500 form bears a date on which the medical bill was submitted to State Farm. My understanding is that the medical bills are overdue if not paid within 30 days from the date on which the insurer receives the bills, with limited exceptions.

18.     Objection. This interrogatory is based on erroneous legal and factual conclusions and its terms are not reasonably defined, making a meaningful response impossible. It is also overbroad. Subject to the foregoing, the documents provided to State Farm are in State Farm's possession and therefore this information is equally accessible to State Farm. Moreover, by filing its lawsuit and denying each bill which is the subject of Counterclaim Plaintiff's action, a compulsory counterclaim, the requirement of a pre-suit letter was waived.

19.     See the HCFA / CMS-1500. This information appears on the face of each HCFA / CMS-1500 form.

20.     Yes. Both. PIP suits as a Plaintiff, and a medical malpractice action that was discussed at the September 24, 2019 deposition. Feijoo was also sued in a foreclosure action which was discussed at the same deposition.

21.     See response to Request for Admissions and Response to Request for Production No. 11. The statements set forth in the Plaintiff's request for admissions were untrue or inaccurate.

22.     The medical care provided to each patient was related to the accident referenced in the medical records; the injuries were manifested shortly after the accident and in most cases the care was provided shortly after the accident / incident; the patient relayed information indicating that the injuries for which they sought treatment arose out of the subject accident; the injuries were consistent with the reported mechanism of injury; there was no other accident / incident which could have caused the reported injuries; and the patient advised that he/she was asymptomatic prior to the reported accident / incident; and it was the professional medical opinion of Dr. Manuel Feijoo, M.D. within a reasonable degree of medical certainty that the reported injuries were related to the accident / incident.

23.     This Defendant is familiar with the prices charged by other medical providers in this community for the same services that we provided to the insured as well as the amounts paid by various automobile insurance companies for the same or similar services.  We are aware of the amounts charged by many other healthcare facilities for the same or similar services.  We are aware of the amounts charged by many hospitals and rehabilitation centers for the same or similar services.  We are familiar with many of the treatises and written guidelines published by the various professional trade associations regarding the fees to be charged for the same or similar services and we are aware of the amounts deemed to be reasonable for the same or similar services.  We have also informal surveys of other similarly situated medical facilities to determine the amounts that they charge for the same or similar services and we have attended seminars or webinars that addressed the issue of billing and fees to be charged for various services.  We have also reviewed several geo-zip reports provided by State Farm and other insurer which demonstrated the amount charged by other medical providers in Miami-Dade County for the same CPT codes that we billed.  The prices that we charge for the CPT codes that we billed are well within the range of fees ordinarily charged in this community for the same CPT codes and that the fees charged by the Plaintiff are reasonable.

24.     Objection; calls for a legal conclusion and attorney-client privileged communications regarding the substance of the deposition testimony of State Farm's representatives.  Subject to the Objection, the depositions of State Farm's representatives speak for themselves regarding whether their designee admitted wrongfully and/or illegally denying payment to Defendants.

25.     Plaintiff has failed to pay any portion of the claims listed in Exhibit N.  State Farm owes 80% of the Defendants' reasonable charge for the services billed. Interest is a mathematical calculation based on the amount owed, the length of time that the bill went unpaid, and the applicable interest rate (currently 6.77%).  Unknown as to the amount of attorney's fees incurred to date, , as the fees incurred in defending against State Farm's frivolous lawsuit are intertwined with the fees incurred in bringing the compulsory counterclaim as the bills State Farm failed to pay, as set forth in Count 2 of the Complaint and in the Counterclaim.