# EXHIBIT "D"

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

### Case No. 1:18-cv-23329-RAR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

      Defendants.

_____/

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

      Counter-Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Counter-Defendant.

_____/

### <u>COUNTER-DEFENDANT'S REQUESTS FOR ADMISSION TO</u>
### <u>COUNTER-PLAINTIFF MANUEL V. FEIJOO, M.D., P.A.</u>

Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm Mutual"), by counsel and pursuant to Federal Rule of Civil Procedure 36, hereby request that Counter-Plaintiff, MANUEL V. FEIJOO, M.D., P.A., admit or deny each of the following Requests for Admission:

### <u>Definitions and Instructions</u>

1.      "Feijoo, P.A." means Counter-Plaintiff, MANUEL V. FEIJOO, M.D., P.A.

2.      "Feijoo" means Counter-Plaintiff, MANUEL V. FEIJOO.

3.      "Complaint" means Plaintiff's Amended Complaint [ECF No. 60] filed in this action.

7.      "Counterclaim" means the Counterclaim contained within Defendants' Answer, Affirmative Defenses and Counterclaim [ECF No. 75 at 12–15] filed in this action.

8.      "Insured" means each individual listed by their initials in Exhibit "N" to the Complaint, and the "Insureds" means those individuals listed by their initials in Exhibit "N" collectively.

9.      All claims of privilege and work product in response to a document request shall be asserted in compliance with Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.1(e).

10.      Unless otherwise specified, the time period applicable to this Request for Production is from August 16, 2014, to the present.

11.      "State Farm Mutual" means Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

## REQUESTS FOR ADMISSION

1.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-9D39-520 before June 1, 2019.

2.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. Claim Number 59-1308-G91 before June 1, 2019.

2

3.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1792-C92 on behalf of insured DM before June 1, 2019.

4.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1792-C92 on behalf of insured MM before June 1, 2019.

5.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1801-Q94 before June 1, 2019.

6.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2377-J31 before June 1, 2019.

7.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2522-R30 before June 1, 2019.

8.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2696-H00 before June 1, 2019.

9.      Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2779-M11 before June 1, 2019.

10.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3076-N06 before June 1, 2019.

11.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3418-Z51 before June 1, 2019.

12.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-0885-M85 before June 1, 2019.

13.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-54K1-706 before June 1, 2019.

14.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1538-F74 on behalf of insured JP before June 1, 2019.

15.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1538-F74 on behalf of insured SC before June 1, 2019.

16.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1950-G14 before June 1, 2019.

17.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 5902191-D27 before June 1, 2019.

18.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2952-M64 before June 1, 2019.

19.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3329-B00 before June 1, 2019.

20.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3256-T55 before June 1, 2019.

21.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3275-L47 before June 1, 2019.

22.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3328-H52 before June 1, 2019.

23.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3404-N17 on behalf of insured TGC before June 1, 2019.

24.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3404-N17 on behalf of insured TMC before June 1, 2019.

25.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3403-X96 before June 1, 2019.

26.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3677-H66 before June 1, 2019.

27.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3472-Z81 before June 1, 2019.

28.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3588-G95 before June 1, 2019.

29.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3880-J05 on behalf of insured ARGP before June 1, 2019.

30.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3880-J05 on behalf of insured FGR before June 1, 2019.

31.     Feijoo, P.A. did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-4335-Z33.

32.     Feijoo, P.A. did not submit a written response to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-1792-C92 for services rendered to insured MM.

33.     Feijoo, P.A. did not submit a written response to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3256-T55 for services rendered to the insured.

34.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-34-18-Z51 for services rendered to the insured.

35.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-59-3275-L47 for services rendered to the insured.

36.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-59-3404-N17 for services rendered to the insured TGC.

37.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3404-N17 for services rendered to the insured TMC.

38.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-59-3403-X96 for services rendered to the insured.

39.     nor Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3677-H66 for services rendered to the insured.

40.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3588-G95 for services rendered to the insured.

