UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STATE FARM MUTUAL AUTOMOBILE      Case No.: 18-CV-23329-RAR
INSURANCE COMPANY, an Illinois Corporation

    Plaintiff,

v.

MANUEL V. FEIJOO, MANUEL V. FEIJOO, M.D.,
P.A., a Florida Professional Association

    Defendants
_____/

## DEFENDANTS' REPLY TO STATE FARM'S
## RESPONSE TO SHOW CAUSE ORDER RE: MOTIONS IN LIMINE

Defendants, MANUEL V. FEIJOO, and MANUEL V. FEIJOO, M.D., P.A., reply to State Farm's Response [D.E. 138] to the Court's Show Cause Order [D.E. 133] as to why it failed to respond to Defendants' Motions *in Limine*, [D.E. 68-69] and state:

1. State Farm claims in its Response, that it: "did not initially ascertain objections to the relief requested in them." This is a bit disingenuous as State Farm does oppose the Defendants' motion *in limine* regarding the hair restoration services issue. See Response, D.E. 138. As State Farm states in its reply:

> 3. As regards Defendants' first Motion in Limine relating to Dr. Feijoo's provision of hair restoration services [Doc. 68], **Plaintiff does not intend to focus on those services**, or in any manner disparage Dr. Feijoo for providing them, at trial. As such, Plaintiff does not object to an order in limine prohibiting Plaintiff from making critical or disparaging remarks regarding Dr. Feijoo's provision of hair restoration services.
>
> 4. **The fact that Dr. Feijoo has provided and/or continues to provide hair restoration services is, however, part of his background and experience as a medical practitioner, which are relevant to the claims and defenses in this case. Dr. Feijoo's provision of hair restoration services may also be disclosed in other relevant evidence**. For example, the signage on the front glass of the Clinic states that he provides "Hair Transplant" services, which is reflected in a photograph Plaintiff intends to admit into evidence. Allowing to the jury to see an accurate picture of Dr. Feijoo's office as it presents to the public is not in any manner prejudicial to Defendants. Accordingly, Plaintiff respectfully submits that the Court **should not enter an order in limine** prohibiting any references to, or evidence of Dr.

>Feijoo's provision of hair restoration services, as such an order would be overly broad and prejudicial to Plaintiff. **(Emphasis added).**

Id.  Thus, State Farm knew it was going to try and introduce such irrelevant evidence, and therefore had no good excuse why it failed to comply with the Court's Order setting the deadline that it missed.  State Farm does not even bother to say how the fact that in the past Dr. Feijoo's hair restoration services has any relevance to any of the claims in this case, and is clearly an attempt to embarrass Dr. Feijoo and to sway the jury against him.

Nor has State Farm shown any basis for admission of a photograph of the outside of Dr. Feijoo's office, other than to get before the jury that he (once) performed hair restoration services.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ...." Fed. R. Evid. 403.  The fact that Dr. Feijoo in the past provided hair restoration services as part of his medical practice is irrelevant and would be unfairly prejudicial if admitted.

State Farm agreed to the remainder of the Defendants' Motions *in Limine*.

State Farm has not shown cause why the motions should not be granted and all evidence of hair restoration by Dr. Feijoo be excluded from the jury.

WHEREFORE the Court should grant the motions *in limine*.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 4, 2019**, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon the following in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:  **Kenneth P. Hazouri, Esq.**, **Andrew S. Ballentine, Esq**., deBeaubien, Simmons, Knight, Mantzaris, Neal, LLP, 332 N. Magnolia Ave., Orlando, FL 32801 and **Bart R. Valdes**, **Esq.**, de Beaubien, Simmons, Knight, Mantzaris & Neal, LLP, 609 W. Horatio St., Tampa, FL 33606, and **David Spector, Esq**., and **Kayla Pragid, Esq**., Holland & Knight, 222 Lakeview Ave., Ste. 1000, W. Palm Beach, FL 33401

Khazouri@dsklawgroup.com  ABallentine@dsklawgroup.com  Lquesada@dsklawgroup.com
bvaldes@dsklawgroup.com davidspector@hklaw.com  kayla.pragid@hklaw.com

                            **THE PIVNIK LAW FIRM**
                            7700 N. Kendal Drive, Suite 703
                            Miami, FL 33156
                            Tel: 305-670-0095
                            Email: Pivniklaw@aol.com
                                          Cdiezpivniklaw@aol.com

                            By: ***/s/ Jerome A. Pivnik***
                                Jerome A. Pivnik, Esq.
                                Fla. Bar No.: 400408

                            **Andrew P. Baratta, Esq.**
                            Baratta, Russell & Baratta
                            3500 Reading Way
                            Huntingdon Valley, PA  19006
                            Tel: 215-914-2222
                            Email:  Andrew@Barattarussell.com

                            **Kenneth B. Schurr, Esq.**
                            Law Offices of Kenneth  B. Schurr
                            2030 S. Douglas Rd., Ste. 105
                            Coral Gables, FL 33134-4615
                            Tel: 305-441-9031
                            Email:  kbsservice@schurrlaw.com