**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No.: 18-cv-23329-RAR**

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

Plaintiff,

v.

MANUEL V. FEIJOO,
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Manuel V. Feijoo, M.D. and Manuel V. Feijoo, M.D., P.A. ("Dr. Feijoo"), hereby submit this Response and Memorandum of Law to the Motion for Summary Judgment submitted by State Farm:

## I. STATE FARM'S MOTION HAS NO SUPPORT IN THE LAW OR THE FACTS

State Farm has not and obviously cannot provide any legal authority to the Court which supports the outlandish premise of its now second Motion for Summary Judgment on its obligation to pay the bills identified in its Amended Complaint.

State Farm is the *Plaintiff* in this case and has been since August 16, 2018. State Farm denied all of the bills listed on Exhibit N to its Amended Complaint and *sued* Dr. Feijoo eleven months before the Counterclaim was filed, seeking a Declaration that every single bill identified in the Amended Complaint and the Counterclaim had been denied because it was *fraudulent and therefore not compensable*. (ECF Doc 60, ¶102-113).

With respect to each bill State Farm denied and sued Dr. Feijoo over, it attached to its Amended Complaint a chart outlining the claim number, dates of service, date of loss, the specific codes billed, the total billed, the total approved to be paid by State Farm, the total PIP benefit paid, and the total MPCV benefit paid. (ECF Doc 60-14). State Farm demanded damages in the form of attorney fees and costs in addition to a declaration that each bill is not compensable because each contained knowingly false statements. (Id.).

Critically, State Farm specifically averred in its own pleading that Dr. Feijoo and his practice "dispute and disagree with State Farm Mutual's beliefs and contentions" regarding the bills listed on Exhibit N. (ECF Doc 60, ¶111). (In making these averments, State Farm in effect wrote and served itself with its own Pre-Suit Demand letter).

Upon filing this lawsuit on August 16, 2018 over the bills identified in Exhibit N and later the Counterclaim, State Farm issued a computerized block in its system which prevented any and all payments from being issued to Dr. Feijoo. State Farm has denied payment of every bill issued by Dr. Feijoo since August 16, 20018 on the basis that they are at issue in this litigation. See ECF Doc 109-3, Banahan-D, pg. 182, L. 15-20).

On June 28, 2019, State Farm filed a Motion for Summary Judgment as to its claims, including its demand for Declaratory Judgment that it did not owe payment on any of the claims identified in Exhibit N. Therein State Farm simply argued that it was entitled to summary judgment on the claims listed in Exhibit N because Dr. Feijoo had violated §627.736(5)(d), §627.735(5)(b)1.c., and FDUTPA.

On July 1, 2019, Dr. Feijoo timely filed an Answer to State Farm's Amended Complaint, which included a compulsory counterclaim demanding payment of the bills listed on Exhibit N on the basis that State Farm's denials were legally without merit.

Despite believing on July 1, 2019 everything alleged in its Motion for Summary Judgment, State Farm did not file a Motion to Dismiss the Counterclaim on the basis that pre-suit Demand letters had not been sent, nor did it seek leave to amend its Motion for Summary Judgment to include such an argument. Instead, on July 25, 2019, State Farm filed a Motion to Bifurcate the counterclaim. (ECF Doc 100).

In light of the argument in its present motion, it is incredible to look back on the Motion to Bifurcate and see that State Farm specifically averred to the Court therein that it was *not* "asking the Court to strike Defendants' Counterclaim or enter any relief prohibiting its adjudication." (Id., pg. 5). Consistent with this averment, in conference with the Court discussing the Motion to Bifurcate, State Farm's counsel made no mention of any issue regarding Pre-Suit demand letters, arguing only that additional discovery was needed on the Counterclaim in order to address issues of reasonableness, necessity and relatedness of treatment.

On August 14, 2018, the Court denied State Farm's Motion to Bifurcate and ruled that the entire case is to be tried in one proceeding beginning on November 12, 2019, while granting leave for discovery limited to the counterclaim and the filing of dispositive motions. (ECF Doc 115).[1]

State Farm took full advantage of the Court's extension and deposed Dr. Feijoo for another 7 hours, served entirely redundant written discovery requests demanding information which has long been in its possession, and obtained a second expert report evaluating the treatment provided by Dr. Feijoo in the claims listed in Exhibit N.

[1] Clearly implicit in the Court's Order allowing for dispositive Motions was the understanding that they would be limited to issues learned in the additional discovery State Farm claimed to need regarding reasonableness and necesity, rather than arguments it dimply decided not to make in its first Motion for Summary Judgment.

On September 30, 2019 State Farm filed the instant Motion for Summary Judgment. The entire basis of the Motion is that the Counterclaim should be dismissed because Dr. Feijoo did not timely submit Pre-Suit Demand letters on the claims listed in Exhibit N, a claim State Farm knew it had as of July 1, 2019.

