UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 1:18-cv-23329-RAR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff/Counter-Defendants,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants/Counter-Plaintiffs.

_____/

**PLAINTIFF/COUNTER-DEFENDANT'S REPLY IN SUPPORT OF
SUPPLEMENT TO ITS MOTION FOR SUMMARY JUDGMENT
DIRECTED TO DEFENDANTS' COUNTERCLAIM**

Plaintiff/Counter-Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("SFM"), by counsel, hereby files its Reply to Defendants, MANUEL V. FEIJOO, M.D., P.A. (the "Clinic"), and MANUEL V. FEIJOO's ("Dr. Feijoo")(collectively, the "Defendants"), Response to SFM's Supplement to its Motion for Summary Judgment Directed to Defendants' Counterclaim (the "Response") [ECF 142], and states as follows:

I.    INTRODUCTION

Defendants' Response establishes there is no genuine issue of material fact regarding the service and timing of their pre-suit demand letters. The uncontroverted summary-judgment evidence proves that for 30 of the 46 at-issue PIP claims, Defendants failed to: (a) send SFM pre-suit demand letters pursuant to Florida Statute § 627.736(10) ("§ 627.736(10)") prior to filing their Counterclaim; **or** (b) wait 30 days from SFM's receipt of Defendants' demand letters before filing their Counterclaim. The only question remaining for the Court is, therefore, a legal one: Does

Defendants' undisputed failure to satisfy the§ 627.736(10)'s pre-suit demand requirements on these 30 PIP claims subject them to summary judgment in SFM's favor? For the reasons explained below, the Court should answer this question in the affirmative.

II. THERE IS NO GENUINE ISSUE OF MATERIAL FACT BECAUSE THE PARTIES' OPPOSING SUMMARY JUDGMENT EVIDENCE PROVES DEFENDANTS DID NOT SATISFY § 627.736(10)'S DEMAND LETTER REQUIREMENTS—A STATUTORY CONDITION PRECEDENT TO THEIR COUNTERCLAIM FOR PIP BENEFITS.

Defendants' Response and Kenneth Schurr's accompanying affidavit confirm Defendants' failure to satisfy § 627.736(10)'s pre-suit demand letter requirements for 30 of the 46 PIP claims at issue in their Counterclaim. As explained in SFM's Supplement to its Motion for Summary Judgment Directed to the Counterclaim ("Supplemental MSJ") and supporting Statement of Material Facts: (a) for 11 of the at-issue PIP claims, Defendants did not serve SFM with a Demand Letter before filing their Counterclaim; and (b) for 19 of the at-issue PIP claims, Defendants served demand letters prior to filing their Counterclaim but did not wait the mandatory 30 days after SFM's receipt of the letters before filing suit on them. [ECF 139, p. 8, 140]; *see also* T. Banahan Affidavit, at ¶¶ 4-5 [ECF 139-1].

For the first 11 claims referenced above, Defendants' Response and Mr. Schurr's affidavit fail to create a genuine issue of material fact. Defendants have not put forth any evidence to controvert Mr. Banahan's affidavit testimony that Defendants did not serve SFM with pre-suit Demand Letters prior to filing their Counterclaim. [ECF Nos. 140, ¶ 1; 143, ¶ 1; and 143-1]. Defendants' only evidence is Mr. Schurr's affidavit, which admits that for 6 of the 11 claims,[1] Defendants did not send SFM pre-suit demand letters until on or after August 19, 2019—over a

---

[1] Claim numbers and alphabetical references are from SFM's Statement of Material Facts [ECF 140, ¶ 1 (a-j): **b)** 51-1307-W87 (insured S.S.); **c)** 59-1792-C92 (insured D.M.); **e)** 59-2377-J31 (insured R.S.); **f)** 59-2522-R30 (insured I.V.); **h)** 59-2779-M11 (insured G.O.C.); and **i)** 59-3076-N06 (insured M.R.G.)

month-and-a-half <u>after</u> Defendants filed their Counterclaim on July 2, 2019. [ECF 143-1, pp. 2-3]. Mr. Schurr's affidavit makes no mention at all of the remaining 5 of these 11 PIP claims, and, therefore, Defendants have filed no summary-judgment evidence relating to them.[2] Thus, the uncontroverted summary judgment evidence proves that for these 11 PIP claims, Defendants did not serve pre-suit demand letters on SFM <u>prior to filing their Counterclaim</u>.

