# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA FT. LAUDERDALE DIVISION

## Case No.: 18-cv-23329-RAR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,

      Plaintiff/Counter-Defendant,

v.

MANUEL V. FEIJOO,
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

      Defendants/Counter-Plaintiffs.

## JOINT MOTION FOR CONTINUANCE OF TRIAL DATE AND LIMITED EXTENSION OF DISCOVERY DEADLINE TO PERMIT DEPOSITION OF STATE FARM MUTUAL

Plaintiff/Counter-Defendant, State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and Defendants, Manuel V. Feijoo and Manuel v. Feijoo, M.D., P.A. (collectively, the "Defendants") (all parties collectively referred to as the "Parties") move jointly for a continuance of the November 12, 2019 trial date and for a limited extension of the discovery deadline, and in support thereof state as follows:

1. The Parties have diligently engaged in voluminous document discovery in this matter, exchanging nearly five hundred thousand pages of material over the course of 10 months.

2. In their initial document requests made on January 8, 2019, Defendants requested any and all documents referencing Defendants within a database maintained by State Farm Mutual called the Potential Fraud Management Tool ("PFMT").  A copy of Defendants' Request for Production (Set I) is attached as Exhibit "A."

3. In response, State Farm Mutual produced information from the PFMT database to Defendants.

4. On June 18, 2019, Defendants deposed State Farm Mutual's corporate designee concerning the timing, basis, and substance of investigations conducted by State Farm Mutual into the Defendants' medical practice.

5. Shortly before October 15, 2019, State Farm Mutual discovered, for the first time, additional information in the PFMT database that is within the scope of documents requested in Plaintiff's Request for Production (Set I) attached hereto as Exhibit "A."

6. On October 15, 2019, State Farm Mutual produced the newly discovered information in the PFMT to Defendants as a supplemental document production pursuant to Federal Rule of Civil Procedure 26(e)(1)(A).

7. Upon receipt of State Farm Mutual's supplemental production of the newly discovered information from the PFMT database, Defendants' counsel advised State Farm Mutual's counsel that Defendants have been prejudiced by the late production of the PFMT information because, had State Farm Mutual produced the documents prior to the June 18, 2019, deposition of its corporate representative, Defendants would have questioned him regarding this information.

8. Shortly thereafter, Counsel for the parties conferred in a good faith effort to resolve the above-described situation, which has resulted in the following agreement between the Parties to cure the prejudice claimed by Defendants: a) Defendants may take the deposition of State Farm Mutual's corporate representative for the limited purpose of asking questions regarding designated topics relating to the information from the PFMT database that State Farm Mutual produced to Defendants on October 15, 2019, which may include (without

limitation) questions on whether there are any additional documents or information relating

to the designated topics that have not been previously produced by State Farm Mutual; b)

if Defendants deem it appropriate, they may supplement their Motion for Summary

Judgment with the newly discovery information from the PFMT and the deposition

testimony of State Farm Mutual's corporate representative regarding them; and c) in light

of the time needed to complete the deposition and possibility of Defendants supplementing

their Motion for Summary Judgment, the Parties will jointly move the Court to continue

the trial currently scheduled for the two-week docket beginning on November 12, 2019.

9.  The Parties are endeavoring to schedule the agreed upon deposition of State Farm's

corporate representative to occur within the next three weeks.

10. The Parties further submit that a continuance of the trial date will also allow greater time

for the Court to rule on the Parties' cross-motions for summary judgment, which the Parties

expect will substantially clarify the issues and evidence they need to be prepared to address

at trial.

11. Should the Court grant the relief sought by this Motion, the Parties would respectfully

request a trial date certain on the first available date in the Court's calendar in 2020.[1]

### MEMORANDUM OF LAW

"Under Federal Rule of Civil Procedure 6(b), a party seeking to extend a deadline is

required to show good cause for such an extension. *See* Fed. R. Civ. P. 6(b)(1)(A). To establish

good cause, the party seeking the extension must establish that the schedule could not be met

despite the party's diligence." Alarm Grid, Inc. v. Alarm Club.com, Inc., No. 17-80305-CV, 2018

---

[1] The undersigned counsel for State Farm Mutual, Kenneth Hazouri, has booked a holiday vacation out of the country with his entire family **for December 13-22, 2019,** and respectfully requests that the trial not be set on dates that conflict with his vacation.

WL 679490, at *3 (S.D. Fla. Feb. 2, 2018), *citing* <u>Ashmore v. Sec'y, Dep't of Transp.</u>, 503 Fed. Appx. 683, 685 (11th Cir. 2013) and <u>Oravec v. Sunny Isles Luxury Ventures, L.C.</u>, 527 F.3d 1218, 1232 (11th Cir. 2008)).

The parties have worked diligently to produce documents and conduct discovery in this matter, which has involved hundreds of thousands of pages of material spanning nearly a decade. The materials produced on October 15, 2019 unquestionably fell within the discovery requests made by Defendants and the failure to produce them was inadvertent, which inadvertency State Farm  Mutual corrected immediately upon becoming aware of it.  The parties quickly conferred thereafter and have jointly agreed to seek the relief requested by this Motion in order to eliminate any prejudice claimed by Defendants.

## CERTIFICATE OF COUNSEL

All counsel certify that the Parties agree and consent to the relief requested by this Joint Motion.

WHEREFORE, the Parties jointly move to continue the Trial Date of this matter to the first available date certain in the Court's calendar in 2020.  The Parties move as well as for an extension of the discovery deadline for the limited purpose of permitting the further deposition of State Farm Mutual's Corporate Designee and production of documents related thereto, and to permit the supplementation of Defendants' Motion for Summary Judgment if appropriate.

Dated this 22nd day of October 2019.

Respectfully Submitted,

*/s/ Jerome A. Pivnik*
**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email: Pivniklaw@aol.com
Cdiezpivniklaw@aol.com

Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408
(Attorney for Defendants)

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com
Attorney for Defendants
*(Admitted pro hac vice)*

/s/ Kenneth P. Hazouri
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
**deBEAUBIEN, SIMMONS, KNIGHT,**
  **MANTZARIS AND NEAL, LLP**
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
**HOLLAND & KNIGHT LLP**
222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counter-Defendant*