UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-cv-23329-Moore/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.

_____/

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS (SET I) DIRECTED TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm Mutual")[1] by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34(b) and Local Rule 26.1(e), hereby serves its objections and responses to MANUEL V. FEIJOO's ("Dr. Feijoo") and MANUEL V. FEIJOO, M.D., P.A.'s (the "Feijoo Clinic") (collectively, the "Defendants") First Request for Production and states as follows:

---

[1] Defendants incorrectly addressed the requests for production to "State Farm Mutual Automobile Company." For purposes of these responses, Plaintiff assumes the Requests were intended to be directed to Plaintiff State Farm Mutual Automobile <u>Insurance</u> Company and any references to "State Farm Mutual" mean the Plaintiff in this case, State Farm Mutual Automobile <u>Insurance</u> Company.

1

**Objections to Instructions and Definitions in Defendants' Request for Production**

1. State Farm Mutual objects to the Instructions in Defendants' Request for Production to the extent they purport to impose duties or obligations greater than, or different from, those imposed by the Federal Rules of Civil Procedure including, and not limited to: a) State Farm Mutual's duty to supplement responses under Federal Rule of Civil Procedure 26(e); and b) State Farm Mutual's duties and obligations regarding Defendants' request for electronically stored information ("ESI"). Specifically and without limitation, State Farm Mutual objects to Defendants' instruction purporting to require State Farm Mutual to produce, in electronically searchable form, any document that it maintains in electronically searchable form as being contrary to Federal Rule of Civil Procedure 34(b)(2)(E) and the parties' stipulation regarding the production of documents set forth in Paragraph II.C. of their Joint Scheduling and Rule 26 Conference Report [Dkt. 13]. Unless otherwise stated in the response(s) to Defendants' document requests below, State Farm Mutual will produce the responsive documents in the manner and format described in that stipulation. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that to the best of its knowledge and belief, it is not withholding responsive materials on the basis of this objection.

2. State Farm Mutual objects to the inclusion of State Farm Mutual's "representatives" in the definition of "you," "your," or "State Farm" to the extent in purports to expand the scope of documents that are within State Farm Mutual's possession, custody, or control as set forth in Federal Rule of Civil Procedure 34(a)(1) and governing case law interpreting this rule. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C) State Farm Mutual states that to the best of its knowledge and belief, it is not withholding responsive materials on the basis of this objection.

## Statement Regarding Manner and Time of Production

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), State Farm Mutual states: a) it will produce documents responsive to these Requests in the manner agreed to by the parties in Paragraph II.C. of their Joint Scheduling and Rule 26 Conference Report [Dkt. 13]; and b) it will produce any responsive non-privileged documents identified in the responses below, including the claim files and emails, on a rolling basis with the first production anticipated on or before March 8, 2019.

## General Objections

State Farm Mutual objects to Defendants' characterization of themselves as "Defendants/Counterclaim Plaintiffs" throughout the Requests because Defendants have not filed a counterclaim in this case and, therefore, are not "Counterclaim Plaintiffs." Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that it is not withholding responsive materials on the basis of this objection.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** The entire contents of each claim file associated with any patient identified in or referenced by State Farm's Complaint or the exhibits thereto.

**RESPONSE:**

State Farm Mutual objects to this Request on the ground that it is vague and ambiguous because the phrase "claim file" is not defined. State Farm Mutual does not maintain physical file folders with respect to each claim. Electronic information regarding its claims are created, stored, managed, and accessed primarily in and through the Enterprise Claim System ("ECS"), a proprietary web-based system used by State Farm Mutual claims associates. State Farm Mutual interprets and understands "claim file" in this context. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that to the best of its knowledge and belief, it is not withholding responsive materials on the basis of this objection.

State Farm Mutual further objects to this Request on the ground that it is over broad and seeks information not relevant to State Farm Mutual's claims or Defendants' defenses thereto. This Request seeks the production of documents and information that pertain to patients whose treatment is not at issue in this litigation and who have never treated with the Feijoo Clinic. State Farm Mutual assigns a single claim number for all claims arising out a single automobile accident. Accordingly, some claims involve multiple injured persons and any single claim number (and the associated "claim file") may involve persons who did not treat with the Feijoo Clinic. Documents relating to persons who did not treat at the Feijoo Clinic are not relevant to the claims or defenses at issue in this action and production of such documents (especially their medical records and bills) would improperly invade the privacy interests of those non-relevant

persons. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that it is withholding responsive materials on the basis of these objections.

