UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants/Counter-Plaintiffs.

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
UNTIMELY DISCLOSURE OF WITNESS KENNETH SCHURR**

Plaintiff, State Farm Mutual Automobile Insurance Company ("SFM"), hereby moves to strike Kenneth Schurr ("Schurr") from Defendants' witness list and to preclude Defendants from calling Schurr at trial. In violation of Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure, Defendants, Manuel V. Feijoo, M.D. ("Dr. Feijoo") and Manuel V. Feijoo, M.D., P.A. (the "Clinic") (collectively "Defendants"), failed to list Schurr on any of their initial disclosures, but now seek to call him at trial without any valid justification for their failure to timely disclose.

    **I.**    **INTRODUCTION AND BACKGROUND**

Defendants served their Initial Disclosures on December 12, 2018, and their Amended Initial Disclosures on May 16, 2019 (the "Disclosures"). These Disclosures did not include Schurr and Defendants have not served any further disclosures. Schurr was not deposed and no discovery was taken surrounding his involvement in this lawsuit. Shockingly, on October 28, 2010, Defendants disclosed *for the first time* they intended to call Schurr as a trial witness. *See* Email

dated Oct. 28, 2019 attaching a list of proposed trial witnesses (only portions of the exhibits to the email are attached for brevity), attached as **Exhibit 1**. During the pendency of this case, SFM had no reason to believe Defendants would call their own lawyer as a trial witness, and therefore, have not prepared to take his testimony at trial or otherwise subpoenaed documents from his law office that could be used in his cross-examination. After finding out Defendants intended to call Schurr at trial, counsel for SFM immediately reached out to Defendants and requested a deposition of Schurr. Mr. Baratta responded that Defendants would produce Schurr for deposition if SFM would agree not to strike Schurr as a trial witness for the defense. Given SFM does not know the substance of Schurr's anticipated testimony or the true extent of the prejudice this has caused, SFM obviously could not agree. Accordingly, SFM was forced to filed this motion seeking to preclude Defendants from calling Schurr at trial.

## II.   ARGUMENT

**A.   Legal Standard**

Under Rules 26(a) and 26(e), a party has an affirmative and continuing obligation to disclose all individuals likely to have discoverable information along with the subjects of that information, and must supplement or amend its disclosures if they are incomplete or incorrect. Fed. R. Civ. P. 26(a)(1), 26(e)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013); *Debose v. Broward Health*, No. 08-cv-61411, 2009 WL 1410348, at *4 (S.D. Fla. May 20, 2009); *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787, 2018 WL 8919913, at *1 (M.D. Fla. Sept. 10, 2018). In

considering a motion to exclude a witness who was not listed on a party's initial disclosures, the court considers the following factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify. *Debose*, 2009 WL 1410348, at *4 (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).

"***[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless***." *Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905, 2014 WL 631694, at *2 (M.D. Fla. Feb. 18, 2014) (quoting *Dyett v. N. Broward Hosp. Dist.,* No. 03–60804–CIV, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004)) (emphasis added); *see also Trenhs v. Fast Track Paving, Inc.*, No. 10-cv-21981, 2011 WL 1131112, at *2-3, (S.D. Fla. Mar. 25, 2011) (striking an individual as a trial witness when the party had not timely disclosed the witness); *Nance v. Ricoh Elec., Inc.*, 381 F. App'x 919, (11th Cir. 2010) (affirming district court's striking of undisclosed witnesses and prohibiting their testimony).

It is imperative that a party disclose a witness through initial and supplemental disclosures to provide notice to the other party that an individual may become a trial witness as opposed to simply a name that comes up during discovery. *See Clingman & Hanger Mgmt. Assocs., LLC v. Knobel*, No. 16-cv-62028, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2018) (knowledge of existence of evidence or witnesses does not equate to knowledge that individuals would become trial witnesses).

A narrow exception to this rule exists when a party calls a witness *solely* to impeach the testimony of another witness; however, if a previously undisclosed witness provides "any substantive testimony" the witness must not be permitted to testify. *Marcus*, 2013 WL 4777170, at *1; *Bearint*, 389 F.3d at 1354; *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161

(11th Cir. 2005) (party failed to show that affidavits of previously undisclosed witnesses were solely for impeachment purposes and district court properly struck the affidavits); *Lawson v. Plantation Gen. Hosp., L.P.*, No. 08-cv-61826, 2010 WL 11504835, at *3 (S.D. Fla. May 3, 2010) (explaining that "merely labeling an individual as a rebuttal witness does not exempt the witness from disclosure" and determining that undisclosed witness's testimony could not be characterized as rebuttal or impeachment testimony, but rather was direct testimony, excluding witness).

