**Pragid, Kayla L (WPB - X28303)**

| | |
|---|---|
| **From:** | Spector, David I (WPB - X28304) |
| **Sent:** | Friday, November 1, 2019 9:03 AM |
| **To:** | Andrew Baratta |
| **Cc:** | khazouri@dsklawgroup.com; aballentine@dsklawgroup.com; Pragid, Kayla L (WPB - X28303); jpivnik@pivniklaw.com; Counselken@schurrlaw.com |
| **Subject:** | Re: Follow Up re Call of 10/29 |

Andy - despite your characterization, we are not trying to unnecessarily increase the motion practice. We didn't create this situation.  We can't agree to your proposal as we don't know the substance of his testimony and the extent of the prejudice this has caused. We were willing to depose him and reserve the right to strike him, but you won't agree.  Had he been properly disclosed, we would have had the right and opportunity to conduct proper and timely follow up discovery.  This exact situation has caused judges in this district to exclude witnesses.  You have made your position clear and we will proceed accordingly.


David I. Spector
Holland & Knight LLP
561-650-8304 direct

> On Nov 1, 2019, at 8:56 AM, Andrew Baratta <andrew@barattarussell.com> wrote:
>

**Pragid, Kayla L (WPB - X28303)**

| | |
|---|---|
| **From:** | Andrew Baratta <andrew@barattarussell.com> |
| **Sent:** | Friday, November 1, 2019 8:56 AM |
| **To:** | Spector, David I (WPB - X28304) |
| **Cc:** | khazouri@dsklawgroup.com; aballentine@dsklawgroup.com; Pragid, Kayla L (WPB - X28303); jpivnik@pivniklaw.com; Counselken@schurrlaw.com |
| **Subject:** | Re: Follow Up re Call of 10/29 |

[External email]

Dave - you demanded Ken's deposition but also to reserve your right to move to strike him as a witness. It can't be both. We would make him available for a deposition just to avoid further sturm and drang on the issue. Let us know if you want to depose him or if you are really just interested in manufacturing motion practice.

Andrew P. Baratta
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, Pa. 19006
O: (215) 914-2222
F: (215) 914-2118
www.barattarussell.com

> On Nov 1, 2019, at 8:49 AM, "David.Spector@hklaw.com" <David.Spector@hklaw.com> wrote:
>
> Andy - based on your email, we understand you are refusing to provide Mr. Schurr for deposition.  Your positions below are not consistent with binding law in the 11th Circuit under near identical circumstances.  We will proceed to file our motion and advise the Court of your positions below on all issues.
>
>
> David I. Spector
> Holland & Knight LLP
> 561-650-8304 direct
>
>> On Nov 1, 2019, at 8:36 AM, Andrew Baratta <andrew@barattarussell.com> wrote:
>>
>
> _____
>
> NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

**Pragid, Kayla L (WPB - X28303)**

| | |
|---|---|
| **From:** | Andrew Baratta <andrew@barattarussell.com> |
| **Sent:** | Friday, November 1, 2019 8:37 AM |
| **To:** | Spector, David I (WPB - X28304) |
| **Cc:** | khazouri@dsklawgroup.com; aballentine@dsklawgroup.com; Pragid, Kayla L (WPB - X28303); jpivnik@pivniklaw.com; Counselken@schurrlaw.com |
| **Subject:** | Re: Follow Up re Call of 10/29 |

*[External email]*

David - Just saw this and not in front of my computer at the moment but my recollection is that Ms. Alsina and Mr. Connelly were both identified by State Farm as witnesses with knowledge of the facts in the case.  The law as I understand it (and common sense) says that a party who identifies a witness can't be heard to complain of prejudice when that person is identified as a witness by the other side. Regarding Ken Schurr, even if your interpretation of his testimony is correct State Farm has clearly been fully aware of him as a witness for many years. Regardless, the evaluation of whether he is a proper impeachment witness is for trial, not Pre-trial motion.

I believe the motion you indicate would be frivolous and in bad faith.

