UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 18-cv-23329-RAR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation,

    Plaintiff,
v.

MANUEL V. FEIJOO,
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE KENNETH SCHURR AS A WITNESS

Defendant, Manuel V. Feijoo, M.D. and Manuel V. Feijoo, M.D., P.A. ("Dr. Feijoo"), hereby submit this Response to the Motion to Strike submitted by State Farm:

### I.    MR. SCHURR IS AN IMPEACHMENT WITNESS

State Farm concedes that witnesses offered solely for impeachment purposes need not be disclosed. Mr. Schurr was identified on Defendants' list of potential trial witnesses because he may be called to rebut testimony of State Farm witnesses about what State Farm actually knew and did with reference to Dr. Feijoo's billing prior to filing its lawsuit, and also to rebut any testimony that State Farm may offer that it did not receive timely demands for payment of the bills listed in State Farm's Exhibit N to the Amended Complaint. Defendants had no duty to disclose Mr. Schurr as a witness at all. It was merely out of an abundance of caution that Defendants listed Mr. Schurr as a potential witness at trial in "an effort to avoid a squabble at trial over its ability to seek trial testimony from witnesses never listed in the disclosures."

1

Clingman & Hanger Mgmt. Assocs., LLC v. Knobel, 2018 WL 2694594, at *4 (S.D. Fla. Apr. 19, 2018), report and recommendation adopted, No. 16-62028-CIV, 2018 WL 2688759 (S.D. Fla. May 8, 2018).

Mr. Schurr would offer purely impeachment testimony in rebuttal to State Farm's anticipated evidence. In order to support its case that a consumer acting reasonably in the same circumstances as State Farm would probably have been deceived by every bill submitted by Dr. Feijoo since 2015, State Farm's witnesses are going to have to construct a fantasy about what it knew and did with respect to Dr. Feijoo's bills prior to suing him. Defendants anticipate that this fantasy will include testimony that "reasonable consumers" in State Farm's circumstances are incapable of actually seeing what is contained in bills submitted by doctors because of the horrific prospect of being sued if they do not rush payment out of the door.

State Farm's corporate designee testified that Mr. Schurr is "an accomplished lawyer" who "understands leverage" (See ECF Doc 109-3, Deposition-Banahan, pg. 153), and suggested that State Farm made payments to Dr. Feijoo before having a meaningful opportunity to review them because it was terrified of being sued by Mr. Schurr. (See ECF Doc 155-4, Deposition-Banahan, pg. 139.).

There is only one natural witness to rebut such fantastical testimony and that is Mr. Schurr. He would testify concerning the actions, words, and court filings of State Farm which repel, counteract and disprove State Farm's story. "[T]he purpose of rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the Adverse party and if the defendant opens the door to the line of testimony, he cannot successfully object to the prosecution accepting the challenge and attempting to rebut the proposition asserted." United States v. Delk,

2

586 F.2d 513, 516 (5th Cir.1978), *citing* United States v. Troya, 733 F.3d 1125, 1138 (11th Cir. 2013)

Because his testimony would be solely for impeachment, there was no obligation on the part of Defendants to identify him in their Rule 26 Disclosures and State Farm's Motion must be denied.

**II.     EVEN IF CONSIDERED TO BE OFFERING SUBSTANTIVE TESTIMONY, THERE IS NO SURPRISE OR PREJUDICE TO STATE FARM WHICH WOULD WARRANT STRIKING MR. SCHURR AS A WITNESS**

As is evidenced by its own Motion and the testimony of its corporate designee, State Farm cannot credibly claim to be surprised by any testimony Mr. Schurr might offer even if it is considered substantive.

The case State Farm relies upon is simply inapposite to the facts of this case.  In Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013), the undisclosed witness was a person whom the moving party had never heard of before nor had any prior inkling of the information offered by way of affidavit in response to a motion for summary judgment.  This fact pattern is clearly not on point here.

By its own admission, State Farm has been wrangling unsuccessfully with Mr. Schurr in hundreds of cases over the past decade over Dr. Feijoo's billing.  In fact, State Farm's corporate designee testified that State Farm filed this lawsuit for the sole purpose of gaining leverage in its tussle with Mr. Schurr.  See ECF Doc109-3, Deposition-Banahan, pg. 153.  State Farm's claim files for the patients at issue in this case are replete with communications back and forth between its adjusters and Mr. Schurr.  State Farm itself added Mr. Schurr to its own Disclosures of witnesses with knowledge of the factual basis for the allegations in Plaintiff's Complaint.

