UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants/Counter-Plaintiffs.

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'**
**UNTIMELY DISCLOSURE OF WITNESSES AND DOCUMENTS**

Plaintiff, State Farm Mutual Automobile Insurance Company ("SFM"), hereby moves to strike Isis Alsina ("Alsina") and Bob Connelly ("Connelly") from Defendants, Manuel V. Feijoo, M.D.'s ("Dr. Feijoo") and Manuel V. Feijoo, M.D., P.A.'s (the "Clinic") (collectively "Defendants"), witness list and to preclude Defendants from calling them at trial. SFM also seeks to preclude Defendants from using thirteen late-disclosed exhibits at trial.

    I.    **INTRODUCTION AND BACKGROUND**

In violation of Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure, Defendants failed to list Ms. Alsina, Mr. Connelly, or certain documents on any of their initial disclosures and failed to produce certain documents in discovery, but now seek to use these witnesses and exhibits at trial without any valid justification for the failure to timely disclose. Defendants served their Initial Disclosures on December 12, 2018, and their Amended Initial Disclosures on May 16, 2019

(the "Disclosures"). These Disclosures did not include Ms. Alsina, Mr. Connelly, or the thirteen newly disclosed exhibits.

With regard to Ms. Alsina and Mr. Connelly, these witnesses were not deposed, they have not provided any affidavits or sworn evidence in this case and no discovery was taken surrounding their specific involvement in SFM's investigation. On October 24, 2019, Defendants disclosed *for the first time* they intended to call Ms. Alsina and Mr. Connelly as a trial witness by requesting SFM accept trial subpoenas on their behalf. *See* Email dated Oct. 24, 2019, at 3:45 P.M., attached as **Exhibit 1** (portions of the email chain removed for brevity and confidentiality). Notwithstanding their informal and late-disclosure right before trial, Defendants have yet to update their initial disclosures or otherwise disclose "the subjects of th[e] information" that Ms. Alsina and Mr. Connelly are expected to offer at trial. Fed. R. Civ. P. 26.

Likewise, the thirteen newly disclosed documents were not produced during the discovery period in this litigation, were not used in any deposition in this case, and were not otherwise mentioned at all at any point. Indeed, the first time undersigned counsel for SFM became aware of the documents was on October 28, 2019, when Defendants provided their draft exhibit list with 12 of the 13 exhibits identified. *See* Email dated Oct. 28, 2019 at 6:21 P.M. (portions of email chain removed for brevity and confidentiality), attached as **Exhibit 2**. The next day, Defendants provided an "updated" exhibit list that included the 13th late-disclosed exhibit. *See* Email dated Oct. 29, 2019 at 1:41 P.M. (portions of email chain removed for brevity), attached as **Exhibit 3**. After SFM demanded copies of the exhibits, on October 30, 2019, Defendants emailed the documents to SFM without any explanation or justification as to why the exhibits had not been produced pursuant to

Rule 26 or otherwise provided in the action. *See* Email dated Oct. 30, 2019 at 9:09 A.M., attached as **Exhibit 4**.[1]

## II.   ARGUMENT

### A.   Legal Standard

Under Rules 26(a) and 26(e), a party has an affirmative and continuing obligation to disclose all documents and individuals likely to have discoverable information along with the subjects of that information. Parties must supplement or amend their disclosures if they are incomplete or incorrect. Fed. R. Civ. P. 26(a)(1), 26(e)(1). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence . . . at a trial**, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013); *Debose v. Broward Health*, No. 08-cv-61411, 2009 WL 1410348, at *4 (S.D. Fla. May 20, 2009); *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787, 2018 WL 8919913, at *1 (M.D. Fla. Sept. 10, 2018).

Excluding late-disclosed witnesses and evidence is consistent with the purpose of the discovery process. "**[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless**." *Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905, 2014 WL 631694, at *2 (M.D. Fla. Feb. 18,

---

[1] It bears noting that Defendants filed a motion to strike SFM's corporate representative, Timothy Banahan, based on SFM's <u>inadvertent</u> failure to disclose thirty documents that are largely duplicative in nature to documents previously timely produced. By contrast, Defendants <u>intentionally</u> failed to list their newly disclosed documents on their initial disclosures or produce the documents in this case.