41.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3472-Z81 for services rendered to the insured.

42.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3618-T05 for services rendered to the insured.

43.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3880-J85 for services rendered to the insured ARGP.

44.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3880-J85 for services rendered to the insured FGR

45.     Feijoo, P.A. did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-4335-Z33 for services rendered to the Iisured.

46.     Insured LFB from Claim Number 59-0113-0G8 withdrew her claim for benefits from State Farm Mutual.

47.     Feijoo, P.A. lost or destroyed the patient file for the insured MM, in Claim Number 59-1792-C92.

48.     Feijoo, P.A. cannot locate the patient file for the insured MM, in Claim Number 59-1792-C92.

49.     Feijoo, P.A. lost or destroyed the patient file for the insured for Claim Number 59-2377-J31.

50.     Feijoo, P.A. cannot locate the patient file for the insured for Claim Number 59-2377-J31.

51.     Feijoo, P.A. lost or destroyed the patient file for the insured for Claim Number 59-3588-G95.

52.     Feijoo, P.A. cannot locate the patient file for the insured for Claim Number 59-3588-G95.

53.     Feijoo, P.A. lost or destroyed the patient file for the insured FGR, for Claim Number 59-3880-J85.

54.     Feijoo, P.A. cannot locate the patient file for the insured FGR, for Claim Number 59-3880-J85.

55.     Feijoo, P.A. submitted charges to State Farm Mutual for each of the Insureds.

9

56.     Feijoo, P.A. intended for State Farm Mutual to pay the charges it submitted to State Farm Mutual for the Insureds.

57.     Feijoo, P.A. does not have an assignment of benefit document for any of the Insureds.

58.     Feijoo, P.A. does not have any documents demonstrating that any Insured "assigned their PIP benefits" to Feijoo or Feijoo, P.A.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of these Requests for Admission were furnished via electronic mail on this 17th day of August, 2019 to JEROME PIVNIK, The Pivnik Law Firm, 7700 N. Kendal Drive, Suite 703, Miami, FL 33156 at pivniklaw@aol.com and cdiezpivniklaw@aol.com; and ANDREW BARATTA, Baratta, Russell & Baratta, 3500 Reading Way, Huntingdon Valley, P.A., 19006 at andrew@barratarussell.com.

Respectfully Submitted,

*/s/ Kenneth P. Hazouri*
Kenneth P. Hazouri (Fla. Bar No. 019800)
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
Andrew S. Ballentine (Fla. Bar No. 118075)
aballentine@dsklawgroup.com
deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Attorneys for Counter-Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 1:18-cv-23329-RAR**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

   Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

   Defendants.

_____/

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

   Counter-Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

   Counter-Defendant.

_____/

**COUNTER-DEFENDANT'S REQUESTS FOR ADMISSION TO**
**COUNTER-PLAINTIFF MANUEL V. FEIJOO**

   Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm Mutual"), by counsel and pursuant to Federal Rule of Civil Procedure 36, hereby request that Counter-Plaintiff, MANUEL V. FEIJOO, admit or deny each of the following Requests for Admission:

**Definitions and Instructions**

   1.  "Feijoo, P.A." means Counter-Plaintiff, MANUEL V. FEIJOO, M.D., P.A.

2.      "Feijoo" means Counter-Plaintiff, MANUEL V. FEIJOO.

3.      "Complaint" means Plaintiff's Amended Complaint [ECF No. 60] filed in this action.

7.      "Counterclaim" means the Counterclaim contained within Defendants' Answer, Affirmative Defenses and Counterclaim [ECF No. 75 at 12–15] filed in this action.

8.      "Insured" means each individual listed by their initials in Exhibit "N" to the Complaint, and the "Insureds" means those individuals listed by their initials in Exhibit "N" collectively.

9.      All claims of privilege and work product in response to a document request shall be asserted in compliance with Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.1(e).

10.     Unless otherwise specified, the time period applicable to this Request for Production is from August 16, 2014, to the present.