## I. §627.736(10) IS NOT THE SET-UP FOR A PRACTICAL JOKE

The pre-suit demand requirement of § 627.736(10) exists to protect an insurer from needless litigation and to prevent an insurer from being blindsided by a claim for payment, interest, and, perhaps most important, attorney fees related to medical bills for treatment provided to its insureds as the result of auto accidents. State Farm's own Motion declares this overall purpose. (ECF Doc 139, pg. 5).

Contrary to the premise of State Farm's Motion for Summary Judgment as to Dr. Feijoo's Counterclaim, §627.736(10) was *not* enacted as the hook for a practical joke. This otherwise obvious observation was confirmed in Peachtree Cas. Ins. Co. v. Walden, 759 So. 2d 7, 8 (Fla. Dist. Ct. App. 2000), wherein the Court held that where an insurer informs its insured that it will not pay for further treatment, it is not necessary for the insured to "**see if the insurer was only kidding**" by waiting until the expiration of thirty days before bringing an action for payment. *Accord* State Farm Mut. Auto. Ins. Co. v. Gueimunde, 823 So. 2d 141, 143–44 (Fla. Dist. Ct. App. 2002); and State Farm Mut. Auto. Ins. Co. v. Henry, 2010 WL 8544069 (Fla.Cir.Ct. 2010).

Despite such an obvious concept, State Farm nevertheless comes before this Court arguing the concept's absurd extreme opposite. State Farm argues that where an insurer has filed a lawsuit denying specific bills as entirely fraudulent, has instituted a systemwide block on any payments, has announced repeatedly that all bills it alleges to be at issue in its lawsuit will be

denied until the lawsuit is over, has filed a Motion for Summary Judgment on its claim that none of the bills are owed, has conducted extensive deposition and written discovery on the compensability of the claims, and has obtained multiple expert reports opining that the claims are not compensable, an insured (or its assignee), State farm argues that there is actually a chance the insurer really was just kidding.

This not common sense, it is not the law, and it certainly is not funny. State Farm has not and cannot cite to a single case which stands for the proposition it is taxing Dr. Feijoo and the Court with having to consider. The one case State Farm even attempts to use to justify its argument, Allstate v. Pennsylvania Chiropractic Services Corp., 2016 WL 6247053 (E.D. Pa., 2016), is entirely inapt.[2]

In Chiropractic Services Corp., Allstate filed a *Motion to Dismiss* upon the Counterclaim being filed, which the Court granted without prejudice so as to permit technical compliance with §627.736(10).

The contrast between the Chiropractic Services case and this one could not be starker. Here, the parties spent *12 months* litigating all aspects of the bills at issue in Exhibit N. State Farm demanded and was provided every medical record associated with these bills in Dr. Feijoo's possession. State Farm sent scores of denial letters repeatedly stating that all bills of Dr. Feijoo's were and would be denied until the conclusion of the lawsuit. State Farm obtained multiple expert reports evaluating the records at issue, more than 20 hours of depositions, and filed a *Motion for Summary Judgment* that it did not owe payment on any of the bills.

[2] In fact, State Farm's reference to this case appears designed solely to cast undersigned counsel in a negative light. In its zeal to cast personal aspersions, however, State Farm intentionally misleads the Court. Undersigned counsel did *not* bring the counterclaim referred to as he was not yet involved in the case until after the initial pleadings had been filed and ruled upon. Although the terms by which the case resolved after undersigned counsel's entry are confidential, it would be equally incorrect for State Farm to suggest that the doctor's PIP claims were not successfully resolved in overwhelmingly favorable fashion to him.

The Pennsylvania District Court's discussion of § 627.736(10) in Chiropractic Services Corp. is simply inapposite in all respects to the circumstances of this case.

It bears noting here of course that even despite the obvious absurdity of doing so, and hoping to avoid the expense of responding to a baseless motion such as this, Dr. Feijoo actually went through the ridiculous exercise of sending demand letters for virtually all of the claims listed on Exhibit N. See Affidavit of Kenneth Schurr, Esq. All of these demand letters were received by State Farm well more than 30 days prior to September 30, 2019, the date on which its Motion for Summary Judgment was filed, and of course months before the scheduled trial date of this matter.

By the date of its Motion, therefore, the alleged "defect" in Dr. Feijoo's pleading had already been entirely cured. "Under Florida law, **"[m]ere prematurity [of an action], which is by definition curable simply by the passage of time is, however, not a proper basis for the outright dismissal of an action."** Steele v. Mid-Continent Cas. Co., 2007 WL 3458543, at *3 (S.D. Fla. Nov. 14, 2007),*citing* Anagrand v. Fox, 552 So.2d 1113, 1115 (Fla.3d Dist.Ct.App.1989).