For the remaining 19 PIP claims, Defendants have expressly "[a]dmitted" that although they served demand letters prior to filing their Counterclaim, they did not wait the 30-day statutory period before filing suit on those claims. *See* Defs. Resp. to State. of Material Facts [ECF 143, ¶ 2] (Defendants admit they served their Demand Letters "less than 30 days from the date Defendants filed their Counterclaim."). It is, therefore, undisputed that Defendants filed their Counterclaim on these 19 PIP claims before expiration of the mandatory 30-day safe-harbor period set forth in § 627.736(10)(d).

Based on Defendants' failure to controvert the facts set forth in SFM's Statement of Material Facts, they are deemed admitted for purposes of SFM's Supplemental MSJ pursuant to Local Rule 56.1(b). Accordingly, SFM's Supplemental MSJ presents pure issues of law for resolution by the Court. As explained in the following sections, Defendants' attempt to justify and avoid the consequences of their failure to satisfy § 627.736(10)'s demand letter requirements on the 30 at-issue PIP claims are without merit as a matter of law.

III. **DEFENDANTS' ARGUMENTS LARGELY SUBSTITUTE SARCASM FOR GERMANE LEGAL ANALYSIS, AND THEY ARE MERITLESS AS A MATTER OF LAW.**

Defendants' lead argument in their Response to SFM's Supplemental MSJ is that

---

[2] Claim numbers and alphabetical references are from SFM's Statement of Material Facts [ECF 140, ¶ 1 (a-j): **a)** 59-9D39-520 (insured E.D.); **c)** 59-1792-C92 (insured M.M.); **d)** 59-1801-Q94 (insured M.S.); **g)** 59-2696-H00 (insured D.L.C.); and **j)** 59-3418-Z51 (insured M.C.).

3

"§627.736(1) was *not* enacted as the hook for a practical joke." [ECF 142, p. 4] (emphasis in original). There is, of course, no cognizable legal doctrine or theory that authorizes a party to ignore a statutory condition precedent to filing an action on the grounds the opposing party has raised the defense as a "practical joke."

Cutting through the snarky, hostile language that permeates Defendants' Response, it appears their primary argument is they are excused from complying with the statutory condition precedent set forth in § 627.736(10) on the grounds it would have been futile for them to send SFM demand letters on the 30 at-issue PIP claims. In support of this argument, Defendants cite three PIP cases: *Peachtree Casualty Ins. Co. v. Walden*, 759 So. 2d 7 (Fla. Dis. Ct. App. 2000), *State Farm Mutual Automobile Ins. Co. v. Gueimunde*, 823 So. 2d 141 (Fla. Dist. Ct. App. 2002), and *State Farm Mutual Automobile Ins. Co. v. Henry*, 2010 WL 8544069 (Fla. Cir. Ct. 2010). None of these cases govern the disposition of SFM's Supplemental MSJ.

In *Walden*, the insured's auto accident occurred in November 1996 and the subject medical services were provided in June 1997. 759 So. 2d at 7. In *Gueimunde*, the insured's auto accident occurred on November 5, 1997, the insured exhausted his PIP benefits on October 21, 1998, and the insured's claim related to medical payments coverage ("MPC"), not PIP benefits. 823 So. 2d at 142-43. The Florida Legislature did not enact the PIP statute's pre-suit demand letter requirement until the 2001 session—years after the accrual of the PIP and MPC claims at issue in *Walden* and *Gueimunde*. *See* 2001 Fla. Sess. Law Serv. Ch. 2001-271 (C.S.C.S.S.B. 1092) at *9; *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 875 (Fla. 2010) (holding "the 2001 amendment [to the PIP statute] creating the statutory presuit notice provisions constitutes a substantive change to the statute"). Thus, *Walden* and *Gueimunde* do not involve the PIP statute's demand-letter requirement and are, therefore, irrelevant to SFM's Supplemental MSJ.