State Farm Mutual further objects to this Request to the extent it seeks information protected by the work product doctrine and/or the attorney-client privilege established by section 90.502, Florida Statutes. State Farm Mutual's claim files routinely contain documents and information reflecting attorney-client communications and/or work product prepared in anticipation of litigation. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states it is withholding responsive materials on the basis of its attorney/client privilege and/or work product objections and will serve a privilege log listing the withheld documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(A)(ii) and Local Rule 26.1(e)(2)(B)(ii).

State Farm Mutual will produce the non-privileged, non-work product portions of claim files pertaining to patients whose treatment is at-issue in this lawsuit that are not subject to the above objections.

**REQUEST FOR PRODUCTION NO. 2:** **The entire contents of any MCIU/SIU Project file which has ever existed identifying Dr. Manuel Feijoo or any practice with which Dr. Feijoo has ever been associated as a subject of the Project.**

**RESPONSE:**

State Farm Mutual objects to this Request on the grounds that it is vague and ambiguous because the phrase "MCIU/SIU Project File" is not defined and it is unclear what Defendants are seeking. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that to the best of its knowledge and belief, State Farm Mutual is not withholding responsive materials on the basis of this objection.

State Farm Mutual further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege established by section 90.502, Florida Statutes, and/or work product doctrine, as State Farm Mutual's investigative files and documents routinely contain documents and information reflecting attorney-client communications and work product prepared in anticipation of litigation. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states it is withholding materials responsive to this Request on the basis of its attorney/client privilege and/or work product objections and will serve a privilege log listing the withheld documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(a)(ii) and Local Rule 26.1(e)(2)(B)(ii).

State Farm Mutual further objects to this Request on the grounds that it is overbroad, not proportional to the needs of this action, and seeks information that is not relevant to the claims or defenses at issue in this action. The Request is not limited to documents pertaining to Dr. Feijoo or the Feijoo Clinic, not limited in time, not limited in geographic scope, not limited to the issues in this dispute, and not limited in any other respect – it broadly seeks "[t]he *entire contents* of *any* MCIU/SIU Project file which has *ever existed* identifying Dr. Manuel Feijoo or *any practice* with which Dr. Feijoo has *ever been associated*." This Request would require State Farm Mutual to search every investigative file ever created on any clinic or any provider nationwide for an unlimited period of time to verify whether the investigative files ever mentioned Dr. Feijoo or any unidentified and unnamed clinic that may be associated with Dr. Feijoo and to then produce the entire investigative files. This is inconsistent with the proportionality requirements of the Federal Rules of Civil Procedure, is overbroad, and could require the production of highly sensitive and irrelevant information pertaining to other investigations.

Additionally, State Farm Mutual previously opened a project to investigate Dr. Feijoo,

6

which did not lead to the filing of this action or any other action, and any documents or materials associated with that investigation are not relevant to State Farm Mutual's claims in this action or any cognizable defenses thereto. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states it is withholding materials responsive to this Request on the basis of this objection.

State Farm Mutual will produce relevant, non-privileged, non-work product protected documents found within the MCIU project file generated as a result of its investigation of the Defendants' conduct as set forth in its Complaint that are not the subject of the above objections.

**REQUEST FOR PRODUCTION NO. 3:** **Any and all of the following documents created or maintained by State Farm which in any way concern Defendants/Counterclaim Plaintiffs:**