**B.     The Court should strike Schurr because Defendants had no justification for failing to disclose him, SFM would be tremendously prejudiced if he were permitted to testify for the defense at trial, and he seeks to provide substantive rather than impeachment testimony.**

It is undisputed that Defendants failed to include Schurr on their initial disclosures or amended initial disclosures. Therefore, he cannot be permitted to testify unless the failure was substantially justified or is harmless, and if Schurr testifies *solely* as an impeachment witness. Because Defendants' failure to disclose Schurr was neither substantially justified nor harmless and because Schurr seeks to provide substantive testimony, permitting him to testify for the defense would prejudice SFM.

First, Schurr's untimely disclosure is not justified. Schurr has represented Dr. Feijoo and the Feijoo clinic during the entire pendency of this action. He has (and continues to) participate in hearings, email communications between the parties, and depositions. He is not some rogue witness Defendants just discovered by happenstance. Although Schurr has been involved in the case for many months, SFM had absolutely no reason to believe Defendants would put forth their own attorney as a trial witness. Accordingly, Schurr's late disclosure is not justified.

Second, Schurr's late disclosure is not harmless. SFM would face extreme and unfair prejudice if Schurr were permitted to testify for the defense. Insofar as Defendants never listed Schurr (or any discoverable information he possessed) on their disclosures, SFM did not seek to

depose Schurr, did not serve him with a subpoena *duces tecum*, and did not otherwise seek any discovery from him or his law practice. Indeed, in most instances it would be completely inappropriate to seek the deposition of and discovery directly from a party's attorney due the imposition of the attorney/client and work product privileges. Had Defendants timely disclosed Schurr, SFM would have sought confirmation from this court that any attorney-client and work product privileges had been waived and then sought discovery from Schurr's law office regarding the extraordinary amount of litigation Schurr has handled for Defendants. SFM also would have questioned Dr. Feijoo during his deposition (and potentially other witnesses) regarding their relationship with Schurr, advice provided to Dr. Feijoo and the Feijoo Clinic, and other information that may have otherwise been potentially protected by the attorney-client and work product privileges. Adding a previously undisclosed witness to a witness list two weeks before trial is highly and unfairly prejudicial to SFM. *See Lawson*, 2010 WL 11504835, at *5; *Nance*, 381 F. App'x at 923 (party would prejudiced if court allowed testimony from undisclosed witnesses who would be relied upon to support substantive arguments in the case). Defendants cannot be permitted to "spring this witness into the case at the last minute." *Marcus*, 2013 WL 4777170, at *2 ("As the Defendants point out, discovery in this case is closed; it is too late for the Defendants to depose Moore, and the case is proceeding to trial in the near future. It is evident that the Defendants will be prejudiced if the Plaintiff is permitted to spring this witness into the case as the last minute.").

Third, Schurr is not being designated solely as an impeachment witness. After the close of discovery,[1] on October 4, 2019, Defendants filed a response to SFM's Motion for Summary

---

[1] Discovery on SFM's claims closed in June 2019, while discovery on Defendants' Counterclaim was closed as of October 4, 2019. The Court subsequently extended discovery for a period of 10-days on the Counterclaim only. [ECF No. 145].

Judgment and attached Schurr's Affidavit as an exhibit (the "Affidavit"). [ECF No. 143-1]. The Affidavit includes substantive testimony disputing SFM's MSJ and relating directly to Defendants' Counterclaim, including SFM's knowledge or lack thereof regarding Defendants' billing practices, SFM's actions with respect to those practices, and Schurr's dealings with SFM regarding the claims that comprise Defendants' Counterclaim. *Id.* at ¶¶ 5-9. In the Affidavit, Schurr attests: (1) he "personally prepared a 'Pre-suit Demand Letter' pursuant to Florida Statute 627.736(10) for nearly all of the unpaid claims" (¶ 5); (2) he prepared the true and correct copies of the at-issue demand letters attached to his Affidavit (¶ 6); (3) he personally "mailed to [SFM]" "[e]ach and every one of the Pre-Suit Demand Letters" (¶¶ 7-8); (4) he received all of SFM's responses to the demand letters that he attached to his Affidavit (¶ 9); and he included a chart containing information about the at-issue claims (¶ 6). Shortly thereafter, and on the basis of the substantive information contained in the Affidavit, SFM amended its Initial Disclosures to add Schurr as an individual with information.