Thanks,

Andrew P. Baratta
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, Pa. 19006
O: (215) 914-2222
F: (215) 914-2118
www.barattarussell.com

> On Oct 31, 2019, at 2:56 PM, "David.Spector@hklaw.com" <David.Spector@hklaw.com> wrote:
>
> Andrew:  With regard to Mr. Schurr's testimony, we do not agree that that the Defendants were excused from identifying him pursuant to Rule 26(a)(1)(A)(i) which required not only his identity, but the subject of his knowledge.  The Eleventh Circuit has made clear that the only exception to this requirement to identify said witnesses, and continually update such information, is if the witness is offered *solely* for impeachment purposes.  The topics you include below clearly exceed those which are for impeachment purposes.  Specifically, the information State Farm had (or didn't have) and what actions it took (or didn't take) with respect to Dr. Feijoo's billing prior to the filing of its lawsuit have been one of the primary focuses of the Defendants defenses and its strategy in this case.  The Defendants repeatedly sought broad discovery on each of these topics.  Even more significantly, the Defendants have moved for summary judgment based on an argument that State Farm's knowledge of the Defendants, and the resulting conduct (such as the taking of depositions, etc) is so purportedly clear that State Farm's claims fail.  Additionally, Mr. Schurr executed a substantive affidavit in this case.  To suggest that the areas of potential testimony Mr. Schurr might give is for impeachment purposes only is clearly incorrect.  The Defendants offered such testimony *as substantive evidence* in this case.  In cases near similar to this misconduct, judges in this district have stricken such witnesses from testifying.

1

As a result, State Farm will move to strike Mr. Schurr. Notwithstanding, State Farm is entitled to take his deposition next week prior to trial. Once that deposition is complete, State Farm will be in a better position to determine the testimony that Mr. Schurr might, in fact, offer at trial. Please understand that the taking of this deposition is without prejudice to State Farm's decision to move to strike the Defendants from calling Mr. Schurr to testify. Please advise by tomorrow morning at 9:00 a.m. if you agree to produce Mr. Schurr for deposition under these terms.

Additionally, we note that Defendants also failed to identify Bob Connelly and Isis Alsina in its initial disclosures. Being that you could not make any colorable argument that you would be calling Mr. Connelly and Ms. Alsina for *solely* impeachment purposes since they are State Farm witnesses, we expect you will advise us by tomorrow morning that you withdraw them as trial witnesses.

Lastly, exhibits 149-153 must be withdrawn as well for the same reasons. They were never disclosed and State Farm will be prejudiced if the Defendants are able to use them to prove what State Farm knew about, and actions it took, with regard to Dr. Feijoo for the same reasons above.

We look forward to your response by 9:00 a.m. tomorrow. Should we not receive a response that indicates the Defendants are in agreement with the terms set forth above, we will immediately file a motion seeking the appropriate relief.

**David Spector | Holland & Knight**
Partner
Holland & Knight LLP
222 Lakeview Avenue, Suite 1000 | West Palm Beach, Florida 33401
Phone 561.650.8304 | Fax 561.650.8399
david.spector@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Andrew Baratta <andrew@barattarussell.com>
**Sent:** Wednesday, October 30, 2019 4:59 PM
**To:** Spector, David I (WPB - X28304) <David.Spector@hklaw.com>; khazouri@dsklawgroup.com; aballentine@dsklawgroup.com; Pragid, Kayla L (WPB - X28303) <Kayla.Pragid@hklaw.com>; jpivnik@pivniklaw.com; Counselken@schurrlaw.com
**Subject:** RE: Follow Up re Call of 10/29

*[External email]*
David – We haven't identified Ken on our Disclosures because if he testifies at all he would be offered solely as an impeachment witness to rebut testimony which State Farm might offer as to what information it had (or didn't have) and what actions it took (or didn't take) with respect to Dr. Feijoo's billing prior to the filing of its lawsuit. Rule 26(a)(1)(A) specifically exempts such evidence from the initial disclosure obligation, and, frankly, the pre-trial designations requirement as well. We identified him on our list of potential trial witnesses merely for the sake of completeness. The same goes for the documents listed as potential trial exhibits 149-153, which like Ken's testimony, would only be offered as impeachment evidence on the same issue. It bears noting that these proposed exhibits are limited to State Farm's own pleadings and testimony which have obviously always been within State Farm's possession, and there was no document request made by State Farm to which they would have been responsive (making any comparison to the issues raised in our motion for sanctions completely inapt).

We agree that we don't see any issue as to authentication of documents.

2

If you wish to discuss any of these issues further, please feel free to give me a call.

Thanks,
Andy

Andrew P. Baratta, Esquire
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, Pa.  19006
(t) 215-914-2222
(f) 215-914-2118
www.barattarussell.com

**From:** David.Spector@hklaw.com <David.Spector@hklaw.com>
**Sent:** Wednesday, October 30, 2019 10:31 AM
**To:** Andrew Baratta <andrew@barattarussell.com>; khazouri@dsklawgroup.com; aballentine@dsklawgroup.com; Kayla.Pragid@hklaw.com; jpivnik@pivniklaw.com; Counselken@schurrlaw.com
**Subject:** RE: Follow Up re Call of 10/29

Andrew – thanks for the follow up.  A few issues.  As for Miscoe, we agreed that he could be called out of order on November 13 provided that the Plaintiff has already called Tim Banahan to testify.   Once that is accomplished, we do not object to you calling Miscoe.