In short, even if Mr. Schurr is considered to be offering substantive testimony such that he should have been formally identified in Defendants' Disclosures, the absence of his identification is entirely harmless because State Farm has always known everything Mr. Schurr might know about State Farm's conduct.[1]

"In determining whether a nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will be prejudiced or surprised. In light of the central role of the discovery rules in eliminating surprise in civil matters, the extreme sanction of preclusion is simply not warranted when the importance of the additional witness was already known to the opponent." Gould v. Transamerica Life Ins. Co., 2012 WL 13048566, at *5–7 (S.D. Ala. Oct. 16, 2012).

"The seeds of this attitude are found in the commentary to Rule 37(c) itself. The Advisory Committee's comments identify, among other circumstances indicating that a failure would be harmless, the situation in which a party omits disclosure of a name of a potential witness known to all parties, or omits to list as a trial witness a person so listed by another party. Along the same lines, the supplementation provisions of Rule 26, which require updating of a Rule 26(a)(1) disclosure throughout the life of a case, contain an exemption for information that has otherwise been made known to the opposing party during the discovery process." Id.

Simply put, where a "Plaintiff was aware of their existence and the fact that they had relevant discoverable information," failure to specifically list a witness on initial disclosures is harmless and not the basis of a motion to strike. Id. State Farm has not argued, nor could they credibly, that they were unaware of the fact that Mr. Schurr had relevant, discoverable information in this case.

---

[1] State Farm's reference in its Motion to waivers of attorney-client privilege is puzzling. Mr. Schurr would not be offering any testimony about what Dr. Feijoo did or said to him, but rather only what State Farm did or said to him.

4

On the other hand, State Farm *has* argued in its Response to Defendants' Motion for Sanctions (ECF No 164, Pg. 9), that "[s]triking an important trial witness is an especially "drastic" sanction that tremendously impairs a party's ability to prove its case at trial. Brooks v. U.S., 837 F. 2d 958 (11th Cir. 1988). This sanction should only be considered after other alternatives have been exhausted.  *See* Lamothe v. Bal Harbour, 101 Condo. Ass'n, Inc., No. 05-cv-23106, 2007 WL 781909, at *1 (S.D. Fla. Mar. 13, 2007); *see also* Plaseyed v. PGA Nat'l, LLC, No. 05-cv-60099, 2006 WL 8434621, at *1 (S.D. Fla. Mar. 2, 2006) (denying the plaintiff's request to impose "draconian sanctions" on the defendant, including a request to strike trial witnesses, where the defendant's "conduct was not in bad faith or reckless.")."

### III.     CONCLUSION

Mr. Schurr will be offered at trial as an impeachment witness and no disclosure was therefore necessary.  But even if he is considered to be offering substantive testimony, State Farm has always at all times been fully aware of Mr. Schurr as someone with knowledge of the facts in this case and any failure to disclose him was entirely harmless.

RESPECTFULLY SUBMITTED,
**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email:Pivniklaw@aol.com
Cdiezpivniklaw@aol.com
By: /s/ Jerome A. Pivnik
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com
(*pro hac vice*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2019, I have filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy was electronically served upon the following in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:  Kenneth P. Hazouri, Esq., and Andrew S. Ballentine, Esq., Mantzaris and Neal, LLP, 332 North Magnolia Avenue, Orlando, FL 32801. (Khazouri@dsklawgroup.com, ABallentine@dsklawgroup.com, Lquesada@dsklawgroup.com, Lmorales@dsklawgroup.com).

**THE PIVNIK LAW FIRM**
7700 N. Kendal Drive, Suite 703
Miami, FL 33156
Tel: 305-670-0095
Email:Pivniklaw@aol.com
          Cdiezpivniklaw@aol.com
By: /s/ Jerome A. Pivnik
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

**Andrew P. Baratta, Esq.**
Baratta, Russell & Baratta
3500 Reading Way
Huntingdon Valley, PA 19006
Tel: 215-914-2222
Email: Andrew@Barattarussell.com
(*pro hac vice*)