Similar to the late-disclosed documents, Defendants intentionally withheld the names of witnesses they intended to call in the defense of their case. Appropriate relief for the prejudice suffered by SFM by Defendants' intentional withholding of witness names they intend to call at trial is to preclude Defendants' from calling those witnesses for any purpose.

3

2014) (quoting *Dyett v. N. Broward Hosp. Dist.,* No. 03–60804–CIV, 2004 WL 5320630, at *2 (S.D. Fla. Jan. 21, 2004)) (emphasis added); *see also Trenhs v. Fast Track Paving, Inc.*, No. 10-cv-21981, 2011 WL 1131112, at *2-3, (S.D. Fla. Mar. 25, 2011) (striking an individual as a trial witness when the party had not timely disclosed the witness); *Nance v. Ricoh Elec., Inc.*, 381 F. App'x 919, (11th Cir. 2010) (affirming district court's striking of undisclosed witnesses and prohibiting their testimony). As the Advisory Committee Notes specifically state, the "***automatic sanction*** provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion." Fed. R. Civ. P. 37. For this reason, the sanction of automatic exclusion has been routinely ordered by courts.

It is imperative that a party disclose all persons with knowledge and all documents through initial and supplemental disclosures to provide notice to the other party that certain documents may be used at trial and that an individual may become a trial witness as opposed to simply a name that comes up during discovery. *See Clingman & Hanger Mgmt. Assocs., LLC v. Knobel*, No. 16-cv-62028, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2018) (knowledge of existence of evidence or witnesses does not equate to knowledge that individuals would become trial witnesses); *Hancock v. Hobbs*, 967 F.2d 462, 468 (11th Cir. 1992) (affirming that the failure to timely disclose exhibits and witnesses warrants their exclusion from trial); *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos.*, 803 F.2d 1160, 1163 (11th Cir. 1986) (affirming the exclusion of a late disclosed witness because the party failed to comply with Fed. R. Civ. P. 26(e)(1)(B)); *Alvarado v. United States*, No. 10-CV-22788, 2011 WL 1769097, at *1 (S.D. Fla. May 4, 2011) (J, Moore) (striking late disclosed witnesses who were not included in the initial disclosures).

In considering a motion to exclude a witness who or evidence that was not listed on a party's initial disclosures, the court considers the following factors: "(1) the importance of the

testimony/evidence; (2) the reason for the [party's] failure to disclose the witness or evidence earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify or the evidence allowed to come in at trial. *Debose*, 2009 WL 1410348, at *4 (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)). A narrow exception to this rule exists when a party calls a witness or discloses documents *solely* to impeach the testimony of another witness; however, if a previously undisclosed witness or documents provide "any substantive testimony" the witness must not be permitted to testify and the documents must be excluded. *Marcus*, 2013 WL 4777170, at *1; *Bearint*, 389 F.3d at 1354; *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (party failed to show that affidavits of previously undisclosed witnesses were solely for impeachment purposes and district court properly struck the affidavits).

**B.      The Court should strike Ms. Alsina and Mr. Connelly from Defendants' Witness List because Defendants had no justification for failing to disclose them, SFM would be harmed if they were permitted to testify at trial, and Defendants clearly want to use the witnesses to provide substantive, rather than impeachment, testimony.**

It is undisputed Defendants failed to include Ms. Alsina and Mr. Connelly on their Disclosures. Insofar as Defendants' failure to disclose Ms. Alsina and Mr. Connelly was neither substantially justified nor harmless and because Defendants seek to elicit substantive testimony from these witnesses, these witnesses should be excluded from trial for the following reasons:

First, Ms. Alsina's and Mr. Connelly's untimely disclosure is not justified. Defendants have known that Ms. Alsina and Mr. Connelly were connected to SFM's investigation, but intentionally chose not to depose them, seek any discovery relating to them, or otherwise provide any indication that they might be called at trial. Although Ms. Alsina's and Mr. Connelly's names appear in the document production in this case, so do hundreds of other SFM employees. The burden is not on SFM to guess which employees Defendants believe have relevant information

5

that could be used at trial. *See Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 6:16-cv-2001, 2018 WL 1474184, at *3 (M.D. Fla. Mar. 7, 2018) (striking late disclosed witnesses because "mere identification of a witness [during discovery] is insufficient to negate a [party's] need to supplement."). SFM did not know Defendants would attempt to call either SFM employee as a trial witness. In addition, although Defendants initially requested to take Ms. Alsina's and Mr. Connelly's depositions at the end of the discovery period, ultimately Defendants decided not to depose these two SFM employees and never updated their Disclosures—leaving SFM to believe Defendants were not interested in eliciting discovery or trial testimony from Ms. Alsina or Mr. Connelly. Accordingly, their late disclosure is not justified.