11.     "State Farm Mutual" means Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

## <u>REQUESTS FOR ADMISSION</u>

1.      Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-9D39-520 before June 1, 2019.

2.      Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. Claim Number 59-1308-G91 before June 1, 2019.

2

3.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1792-C92 on behalf of insured DM before June 1, 2019.

4.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1792-C92 on behalf of insured MM before June 1, 2019.

5.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1801-Q94 before June 1, 2019.

6.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2377-J31 before June 1, 2019.

7.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2522-R30 before June 1, 2019.

8.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A.  for Claim Number 59-2696-H00 before June 1, 2019.

9.    Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2779-M11 before June 1, 2019.

10.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3076-N06 before June 1, 2019.

11.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3418-Z51 before June 1, 2019.

12.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-0885-M85 before June 1, 2019.

13.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-54K1-706 before June 1, 2019.

14.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1538-F74 on behalf of insured JP before June 1, 2019.

15.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1538-F74 on behalf of insured SC before June 1, 2019.

16.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-1950-G14 before June 1, 2019.

17.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 5902191-D27 before June 1, 2019.

18.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-2952-M64 before June 1, 2019.

19.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3329-B00 before June 1, 2019.

20.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3256-T55 before June 1, 2019.

21.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3275-L47 before June 1, 2019.

22.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3328-H52 before June 1, 2019.

23.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3404-N17 on behalf of insured TGC before June 1, 2019.

24.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3404-N17 on behalf of insured TMC before June 1, 2019.

25.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3403-X96 before June 1, 2019.

26.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3677-H66 before June 1, 2019.

27.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3472-Z81 before June 1, 2019.

28.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3588-G95 before June 1, 2019.

29.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3880-J05 on behalf of insured ARGP before June 1, 2019.

30.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-3880-J05 on behalf of insured FGR before June 1, 2019.

31.     Feijoo did not submit a demand letter, pursuant to section 627.736(10), Florida Statutes, to State Farm Mutual for the charges submitted by Feijoo, P.A. for Claim Number 59-4335-Z33.

32.     Feijoo did not submit a written response to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-1792-C92 for services rendered to insured MM.

33.     Feijoo did not submit a written response to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3256-T55 for services rendered to the insured.

34.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-34-18-Z51 for services rendered to the insured.

35.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-59-3275-L47 for services rendered to the insured.

36.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-59-3404-N17 for services rendered to the insured TGC.

37.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3404-N17 for services rendered to the insured TMC.

38.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-59-3403-X96 for services rendered to the insured.

39.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3677-H66 for services rendered to the insured.

40.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3588-G95 for services rendered to the insured.

41.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3472-Z81 for services rendered to the insured.

42.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3618-T05 for services rendered to the insured.

43.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3880-J85 for services rendered to the insured ARGP.

44.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-3880-J85 for services rendered to the insured FGR

45.     Feijoo did not submit a response in writing to State Farm Mutual's request for documents made pursuant to section 627.736(6)(b), Florida Statutes, for Claim Number 59-4335-Z33 for services rendered to the insured.