As pointed out by the Court in Anagrand, "Such a determination has no other effect than to require a refiling which benefits only the clerk by the payment of additional fees. Instead, the proper remedy is an abatement or stay of the claim for the period necessary for its maturation under the law." Id.

In short, by the time it filed its Motion, summary judgment was not even an available remedy even if the Court were to accept its unsupported premise.

Not only does the Motion demand an unavailable remedy, it demands entirely futile acts. By the admission of State Farm's TIN Block and its denial letters, pre-suit demand letters would

have been entirely futile even if served more than 30 days prior to the filing of the Counterclaim. The law simply does not require futile acts. Williams v. Sec'y Dep't of Corr., 2011 WL 398037, at *11 (M.D. Fla. Feb. 3, 2011); *see also* Downing v. Fid. Nat'l Title Ins. Co., 2017 WL 6371196, at *5 (N.D. Ga. Sept. 14, 2017)("Courts have long recognized that a plaintiff's failure to engage in futile acts does not deprive him of standing to sue.").

Under any objective standard, be it the lack of remedy, futility, or just plain old common sense, State Farm's Motion for Summary Judgment is without support in fact or law.

## II. DR. FEIJOO'S COUNTERCLAIM IS A COMPULSORY COUNTERCLAIM UNDER RULE 13(A)

In addition to being factually and legally unsupported, State Farm's Motion ignores the fact that Dr. Feijoo risked being forever barred from seeking payment on the bills listed in Exhibit N if he were not to have filed his Counterclaim.[3]

Rule 13(a)(1) provides that "[a] pleading must state as a counterclaim any claim that at the time of its service the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

The objectives of Rule 13(a) are to provide complete relief to the parties in a single suit, to promote judicial economy, and to avoid the inefficiencies of piecemeal litigation. John Alden Life Ins. Co. v. Cavendes, 591 F.Supp. 362, 366 (S.D.Fla.1984). the failure to raise a compulsory counterclaim forever bars it from being raised in any subsequent independent action. Id.

[3] It bears noting that the procedural timing actually precluded Dr. Feijoo from submitting Pre-Suit demand letters more than 30 days prior to filing the Counterclaim even if such letters could possibly be deemed necessary in the circumstances of this case. State Farm filed its Amended Complaint on June 16, 2019. Dr. Feijoo's Answer was due by Rule within 20 days.

The test the court uses to determine whether the claim and counterclaim arise from the same transaction or occurrence is the "logical relationship" test. *See* Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337, n.6 (11th Cir. 1998); Republic Health Corp. v. Lifemark Hospitals, 755 F.2d 1453, 1455 (11th Cir.1985); U.S. v. Aronson, 617 F.2d 119, 121 (5th Cir.1980).

A logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant." Molnoski v. Batmasian, 246 F. Supp. 3d 1336, 1338 (S.D. Fla. 2017); Bakewell v. Federal Fin. Group, Inc., 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006); *citing* Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357, 1361 (5th Cir.1979)).

There can be no question that the same operative facts serve as the basis for both State Farm's declaratory Judgment action and Dr. Feijoo's counterclaim. Both actions in fact seek the identical determination – the compensability of the bills identified in Exhibit N to State Farm's Amended Complaint. The Court implicitly recognized this by denying State Farm's Motion to Bifurcate.

## III. CONCLUSION

By the curious reasoning and timing of State Farm's Motion, it could conceivably have waited until even after it lost at trial to file its Motion for Summary Judgment based on Pre-Suit demand letters. After all, if no aspect of the litigation prior to trial has any impact on the necessity for such letters, then trial and verdict would be no different.

No Court, of course would entertain such a Motion and the Court in this case should not do so now.

For all of the foregoing reasons, it is respectfully requested that State Farm's Motion be Denied.

RESPECTFULLY SUBMITTED,
**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email:Pivniklaw@aol.com
Cdiezpivniklaw@aol.com
By: /s/ Jerome A. Pivnik
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com
(*pro hac vice*)

**Kenneth B. Schurr, Esq.**
Law Offices of Kenneth B. Schurr
2030 S. Douglas Rd., Ste. 105
Coral Gables, FL 33134-4615
Tel: 305-441-9031
Email: kbsservice@schurrlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 4, 2019, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon the following in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing: Kenneth P. Hazouri, Esq., and Andrew S. Ballentine, Esq., Mantzaris and Neal, LLP, 332 North Magnolia Avenue, Orlando, FL 32801. (Khazouri@dsklawgroup.com, ABallentine@dsklawgroup.com, Lquesada@dsklawgroup.com, Lmorales@dsklawgroup.com).

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email:Pivniklaw@aol.com
Cdiezpivniklaw@aol.com
By: /s/ Jerome A. Pivnik
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com
(*pro hac vice*)