As for *Henry*, the court errantly based its application of the futility doctrine to § 627.736(10)'s demand letter requirement on the *Walden* decision. *Henry*, 2010 WL 8544069, at *2. This ruling was incorrect because, as explained above, *Walden* did not in any manner involve, address, or discuss the demand letter requirement. Even more importantly, the Florida circuit court in *Walden* failed to follow binding district court precedent expressly holding that the futility doctrine does not apply to statutory conditions precedent like § 627.736(10).[3]

In *Lamberti v. Mesa*, Florida's Fourth District Court of Appeal held that the same futility doctrine addressed in *Henry* and raised by Defendants here does not apply to statutory conditions precedent: "While the doctrine of futility may excuse a party from performing a condition precedent in a contract, **that doctrine does not apply to excuse a statutory condition precedent.** To impose a common law doctrine to eliminate a statutory condition precedent **would be to rewrite the statute**." 29 So. 3d 446, 450 (Fla. Dist. Ct. App. 2010)(emphasis added); *see also Booth v. Churner*, 532 U.S. 731, 739-41, 741 n.6 (2001) (rejecting the plaintiff's argument that the futility doctrine excused him from exhausting his administrative remedies before filing a § 1983 action where the exhaustion was mandated by a federal statute). As explained in *Lamberti*, the Legislature's establishment of a pre-suit demand letter as a mandatory condition precedent to an action for PIP benefits cannot be judicially written out of the PIP statute based on a claim of futility.

The Florida Supreme Court has given no indication it would reach a different conclusion than *Lamberti* regarding the inapplicability of the futility doctrine to statutory conditions precedent. The Court is, therefore, "bound to follow" the above-quoted holding from *Lamberti* in this diversity case. *See Nunez v. Geico Gen. Ins. Co.*, 685 F. 3d 1205, 1210 (11th Cir. 2012)

---

[3] Section 627.736(10) expressly states that service of a pre-suit letter demanding payment of the disputed PIP benefits is "a **condition precedent** to filing any action for [PIP] benefits under this section…" Fla. Stat. § 627.736(10)(a)(emphasis added).

5

("Absent a clear decision from the Florida Supreme Court . . . we are bound to follow decisions of the state's intermediate appellate court unless there is some persuasive indication that the highest court of the state would decide the issue differently.") (internal citation and quotation marks omitted); *see also* [ECF 56, p. 12] (quoting the above-quoted language from *Nunez*).

Defendants also cite *Williams v. Secretary Dept. of Corrections*, No. 8:10-cv-1156-T-17EAJ, 2011 WL 398037 (M.D. Fla. 2011), and *Downing v. Fidelity National Title Insurance Company*, No. 3:16-cv-119-TCB, 2017 WL 6371196 (N.D. Ga. 2017), for the proposition that "[t]he law simply does not require futile acts." [ECF 142, p. 7]. These decisions must also give way to *Lamberti* because they do not involve the purported futility of compliance with a statutory condition precedent and, additionally, *Downing* was not decided under Florida law.

Defendants' other arguments are likewise meritless. Without citing any legal authority, Section I of their Response suggests SFM's arguments are somehow improper because SFM did not raise its arguments in a motion to dismiss and "made no mention of any issue regarding Pre-Suit demand letters" in its Motion for Separate Trial of Counterclaim. [ECF 142, p. 3]. Contrary to these arguments, SFM properly raised its demand letter defense by denying the allegations in the Counterclaim and expressly pleading that: (a) "Counterplaintiffs have failed to satisfy the following necessary conditions precedent" by "not submitt[ing] a statutory demand letter to State Farm Mutual for these claims prior to filing their counterclaim as required by Florida Statute § 627.736(10)"; and (b) "Counterplaintiffs did not submit a statutory demand letter to State Farm Mutual at least thirty days before filing their Counterclaim to recover PIP benefits on these claims." *Id*. [ECF 97, pp. 2-3 at ¶ 11(a) and (b)]. In an abundance of caution, SFM even re-raised these defenses in an affirmative defense titled "Failure to satisfy necessary conditions precedents to the Counterclaim." *Id*. [ECF 97, pp. 6-7 at ¶ 6]. In light of SFM's pleading, Defendants' suggestion

6

that they did not receive proper notice of SFM's demand-letter defense is baseless.