- **Project Activity Log(s);**
- **Investigative Summaries;**
- **Documentation of Open/Closed Claim file reviews;**
- **Documentation of Project Reviews;**
- **Documentation of Project Strategy meetings;**
- **Claim handling guidelines for claim reps handling claims involving Dr. Feijoo and/or Dr. Feijoo's practice;**
- **Claim assignment memos;**
- **Emails discussing the Project;**
- **Social Media Searches;**
- **TAC and other Analytic Queries;**
- **Frequency searches;**
- **Background searches (including Accurint and ISO search results);**
- **Multi-Claim Investigation Analysis Worksheets;**
- **Any and all Enterprise Claim System Claim Alerts;**
- **TIN Runs;**
- **TIN Diversion Requests and/or Authorizations;**
- **TIN Block Requests and/or Authorizations;**
- **Connected Provider Analyses;**
- **Heat Maps;**
- **Treatment Analyses;**
- **Screener Summaries and/or reports;**
- **Exposure Analyses;**

- CPT Analyses;
- NICB Alerts;
- Correspondence and/or reports submitted to the NICB;
- Emails, instant messages;
- MCIU Authority Memos;
- SIU/MCIU Analyst Service Request Forms;
- SFnet Expense Planning Requests;
- Project Expense requests and/or authorizations;
- Project Expense Worksheets;
- Invoices for Project related expenses;
- Spreadsheets, reports, summary PDFs, notes of research, work ups, comment boxes, and/or any other documents created by State Farm data Analysts.

**RESPONSE:**

State Farm Mutual objects to this Request on the grounds that it is overbroad, not proportional to the needs of this case, and seeks information that is not relevant to the claims or defenses at issue in this action. The Request is not limited in time, not limited in geographic scope, not limited to the issues in this dispute, and not limited in any other respect – it broadly seeks "*[a]ny and all* . . . documents created or maintained by State Farm Mutual which *in any way concern Defendants*" including broad categories of documents such as any "[e]mails" and any investigative documents. For example, the Request seeks any "Connected Provider Analyses" that concern Defendants. A "Connected Provider Analys[is]" document is a standard analytics tool often used during an investigation to determine what other providers co-treated the at-issue clinic's patients. If State Farm Mutual generated a "Connected Provider Analys[is]" on a local hospital ten years ago, the Feijoo Clinic may appear on the report if the Feijoo Clinic ever treated patients who had been seen at the hospital – that is, the hospital and the Feijoo Clinic would be "connected" providers because they both treated some of the same patients. Such a "Connected Provider Analys[is]" on the hospital would have no relevance to the claims and defenses in this case and would be nearly impossible to identify absent a review of hundreds or thousands of other unrelated investigative files. In addition, a request for *any* "emails" for an

8

unlimited time period that may concern Defendants would require State Farm Mutual to search every email account of the more than 65,000 State Farm employees for an unlimited time for potentially responsive information. This is inconsistent with the proportionality requirements of the Federal Rules of Civil Procedure, is overbroad, and could require the production of highly sensitive and irrelevant information pertaining to other investigations. Due to the nature of these objections, State Farm Mutual cannot definitively state whether or not it is withholding responsive documents pursuant to Federal Rule of Civil Procedure 34(b)(2)(C).

Additionally, State Farm Mutual previously opened a project to investigate Dr. Feijoo, which did not lead to the filing of this action or any other action, and any documents or materials associated with that investigation are neither relevant to State Farm Mutual's claims in this action nor any cognizable defenses thereto. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states it is withholding materials responsive to this Request on the basis of this objection.

State Farm Mutual further objects to this Request on the grounds that the terms "summary PDFs," "notes of research," "work ups," and "comment boxes" are vague, ambiguous, and undefined. These terms are not terms of art used by State Farm Mutual and instead appear to be colloquialisms derived from an unknown source. Since State Farm Mutual cannot ascertain what documents Defendants are requesting by use of these terms, State Farm Mutual cannot definitively state whether or not it is withholding responsive documents pursuant to Federal Rule of Civil Procedure 34(b)(2)(C).

State Farm Mutual also objects to this Request on the grounds that it seeks documents protected from discovery by the attorney/client privilege established by section 90.502, Florida Statutes, and/or the work product doctrine. For example, the Request seeks any "[e]mails

9

discussing the Project," any "[e]mails" that concern the Defendants, and any attorney "[i]nvoices for Project related expenses." State Farm Mutual retained outside counsel to provide legal advice in connection with its investigation of Defendants, emailed counsel, and received invoices for these legal services—all of which would be protected by the attorney/client privilege and/or work product doctrine. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that it is withholding responsive documents on the basis of its attorney/client privilege and/or work product objections and will serve a privilege log listing the withheld documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(a)(ii) and Local Rule 26.1(e)(2)(B)(ii).