When SFM reached out to Defendants about Schurr's late disclosure, Defendants confirmed Schurr would offer testimony regarding "what information [SFM] had (or didn't have) and what actions [SFM] took (or didn't take) with respect to Dr. Feijoo's billing prior to the filing of its lawsuit." *See* Email Chain at Email from A. Baratta to D. Spector dated Oct. 30, 2019, 4:59 p.m., attached as **Exhibit 2**. While Defendants attempt to characterize this testimony as "impeachment" or "rebuttal" testimony, it is clearly substantive in nature, as Defendants' defenses and Counterclaim have focused primarily on SFM's knowledge and actions during its investigation of Dr. Feijoo and the Clinic.

The circumstances in this case are extraordinarily similar to those in *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, at *1 (S.D. Fla.

Sept. 5, 2013). In *Marcus*, the plaintiff filed an affidavit from an individual who had not been previously disclosed in the case in response to the defendants' motion for summary judgment. *Marcus*, 2013 WL 4777170, at *1. The affidavit was filed after the close of discovery. The defendants moved to strike the affidavit and preclude the witness from testifying at trial, which was rapidly approaching. *Id.* at *2. In considering the motion, the court analyzed the importance of the testimony, the reason for non-disclosure, and the resulting prejudice. *Id.* at *2. The court emphasized the prejudice to the defendants and a lack of justification for non-disclosure, as discovery was closed, it was too late for the defendants to depose the late-disclosed witness, and trial was looming "in the near future." *Id.* The court explained that "the prejudice to the Defendants must win out, because it is the Plaintiff who failed to abide by the rules" in failing to previously disclose the witness. *Id.* The plaintiff also argued that the testimony would be used solely for impeachment, but the court rejected that contention, explaining that the affidavit provided substantive testimony and reiterating that if a witness provides "any substantive testimony" whatsoever, that witness's identity must be previously disclosed. *Id.* at *2-3. Based on this analysis, the court struck the witness's affidavit. *Id.* at *3.

      Like the plaintiff in *Marcus*, Defendants in this case offer no legitimate reason for failing to timely disclose Schurr as a witness. Indeed, Defendants' only purported justification is that "State Farm has clearly been fully aware of [Schurr] as a witness for many years" and that Schurr will only be "an impeachment witness." *See* **Exhibit 2** at Emails from A. Baratta to D. Spector dated Nov. 1, 2019, 8:37 A.M. and Oct. 30 at 4:59 P.M. Regardless of whether SFM has known who Schurr is due to his prior representation of Dr. Feijoo and the Feijoo Clinic in underlying PIP litigation, SFM had absolutely no reason to believe Defendants would break privilege to call him as a trial witness in this case. In addition, Defendants' claim that Schurr is only an impeachment

7

witness is belied by Schurr's attestations in his Affidavit and Defendants' MSJ. Schurr's Affidavit relates directly to Defendants' substantive defenses, as well as the elements and conditions precedent to the claims in Defendants' Counterclaim. Defendants also moved for summary judgment based on the argument that SFM's prior knowledge of the Defendants improper coding means SFM's FDUTPA and declaratory judgment claims must fail. *See* [ECF No. 67]. As a result, the proposition that Schurr's testimony could be characterized solely as impeachment is false. Insofar as Defendants failed to list Schurr on their initial disclosures, have no justification for such a failure, and seek to elicit substantive testimony from Schurr; and because SFM would be unfairly prejudiced if Schurr were permitted to testify, this Court should prohibit Defendants from calling him at trial. *See Lawson*, 2010 WL 11504835, at *3 (witness was to offer direct evidence in support of claim and, therefore, was not a rebuttal or impeachment witness and was struck); *Marcus*, 2013 WL 4777170, at *3 * (Defendants have "fail[ed] to show that [the witness'] testimony is offered solely for impeachment purposes.").

### III. CONCLUSION

Based on the foregoing, SFM respectfully requests the Court strike Kenneth Schurr from Defendants' witness list and prohibit Defendants from calling him at trial.

### Certificate of Good Faith Conference Pursuant to Local Rule 7.1(a)(3)

Counsel for SFM certifies they conferred by email with Defendants' counsel, Andrew Baratta, in a good faith effort to resolve the issues raised in this motion and has been unable to do so, as reflected in emails attached as Exhibit 1 and 2.

Dated: November 1, 2019

Respectfully submitted,

*/s/ Andrew S. Ballentine*
KENNETH P. HAZOURI

Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
**deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP**
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
**Holland & Knight LLP**
222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counter-Defendant*