As for Ken, your statement is not accurate.  State Farm included in Ken as an individual with discoverable information pursuant to Rule 26(a)(1)(A)(i) *only* on October 17 as someone who had knowledge as to facts alleged in Defendants' Counterclaim and defenses thereto based on his affidavit.  A Rule 26(a)(1)(A)(i) identification is certainly not the same as identifying a person as a potential trial witness.

During the discovery period, which was prior to the submission of Ken's affidavit, the Defendants did not identify Ken in Defendants' initial disclosures which was required.  So while State Farm determined that Ken might have discoverable information based only his affidavit, this did not excuse the Defendants from identifying him under the on-going obligation to supplement the initial disclosures.  State Farm's identification of Ken as someone with potentially discoverable information – based on information obtained after the close of discovery – certainly did not give State Farm notice that the Defendants intended to call him as a trial witness.  As a result, the Plaintiff did not seek either paper discovery from Ken nor take his deposition and we do not know his intended testimony nor are we able to impeach him.  Should the defendants attempt to call Ken, the Plaintiff will be prejudiced. If the defendants intend on proceeding with his testimony at trial Plaintiff is considering taking his deposition to see if the prejudice can be cured. We will not know if the prejudice is cured until after the deposition is completed and we evaluate the documents he brings with him to the deposition, the completeness of his answers, the need for follow up on this new deposition testimony and any assertion of privileges, which may now be waived.  Please advise of your position on making him available next week for a deposition as we are prepared to take his deposition.

Jerry also mentioned that Ken might be called just to authenticate documents.  If that is the case, please identify those documents today and we will likely be able to agree on authentication. Frankly, I hope we

3

are able to agree on authentication of all documents. Do you foresee any disagreement on authentication in general?

With regard to Exhibits 149-153, this is the first time they have been produced – long after the discovery cutoff.  From my quick review, they appear to be pleadings in PIP cases brought by your client and they have been in your client's possession for many years.  Accordingly, there is no reason why these were not disclosed and produced during discovery.  This late disclosure has prejudiced State Farm as it was denied the opportunity to serve additional discovery surrounding these documents you intend to show a jury, question your clients at deposition, serve paper discovery to understand why the Defendants intend to use them and perform our investigation regarding same.  In fact, a production from the Defendants in response to Rule 26 or a discovery request might have caused us to take Ken's deposition during discovery.   Despite me asking Jerry yesterday for why they were never disclosed or produced, your email this morning did not provide a substantive response.  Particularly since you have raised an issue regarding State Farm's disclosure of the other PFMT documents and are seeking sanctions based on same, please advise if you will withdraw these exhibits.  If you do not, we will raise same with the Court.

**David Spector** | **Holland & Knight**
Partner
Holland & Knight LLP
222 Lakeview Avenue, Suite 1000 | West Palm Beach, Florida 33401
Phone 561.650.8304 | Fax 561.650.8399
david.spector@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Andrew Baratta <andrew@barattarussell.com>
**Sent:** Wednesday, October 30, 2019 9:09 AM
**To:** Spector, David I (WPB - X28304) <David.Spector@hklaw.com>; khazouri@dsklawgroup.com; aballentine@dsklawgroup.com; Pragid, Kayla L (WPB - X28303) <Kayla.Pragid@hklaw.com>; Jerry Pivnik <jpivnik@pivniklaw.com>; Ken Schurr <Counselken@schurrlaw.com>
**Subject:** Follow Up re Call of 10/29

*[External email]*
David/Ken – I'm following up with you on the issues which Jerry informs me were raised in the call yesterday.  First, It's my understanding you've agreed that Mike Miscoe can be called out of order on November 13 so we don't need to worry about scheduling his video next week.

Regarding our having listed Ken Schurr as a potential trial witness, it was actually State Farm who identified him as a witness in its 3rd Amended Supplemental Initial Disclosures based on the Affidavit he provided on October 4th in support of our response to SF's MSJ on the Counterclaim.

Regarding our exhibits, the TIN Diversion referenced as Ex. 69 is Bates number 239955-239956.  Exhibits 149-153 are attached.

Please feel free to give me a call to discuss with any questions or concerns.

Thanks,
Andy

4

Andrew P. Baratta, Esquire
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, Pa.  19006
(t) 215-914-2222
(f) 215-914-2118
[www.barattarussell.com](www.barattarussell.com)

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.