Second, Ms. Alsina's and Mr. Connelly's late disclosure is not harmless. SFM would be unfairly prejudiced if Ms. Alsina and Mr. Connelly were permitted to testify at trial because SFM would have to spend its final days before trial preparing the late-disclosed witnesses instead of preparing its case-in-chief. The case law is clear that adding a previously undisclosed witness to a witness list two weeks before trial is highly and unfairly prejudicial. *See Lawson*, 2010 WL 11504835, at *5; *Nance*, 381 F. App'x at 923 (party would be prejudiced if court allowed testimony from undisclosed witnesses who would be relied upon to support substantive arguments in the case).

Third, Ms. Alsina and Mr. Connelly are not being designated solely as impeachment witnesses. Defendants have not (and cannot) make any colorable argument that Defendants would be calling Mr. Connelly and Ms. Alsina solely for impeachment because they are current SFM employees.

The circumstances in this case are extraordinarily similar to those in *Brooks v. Kerry*, 37 F. Supp. 3d 187, 202-06 (D. D.C. 2014). In *Brooks*, the plaintiff attached a declaration to an MSJ

6

response from a previously undisclosed witness who was the defendant's employee. The plaintiff argued there was no surprise because the defendant would have known of the employee's existence. The plaintiff also argued that the declaration and witness were solely for impeachment. The court rejected the arguments and explained that "the plaintiff is incorrect that the 'defendant's familiarity with Mr. Butler as its own employee negates any element of surprise in this situation.'" *Id*. at 204. "The surprise does not come from learning Mr. Butler's identity, but by learning that the plaintiff intends to use him as a declarant in support of the plaintiff's version of the facts." *Id*. at 205. In addition, "assuming arguendo that the defendant expected Butler to be called as a witness, it is 'undoubtedly prejudiced by being unable to cross-examine' Butler in a deposition due to the plaintiff's untimely disclosure." *Id*. at 206.

Like the plaintiff in *Brooks*, Defendants in this case offer no legitimate reason for failing to timely disclose Ms. Alsina or Mr. Connelly as trial witnesses or persons with knowledge in their Disclosures. Defendants' only excuse for the late disclosure is that SFM already knew about the witnesses because SFM listed Ms. Alsina on its initial disclosures. *See* Email dated Nov. 1, 2019, at 8:37 A.M., attached as **Exhibit 5**. To be clear, although SFM disclosed Ms. Alsina as someone with knowledge (as is required by Rule 26), such disclosure did not put SFM on notice that Defendants believed Ms. Alsina had knowledge that would support *Defendants'* version of the case or that Defendants intended to call her at trial. Additionally, Defendants offered no explanation for why Ms. Connelly's late disclosure should be excused since SFM never listed Mr. Connelly on its initial disclosures or in any discovery responses. Accordingly, Ms. Alsina and Mr. Connelly should be stricken from Defendants' trial witness list.

**C.     The Court should strike the thirteen late-disclosed exhibits because Defendants had no justification for failing to disclose them and SFM would be unfairly prejudiced if they were permitted to be used at trial.**

It is undisputed that long after the discovery cutoff and on the eve of trial Defendants disclosed, for the first time, thirteen new exhibits they intend to introduce at trial. The thirteen documents include: (1) ten separate answers and affirmative defenses raised by SFM in unrelated underlying PIP lawsuits; (2) two notices of withdrawal of certain affirmative defenses by SFM in unrelated underlying PIP lawsuits; and (3) a 2017 deposition of Michelle Brown (former SFM employee) in an unrelated case.