46.     Insured LFB from Claim Number 59-0113-0G8 withdrew her claim for benefits from State Farm Mutual .

47.     Feijoo lost or destroyed the patient file for the insured MM, in Claim Number 59-1792-C92.

48.     Feijoo cannot locate the patient file for the insured MM, in Claim Number 59-1792-C92.

49.     Feijoo lost or destroyed the patient file for the insured for Claim Number 59-2377-J31.

50.     Feijoo cannot locate the patient file for the insured for Claim Number 59-2377-J31.

51.     Feijoo lost or destroyed the patient file for the insured for Claim Number 59-3588-G95.

52.     Feijoo cannot locate the patient file for the insured for Claim Number 59-3588-G95.

53.     Feijoo lost or destroyed the patient file for the insured FGR, for Claim Number 59-3880-J85.

54.     Feijoo cannot locate the patient file for the insured FGR, for Claim Number 59-3880-J85.

55.     Feijoo submitted charges to State Farm Mutual for each of the Insureds.

56.     Feijoo intended for State Farm Mutual to pay the charges it submitted to State Farm Mutual for the Insureds.

9

57.     Feijoo does not have an assignment of benefit document for any of the Insureds.

58.     Feijoo does not have any documents demonstrating that any Insured "assigned their PIP benefits" to Feijoo or Feijoo, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of these Requests for Admission were furnished via electronic mail on this 17th day of August, 2019 to JEROME PIVNIK, The Pivnik Law Firm, 7700 N. Kendal Drive, Suite 703, Miami, FL 33156 at pivniklaw@aol.com and cdiezpivniklaw@aol.com; and ANDREW BARATTA, Baratta, Russell & Baratta, 3500 Reading Way, Huntingdon Valley, P.A., 19006 at andrew@barratarussell.com.

Respectfully Submitted,

*/s/ Kenneth P. Hazouri*
Kenneth P. Hazouri (Fla. Bar No. 019800)
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
Andrew S. Ballentine (Fla. Bar No. 118075)
aballentine@dsklawgroup.com
deBeaubien, Simmons, Knight,
    Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Attorneys for Counter-Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STATE FARM MUTUAL AUTOMOBILE        Case No.:18-CV-23329 -RAR/Becerra
INSURANCE COMPANY, an Illinois Corporation

       Plaintiff,

v.

MANUEL V. FEIJOO, MANUEL V. FEIJOO, M.D.,
P.A., a Florida Professional Association

       Defendants

_____/

### DEFENDANT/COUNTER-PLAINTIFFS' RESPONSE TO REQUEST FOR ADMISSIONS

Defendants, MANUEL V. FEIJOO, M.D., P.A., and MANUEL V. FEIJOO, responds to

Plaintiff/Counter-Defendant STATE FARM MUTUAL AUTOMOBILE INS. CO.'s Supplemental

Request for Admissions served on 8/16/19 and state:

**1-31.    Objection. State Farm has interposed 116 individual Requests for Admission, 58 of which are identical to each other and merely cut and pasted into separate documents. These requests are in addition to the multiple sets of Interrogatories and roughly 20 hours of deposition interrogation conducted by State Farm of Dr. Feijoo and his P.A.  These 108 additional Requests are redundant, intentionally vexatious, overly burdensome, and disproportional to the needs of the case. Further, Rule 36 contemplates only admissions relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). "A party may not request an admission of a legal conclusion." Dillon v. Palm Beach Cty. Sheriff's Office, No. 17-80955-CV, 2018 WL 7624877, at \*4 (S.D. Fla. Sept. 10, 2018), citing In re Tobkin, 578 F. App'x 962, 964 (11th Cir. 2014) and Playboy Enters., Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.").  State Farm's Requests for Admission 1-31 demand admission to the legal conclusion that section 627.736(10) required Counterclaim Plaintiff to submit a pre-suit demand letter prior to filing its compulsory counterclaim seeking payment of bills which have been denied as the result of and included in the demand for damages in the lawsuit filed by State Farm on August 16, 2018.  This legal conclusion is not the appropriate subject of a Request for Admission under Rule 36. Subject to the foregoing, and without waiver, State Farm's Requests are denied as each is an inaccurate statement of the law.  By filing its lawsuit and denying each bill which is the subject of Counterclaim Plaintiff's action, the requirement of a pre-suit letter was waived.**