Defendants also make the equally baseless assertion that SFM did not seek leave to amend its earlier-filed motion for summary judgment on its claims to add its current arguments directed to Defendants' Counterclaim. [ECF 142, p. 3]. This assertion ignores the Court's August 14, 2019, Omnibus Order, which expressly authorizes the parties to supplement their pending motions for summary judgment with arguments directed to Defendants' Counterclaim. [ECF 115, p. 1 at ¶ 4]

Finally, Defendants contend their premature filing of the Counterclaim has been cured with the passage of time. [ECF 142, p. 6]. This argument fails at least two reasons. First, the passage of time cannot cure Defendants' failure to serve Demand Letters on the 5 PIP claims identified above.[4] *See supra* discussion on pp. 2–3; *see also* K. Schurr Affidavit, at ¶ 6 (making no mention of Defendants' PIP claims 5 insureds). Defendants did not send demand letters on these claims, and, therefore, the mandatory 30-day safe harbor period under § 627.736(10)(d) has not even begun to run, much less passed. This failure to satisfy the statutory condition precedent to Defendants' Counterclaim remains present and cannot have been cured by the passage of time.

Second, Defendants' reliance on *Steele v. Mid-Continent Causality Co.*, for the remaining PIP claims is misplaced. Defendants quote *Steele* for the proposition that "[u]nder Florida law, 'mere prematurity of an action, which is by definition curable simply by the passage of time is, however, not a proper basis for the outright dismissal of an action.'" No. 07-60789-CIV, 2007 WL 3458543, at *3  (S.D. Fla. Nov. 14, 2007) (quoting *Angrand v. Fox*, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989)); [ECF 142, p. 6]. *Steele* did not, however, involve the plaintiff's failure to satisfy a statutory condition precedent to filing an action.

---

[4] Claim numbers and alphabetical references are from SFM's Statement of Material Facts [ECF 140, ¶ 1 (a-j): **a)** 59-9D39-520 (insured E.D.); **c)** 59-1792-C92 (insured M.M.); **d)** 59-1801-Q94 (insured M.S.); **g)** 59-2696-H00 (insured D.L.C.); and **j)** 59-3418-Z51 (insured M.C.)].

In cases where the plaintiff fails to satisfy a statutory pre-suit notice requirement, the Florida Supreme Court has held the complaint is "subject to dismissal." *See Hosp. Corp. of Am. v. Lindberg*, 571 So. 2d 446 (Fla. 1990). In *Lindberg*, the plaintiff served the defendant with the required statutory notice of his intent to file a medical malpractice claim, but he did not await passage of the mandatory 90 days following the defendant's receipt of the notice before filing suit. *Id.* at 448. The Court concluded that the plaintiff's failure to satisfy the statutory pre-suit notice requirement "result[ed] in the failure of the complaint to invoke the jurisdiction of the court," which subjected the medical malpractice claim to dismissal. *Id.* (quoting *Solimando v. Int'l Med. Ctrs.,* 544 So. 2d 1031, 1033 (Fla. Dist. Ct. App. 1989)).

In addition to *Steele*, Defendants' Response quotes the *Angrand* decision from Florida's Third District Court of Appeal for the proposition that when a plaintiff fails to satisfy a statutory condition precedent to its claim, "the proper remedy is an abatement or stay of the claim for the period necessary for its maturation under the law." [ECF 142, p. 6] (quoting *Angrand*, 552 So. 2d at 1115). *Angrand* involved the same statutory pre-suit notice requirement for medical malpractice claims at issue in *Lindberg*, and the Florida Supreme Court decided *Lindberg* a year <u>after</u> the Third District issued *Angrand*. Thus, in a case involving a plaintiff's failure to satisfy a statutory condition precedent to its action (which *Steele* was not), *Angrand*'s ruling that the property remedy is abatement instead of dismissal is no longer correct under *Lindberg*. *See Neal v. Oakwood Hosp. Corp.*, 575 N.W. 2d 701, 709 (Mich. Ct. App. 1997) (recognizing and discussing *Lindberg*'s modification of *Angrand*).

The consequences of Defendants' failure to satisfy § 627.736(10)'s pre-suit notice requirements are controlled by *Lindberg*, not *Steele* or *Angrand*. Due to Defendant's failure to satisfy this statutory condition precedent on 30 of the at-issue PIP claims, their pending

Counterclaim fails to invoke this Court's jurisdiction to adjudicate those claims. State Farm is, therefore, entitled to summary judgment on them.