State Farm Mutual further objects to the Defendants' request for MCIU Authority Memos, "SFnet Expense Planning Requests," "Project Expense requests and/or authorizations," "Project Expense Worksheets, and Invoices for Project related expenses" as not relevant to the claims or defenses in this action. Documents reflecting the expenses associated with State Farm Mutual's investigation of Defendants do not relate to any issue of proof in State Farm Mutual's FDUTPA claim or any cognizable defense thereto that can be raised by Defendants. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C) State Farm Mutual states it is withholding responsive materials on the basis of this objection.

State Farm Mutual further objects to Defendants' request for "Documentation of Open/Closed Claim file reviews" on the grounds that it is overbroad and seeks information that is not relevant to the claims or defenses at issue in this action. As State Farm Mutual understands the phrase "Open/Closed Claim file reviews," they are reviews focusing on internal practices and procedures, not the conduct or actions of any person or entity making a claim under an insurance policy. Accordingly, the referenced "Documentation of Open/Closed Claim file reviews" are

wholly unrelated and irrelevant to Defendants' conduct as stated in State Farm Mutual's Complaint. Based on the foregoing, State Farm Mutual further objects to the request for "Documentation of Open/Closed Claim file reviews" on the grounds that it seeks confidential and proprietary information and documents protected from discovery under the self-critical analysis privilege.

State Farm Mutual will produce relevant, non-privileged, non-work product-protected documents found within the MCIU project file generated as a result of its investigation of the Defendants' conduct as set forth in its Complaint that are not the subject of the above objections. State Farm Mutual will also produce relevant, non-privileged e-mails concerning Defendants and the investigation of the Defendants' conduct as set forth in its Complaint.

**REQUEST FOR PRODUCTION NO. 4:** **Any and all documents maintained within The Potential Fraud Management Tool which reference Defendants/Counterclaim Plaintiffs, including, but not limited to:**

- **NICB Alerts;**
- **Documentation of Issues of Concern regarding the medical provider;**
- **Clinic information;**
- **Spreadsheets detailing Project Exposure;**
- **Billing amount by year for the provider under investigation;**
- **Payment amounts by year identified by COL's;**
- **Results of sample claim reviews;**
- **Contact and communication with the NICB; and**
- **Net Maps**
- **Analytics Reports**
- **Screener documentation**

**RESPONSE:**

State Farm Mutual objects to this Request on the grounds that it is vague, ambiguous, and confusing because it is premised on information that is not accurate in that it assumes the Potential Fraud Management Tool contains documents when, in fact, the Potential Fraud

11

Management Tool is not a document repository. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that to the best of its knowledge and belief, it is not withholding responsive documents on the basis of this objection.

State Farm Mutual responds that it will produce data maintained in the Potential Fraud Management Tool pertaining to the investigation of the Defendants' conduct as set forth in its Complaint.

**REQUEST FOR PRODUCTION NO. 5:** Any and all "Alerts" of any kind issued by State Farm's SIU/MCIU representatives concerning Defendants/Counterclaim Plaintiffs.

**RESPONSE:**

State Farm Mutual objects to this Request on the grounds that it is overbroad and not proportional to the needs of this action. The Request is not limited in time or to the issues in, and claims at issue, in this dispute. Additionally, the request would require State Farm to manually review every claim file involving a patient who has ever treated with Dr. Feijoo or the Feijoo Clinic to determine whether an "alert" was issued therein, and whether the "alert" concerned Dr. Feijoo or the Feijoo Clinic. Due to the nature of this objection, State Farm Mutual cannot definitively state whether or not it is withholding responsive documents pursuant to Federal Rule of Civil Procedure 34(b)(2)(C).

As State Farm Mutual understands the term "alerts," it has not identified any materials responsive to this request within the claims that are at issue in this case. This notwithstanding, to the extent Defendants consider a tax identification number ("TIN") diversion or TIN block to constitute an "alert," State Farm Mutual further responds that it placed a TIN diversion and, subsequently, a TIN block on the Feijoo Clinic's tax identification number, and that it is producing this TIN Diversion and TIN Block in response to Request No. 3 above.