First, Defendants admittedly have no good cause or justification for their failure to disclose or provide copies of these documents during discovery or in their Disclosures. All of these documents are dated between 2013 and 2017 and have been in Defendants' possession for many years, yet Defendants chose to hide these documents until days before trial to gain a strategic advantage over SFM.

Second, the late disclosure is not harmless. SFM would be unfairly prejudiced and harmed if these documents were permitted at trial. The ten answers and affirmative defenses and two withdrawals of certain affirmative defenses are documents from completely unrelated underlying PIP cases wherein SFM was represented by several different lawyers at different law firms. For SFM to understand the context of the documents, undersigned counsel would have to spend an extraordinary amount of time contacting each of SFM's underlying defense counsel to determine the content of each lawsuit/complaint, why certain affirmative defenses were lodged, why others were withdrawn, whether the medical records in those cases were similar to the medical records in this case, and the circumstances surrounding each strategy decision to plead each defense. SFM

would then have to take this compiled information and educate SFM's own witnesses about the specifics so as to prepare them for trial beginning in just a week.

With regard to the 2017 deposition of Ms. Brown, the first time undersigned counsel learned of Ms. Brown or her deposition was on October 30, 2019. Before then, undersigned counsel had no knowledge of the deposition (which appears to be from an unrelated underlying PIP lawsuit), no knowledge of the claim referenced in the deposition (which is not at-issue in this action), no knowledge of the substance of the deposition, and literally had no idea who Ms. Brown was or the relevance of her desired testimony. If Defendants are permitted to read a deposition to the jury that was never identified or produced in the case, SFM would be highly and unfairly prejudiced.

Given that Defendants' own lawyer in this case, Mr. Schurr, is also Defendants' primary PIP lawyer in the underlying claims, these documents were clearly known and readily available to Defendants, yet they intentionally hid the documents from SFM until the eve of trial to gain an unfair advantage. This late disclosure is unfairly prejudicial SFM because SFM was denied the opportunity to serve additional discovery surrounding these thirteen documents that Defendants now intend to show a jury. SFM was also denied the ability to question Dr. Feijoo/Ms. Castillo or other witnesses at deposition regarding the documents, serve written discovery to understand why Defendants intend to use these documents at trial, or perform any investigation regarding the documents. All of this was precluded by the Defendants' intentional strategy to spring documents on SFM at the eleventh hour. Defendants have created a trial by ambush by producing these documents extremely late, leaving SFM with no opportunity to question Defendants' witnesses about the information and documentation until trial in the presence of the jury. Trial is supposed

to be a level playing field, yet Defendants have sought to "tip the scale" in their favor by prejudicing SFM.

Accordingly, the documents should be excluded at trial. The disclosure requirements preserve the Federal Rules of Civil Procedure's crucial role in "mak[ing] a trial less a game of blind man' bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1346 (5th Cir. 1978) (*quoting United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958)); *Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, No. 07 C 4023, 2008 WL 1883435, at *7 (N.D. Il. Apr. 28, 2008) (granting motion to exclude late disclosed evidence ); *see also ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998) (holding that the exclusion of evidence was warranted, especially when the party "offered no reason to justify its submission long after the close of discovery").

Finally, Defendants' claim the exhibits will solely be used for impeachment is untrue. It is clear from Defendants recent strategic moves that Defendants intend to use the witness (Ken Schurr) and the thirteen late-disclosed documents (identified above) to discuss the substance of several underlying PIP lawsuits and SFM's defenses thereto to show what SFM knew (or did not know) during the course of its investigation. This is clearly substantive information that Defendants should not be permitted to disclose on the eve of trial.

### III. CONCLUSION

Based on the foregoing, SFM respectfully requests the Court strike Isis Alsina and Bob Connelly from Defendants' witness list and preclude Defendants from calling Ms. Alsina or Mr. Connelly at trial. SFM also requests the Court strike Defendants thirteen late-disclosed exhibits from Defendants' exhibit list and preclude the use of the documents at trial.

**Certificate of Good Faith Conference Pursuant to Local Rule 7.1(a)(3)**

Counsel for SFM certifies they conferred by email with Defendants' counsel, Andrew Baratta, in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Dated: November 4, 2019

Respectfully submitted,

/s/ *Andrew S. Ballentine*
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
**deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP**
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
**Holland & Knight LLP**
222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counter-Defendant*