**32-45.  Objection.** State Farm has interposed 116 individual Requests for Admission, 58 of which are identical to each other and merely cut and pasted into separate documents.  These requests are in addition to the multiple sets of Interrogatories and roughly 20 hours of deposition interrogation conducted by State Farm of Dr. Feijoo and his P.A.  These 108 additional Requests are redundant, intentionally vexatious, overly burdensome, and disproportional to the needs of the case. Further, Rule 36 contemplates only admissions relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). "A party may not request an admission of a legal conclusion." <u>Dillon v. Palm Beach Cty. Sheriff's Office</u>, No. 17-80955-CV, 2018 WL 7624877, at *4 (S.D. Fla. Sept. 10, 2018), citing <u>In re Tobkin</u>, 578 F. App'x 962, 964 (11th Cir. 2014) and <u>Playboy Enters., Inc. v. Welles</u>, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.").  State Farm's Requests for Admission 32-45 demand admission of the legal conclusion that State Farm made requests for documents "pursuant to section 627.736(6)(b)" in various claims listed throughout the requests.  This legal conclusion is not the appropriate subject of a Request for Admission under Rule 26. Counterclaim Plaintiff further objects to these Requests on the basis that State Farm has failed to append any "written request for documents" allegedly made in any claim identified to its Requests for Admissions, thus preventing Counterclaim Plaintiff from understanding the specific basis for State Farm's Requests for Admission. Subject to the foregoing and without waiver, it is denied that State Farm made written requests for documents in the claims identified "pursuant to section 627.736(6)(b)", which requires that an insurer make such a request within 30 days after having received notice of the amount of a covered loss under paragraph 4(a).  It is further denied that Counterclaim Plaintiff failed to provide State Farm in each claim a written report of the history, condition, treatment, dates, and costs of such treatment of each patient in each claim and why the items contained therein were reasonable and necessary with respect to the bodily injury, or that Counterclaim Plaintiff failed to allow the inspection of its records regarding the history, condition, treatment, dates, and costs of treatment when actually requested to do so by State Farm.

**46.**     After reasonable investigation Counterclaim Plaintiff is without sufficient information to either admit or deny this Request.

**47-54.  Denied.** Counterclaim Plaintiff has provided to State Farm and State Farm has in its possession the written reports created by Counterclaim Plaintiff of the history, condition, treatment, dates, and costs of such treatment of each patient in each claim and why the items contained therein were reasonable and necessary with respect to the bodily injury suffered in each claim. As such, these records have neither been lost nor destroyed and can easily be located within State Farm's own claim files.

**55-58.**   Counterclaim Plaintiff can neither admit nor deny these requests as State Farm generally references "insureds" without identifying which "insureds" of the hundreds potentially at issue in this lawsuit the Requests refer to or are intended to be included within their ambit. Presuming that State Farm's requests are limited to the "insureds" whose bills were denied by State Farm and included in State Farm's lawsuit filed on August 16, 2018, Counterclaim Plaintiff admits that the bills for Counterclaim Plaintiff's treatment of these patients were submitted to State Farm with the intent that State Farm would pay said bills in accordance with the requirements of section 627.736 and further that State Farm failed to do

so by denying them without any review or consideration as required by section 627.736 and merely in order to seek strategic advantage in its frivolous lawsuit filed on August 16, 2018.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 25, 2019**, I served same by email to:  **Kenneth P. Hazouri, Esq.**, and **Andrew S. Ballentine, Esq.**, deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP, 332 North Magnolia Ave., Orlando, FL 32801, and **Bart Valdez, Esq.**, DSK Law, 609 W. Horatio St., Tampa, FL 33606, and **David Spector, Esq.**, and **Kayla Pragid, Esq.**, Holland & Knight, 222 Lakeview Ave., Ste. 1000, W. Palm Beach, FL 33401  Khazouri@dsklawgroup.com ABallentine@dsklawgroup.com   Lquesada@dsklawgroup.com   Lmorales@dsklawgroup.com bvaldes@dsklawgroup.com   kayla.pragid@hklaw.com   david.spector@hklaw.com

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
　　　　Cdiezpivniklaw@aol.com

By: */s/ Jerome A. Pivnik*
　　Jerome A. Pivnik, Esq.
　　Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA  19006
Tel: 215-914-2222
Email:  Andrew@Barattarussell.com

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth  B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email:  kbsservice@schurrlaw.com