III. THE 30 AT-ISSUE PIP CLAIMS ARE NOT COMPULSORY COUNTERCLAIMS BECAUSE THEY WERE NOT MATURE OR RIPE AT THE TIME DEFENDANTS FILED THEIR ANSWER TO SFM'S AMENDED COMPLAINT.

Section II of Defendants' Response to SFM's Supplemental MSJ discusses the elements of a compulsory counterclaim and (incorrectly) asserts that the 30 PIP claims on which Defendants failed to satisfy § 627.736(10)'s pre-suit demand requirements are compulsory counterclaims in this case. [ECF 142, pp. 7-8]. Nowhere in this discussion do Defendants explain how, or cite any authority suggesting that, the (purported) compulsory nature of those 30 PIP claims excuses their failure to comply with § 627.736(10). On the contrary, the 30 at-issue PIP claims are not compulsory counterclaims precisely because of Defendants' failure to satisfy this statutory condition precedent to their Counterclaim.

Florida law is clear that a counterclaim is not compulsory where it is not mature or ripe at the time the defendant files its answer to the plaintiff's complaint. *See Colony Ins. Co. v. Total Contracting & Roofing, Inc.*, No. 10–23091–CIV, 2010 WL 5093663, at *2 (S.D. Fla. Dec 8, 2010.); *Robaina v. Novastar Fin. Corp.*, No. 12-20988-Civ-COOKE/TURNOFF, 2012 WL 12864929, at *3 (S.D. Fla. Oct. 3, 2012); *Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.*, 807 So. 2d 669, 672 (Fla. Dist. Ct. App. 2001). At the time Defendants' filed their Answer to SFM's Amended Complaint, they could not invoke this Court's jurisdiction to adjudicate their Counterclaim to recover benefits on the 30 at-issue PIP claims because Defendants had not satisfied § 627.736(10)'s pre-suit notice requirement. *See supra Lindberg p.* 8; *see also Stone v. Dep't of Aviation*, 453 F. 3d 1271, 1276 (10th Cir. 2006) ("It seems axiomatic that a party does not have a matured claim, sufficient to be deemed a compulsory counterclaim, if that claim

is subject to dismissal because all the conditions precedent to asserting it have not yet occurred."). Thus, Defendants' Counterclaim on these 30 PIP claims was neither ripe nor mature at the time of its filing and, therefore, it is not a compulsory counterclaim.

In *Allstate Ins. Co. v. Pennsylvania Chiropractic Services Corp.*—a case discussed in SFM's Supplemental MSJ—the court addressed the identical issues present here. There, the medical providers argued the court should excuse their failure to satisfy § 627.736(10)'s demand letter requirement on their counterclaim for PIP benefits because it was compulsory. No. CV 16-1318, 2016 WL 6247053, at *5 (E.D. Pa. Oct. 24, 2016). Rejecting this argument, the court explained:

> A claim that has not accrued cannot be compulsory. *See In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 568 (3d Cir. 2005) (noting that this maturity requirement is expressly set forth in Federal Rule of Civil Procedure 13(a) which states that "A pleading shall state as a counterclaim any claim *which at the time of serving the pleading* the pleader has against any opposing party"); *see also Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir. 1985) ("A counterclaim acquired by the defendant after he has answered will not be considered compulsory, even if it arises out of the same transaction as does the plaintiff's claim"). These cases make clear **that illogical nature of Counterclaim Plaintiffs' argument** – the alleged compulsory nature of a claim cannot make a claim mature, because maturity is a required element to make a claim compulsory. Therefore, the notice requirement is not excused on this basis.

*Id.* (emphasis added). Under the authority of *Total Contracting*, *Robaina*, and *Kellogg*, the Court should reach the same conclusion regarding Defendants' identical argument in this case.

IV.   CONCLUSION

For all of the above reasons, Defendants' arguments in opposition to SFM's Supplemental MSJ are without merit. From a factual perspective, Defendants not only failed to refute any of SFM's Statements of Material Fact, Defendants have confirmed their failure to comply with the statutory condition precedent of serving SFM pre-suit demand letters on 30 of the 46 of the PIP claims at issue in the Counterclaim. Accordingly, the Court should enter summary judgment for SFM on those 30 claims.

Dated this 11th day of October, 2019.

                Respectfully submitted,

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
**deBeaubien, Simmons, Knight,
   Mantzaris and Neal, LLP**
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
**Holland & Knight LLP**
222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counter-Defendant*