**REQUEST FOR PRODUCTION NO. 6:** Any and all referrals of any kind made to or alerts received from the NICB at any time concerning Defendants/Counterclaim Plaintiffs.

**RESPONSE:**

State Farm Mutual objects to this Request on the grounds that it is overbroad, not proportional to the needs of this action, and seeks information that is not relevant to the claims or defenses at issue in this case. The Request is not limited in time and not limited to the issues in this dispute – it broadly seeks "*[a]ny and all referrals* of *any kind* made to or alerts received from the NICB *at any time* concerning Defendants." The Request would require State Farm Mutual to search hundreds or thousands of communications drafted by NICB and sent to State Farm Mutual for an unlimited time period to determine if they happen to mention Dr. Feijoo or the Feijoo Clinic, regardless of whether the content of the NICB communications relate to the issues in this action or were used by State Farm Mutual in the course of the investigation of the Defendants' conduct as set forth in its Complaint. Due to the nature of this objection, State Farm Mutual cannot definitively state whether or not it is withholding responsive documents pursuant to Federal Rule of Civil Procedure 34(b)(2)(C).

State Farm Mutual conducted an investigation to identify any notifications from NICB that are pertinent to the investigation of the Defendants' conduct as set forth in its Complaint and could not locate any such documents. State Farm Mutual further responds that it conducted an investigation to identify potentially responsive NICB referrals for the five-year period preceding the filing of this action, but did not locate any NICB referrals during this time period. To the best of State Farm Mutual's knowledge and belief, any such referrals would have been made through

a web-based form hosted by the NICB, for which no copy of the referral would have been generated upon submission.

**REQUEST FOR PRODUCTION NO. 7: All documentation of referral(s) made to law enforcement and/or any other government entity concerning Defendants/Counterclaim Plaintiffs.**

**RESPONSE:**

Please see State Farm Mutual's response and objections to Request No. 6 above, which are incorporated herein by reference.

In addition, State Farm Mutual responds that it previously received communications from the Florida Division of Fraud, Department of Financial Services, stating that it could be in violation of section 934.43, Florida Statutes, if it were to disclose the type of documents sought through this Request. Accordingly, State Farm Mutual hereby requests an order from the Court directing the disclosure of the responsive documents and ruling that its disclosure of any such documents responsive to this Request shall not violate section 934.43, Florida Statutes.

**REQUEST FOR PRODUCTION NO. 8: Any and all surveillance videos, reports of surveillance, and/or any and all documentation relating to any surveillance which has ever been conducted by State Farm concerning Defendants/Counterclaim Plaintiffs.**

**RESPONSE:**

State Farm Mutual objects to this Request on the grounds that it seeks materials protected from discovery by the work product doctrine because State Farm Mutual does not intend to introduce into evidence at trial the surveillance footage or related documents it obtained in furtherance of its investigation of the Defendants' conduct as set forth in its Complaint. *See*, *e.g.*, *Bolitho v. Home Depot USA, Inc.*, No. 10-60053-CIV, 2010 WL 2639639 (S.D. Fla. June 3,

2010); *Davis v. Waffle House, Inc.*, No. 15-60116-CIV-Dimitrouleas/Snow, 2015 WL 12743849 (S.D. Fla. June 30, 2015); *Turner v. Atlantic SE Airlines, Inc.*, No. 1:07-CV-0039-RLV-CCH, 2008 WL 11320105 (N.D. Ga. 2008). Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that it is withholding responsive materials on the basis of the work product doctrine and will serve a privilege log listing the withheld materials pursuant to Federal Rule of Civil Procedure 26(b)(5)(a)(ii) and Local Rule 26.1(e)(2)(B)(ii).

**REQUEST FOR PRODUCTION NO. 9: Copies of any and all statements taken by any representative of State Farm in connection with any investigation conducted concerning the allegations of State Farm's Complaint.**

**RESPONSE:**

State Farm Mutual responds that it did not obtain any statements in connection with the MCIU project investigation of the Defendants' conduct as set forth in its Complaint. State Farm Mutual further responds that statements obtained in connection with evaluating and adjusting the claims associated with the patients who treated with the Defendants, and whose treatment is at issue in this action, are contained within the non-privileged portions of the claim files that State Farm Mutual is producing in response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 10: Any and all invoices submitted by the law firm of deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP, and/or any other law firm for services rendered in connection with any MCIU investigation or Project conducted by State Farm of Defendants/Counterclaim Plaintiffs.**

**RESPONSE:**

State Farm Mutual objects to this Request on the ground that it seeks information and documents that are not relevant to the claims or defenses at issue in this action. Outside counsel's

15

invoices to State Farm Mutual in connection with its investigation of the Defendants have no bearing on the claims or defenses at issue in this action.

State Farm Mutual further objects to this Request on the ground that it seeks documents protected by the attorney-client privilege established by section 90.502, Florida Statutes, and/or work product protection because it seeks documents containing the descriptions of communications with and work performed by outside counsel, as well as amounts billed by outside counsel. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states that it is withholding documents on the basis of its above-stated relevance and attorney-client/work product objections and will serve a privilege log listing the documents withheld on the grounds of the attorney/client privilege and work product doctrine pursuant to Federal Rule of Civil Procedure 26(b)(5)(a)(ii) and Local Rule 26.1(e)(2)(B)(ii).

**REQUEST FOR PRODUCTION NO. 11:** **Copies of any and all of the following reports created in connection with any MCIU Project associated with Defendants/Counterclaim Plaintiffs**

- **Potential Issues of Concern**
- **Preliminary Report**
- **Progress Report**
- **Closing Report**

**RESPONSE:**

State Farm Mutual objects to this Request on the ground that it seeks documents protected from discovery by the attorney/client privilege established by section 90.502, Florida Statutes, and the work product doctrine. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states it is withholding responsive documents on the basis of its attorney/client privilege and/or work product objections and will serve a privilege log listing the

16

withheld documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(a)(ii) and Local Rule 26.1(e)(2)(B)(ii).

State Farm Mutual further objects to this Request on the grounds that the phrase "associated with" is vague, ambiguous, and over broad such that it could include documents that are not relevant to the claims and defenses at issue in this action. State Farm Mutual has a statutory obligation to investigate potential insurance fraud. In the course of those investigations, names of other providers often come up even when the other providers are not the subject of the investigation (i.e., like in a Connected Provider Analysis described in the response to Request for Production No. 3 above). It is unclear from the Request whether Defendants are seeking a) any reports that may mention Dr. Feijoo or the Feijoo Clinic—regardless of whether Dr. Feijoo or the Feijoo Clinic were the subject of the investigation or b) whether Defendants are seeking the listed reports from the investigation of the Defendants' conduct as set forth in its Complaint. With regard to the former, the Request would be over broad because it would require State Farm Mutual to search hundreds, if not thousands, of reports to determine if Dr. Feijoo or the Feijoo Clinic was ever mentioned. As such, State Farm Mutual interprets this Request as seeking the listed reports from the investigation of the Defendants' conduct as set forth in its Complaint. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), State Farm Mutual states it is withholding materials responsive to this request on the basis of these objections.

State Farm Mutual will produce relevant, non-privileged, non-work product-protected documents found within the MCIU project file generated as a result of its investigation of the Defendants' conduct as set forth in its Complaint that are not the subject of the above objections.

DATED February 26, 2019.

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI

Trial Counsel
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
lmorales@dsklawgroup.com
deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail on this 26th day of February, 2019, to: JEROME PIVNIK, The Pivnik Law Firm, 7700 N. Kendal Drive, Suite 703, Miami, FL 33156 at pivniklaw@aol.com and cdiezpivniklaw@aol.com; and ANDREW BARATTA, Baratta, Russell & Baratta, 3500 Reading Way, Huntingdon Valley, P.A., 19006 at andrew@barratarussell.com.

*/s/ Kenneth P. Hazouri*
KENNETH P. HAZOURI
Trial Counsel
Fla. Bar No. 019800
khazouri@dsklawgroup.com
lquezada@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
lmorales@dsklawgroup.com
deBeaubien, Simmons, Knight,
  Mantzaris and Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Attorneys for Plaintiff