UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 1:18-cv-23329-Ruiz/Becerra

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.

MANUEL V. FEIJOO; and
MANUEL V. FEIJOO, M.D., P.A.,
a Florida professional association,

    Defendants/Counter-Plaintiffs.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' UNTIMELY DISCLOSURE OF WITNESSES KENNETH SCHURR**

Plaintiff, State Farm Mutual Automobile Insurance Company ("SFM"), files this Reply in Support of Its Motion to Strike Kenneth Schurr ("Schurr") from Defendants' witness list and to preclude Defendants, Manuel V. Feijoo, M.D. ("Dr. Feijoo") and Manuel V. Feijoo, M.D., P.A. (the "Clinic") (collectively "Defendants"), from calling Schurr at trial.

**I.    Schurr provided substantive testimony through his affidavit and Defendants intend to elicit substantive testimony from him at trial.**

Defendants claim Schurr is an impeachment witness that is not subject to Rule 26's disclosure requirements. However, Defendants provide no legitimate facts, argument, or authority to demonstrate that Schurr will provide anything other than substantive testimony to support Defendants' main defense in this case: that SFM knew (and has known) of Dr. Feijoo's billing practices yet has continued to pay Defendants regardless. Throughout this litigation, Defendants have constructed a narrative focused almost entirely on their contention that because SFM knew

of Dr. Feijoo's billing practices but continued to pay his claims, Defendants are absolved from liability—even if Defendants' coding was improper. *See* Defs.' Mot. for Summary Judgment [ECF No. 67] at 1-2, 5-8, 10-12; Defs.' Resp. to Pl.'s Mot. for Summary Judgment [ECF No. 79] at 8-11, 18-20. Indeed, Defendants devote entire sections of their Motion for Summary Judgment [ECF No. 67] and their Response to SFM's Motion for Summary Judgment [ECF No. 79] arguing that SFM's investigation and knowledge regarding Defendants' conduct either defeated SFM's claims or raised material facts that precluded summary judgment in favor of SFM. *See e.g.* [ECF No. 67] at 5-8 (section titled "**STATE FARM HAS KNOWN EXACTLY HOW AND WHY DR. FEIJOO HAS APPLIED CPT CODES SINCE AT LEAST OCTOBER 15, 2012**" which details Defendants' position regarding SFM's investigations) (emphasis in original); *id.* at 10-19 (various sections arguing that SFM's investigation and knowledge cause its substantive claims to fail). Then, in response to SFM's Motion for Summary Judgment on Defendants' Counterclaim, Defendants again discuss SFM's purported conduct in investigating the claims at issue in an attempt to survive summary judgment. Defs.' Resp. to Pl.'s Mot. for Summary Judgment [ECF No. 142]. Finally, Defendants attached Schurr's affidavit as an exhibit to Defendants' Response to SFM's Statement of Material Facts detailing Schurr's actions regarding the pre-suit demand letters for the Counterclaim claims specifically to support the Defendants' affirmative assertion that Defendants satisfied the condition precedent to filing the PIP Counterclaim by serving timely demands. [ECF No. 143-1]. At a minimum, Defendants' duty to satisfy a condition precedent to filing the Counterclaim is not impeachment.

      Defendants confuse *rebuttal* evidence with *impeachment* evidence. "Rebuttal evidence tends to disprove a fact asserted by the other side while impeachment evidence goes to the credibility of a witness." *Munnings v. FedEx Ground Package Sys., Inc.*, No. 6:07-cv-282, 2008

WL 1849003, at *7 (M.D. Fla. Apr. 22, 2008) (citing *Black's Law Dictionary* 597, 599 (8th ed. 2004)); *F.T.C. v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1180-81 (N.D. Ga. 2008) (explaining that "Impeachment evidence is evidence that is offered to discredit a witness . . . to reduce the effectiveness of her testimony by bringing forth evidence which explains why the jury should not put faith in her or her testimony") (internal quotations omitted). In *F.T.C.*, the court determined that the evidence at issue "does not simply discredit one particular witness or even a group of witnesses; rather, it is substantive evidence supporting the FTC's defense to one of the defendants' key summary judgment contentions," and rejected the argument that such evidence could be considered impeachment evidence. *Id.* at 1180.

Here, Defendants are not seeking to *discredit* a particular witness's credibility; rather, they are offering substantive evidence to refute SFM's claims and theory of the case. Importantly, in Defendants' response to this motion, Defendants argue "[t]here is only one natural witness to **rebut** such fantastical testimony and that is Mr. Schurr. He would testify concerning **the actions, words, and court filings of State Farm** which repel, counteract and disprove State Farm's **story**." [ECF No. 171] at 2. Such testimony is indisputably substantive testimony to support Dr. Feijoo's and the Clinic's defenses in this case. In addition, Schurr's affidavit consists primarily of attestations that Schurr personally prepared and mailed demand letters to SFM for the claims at issue, received responses, and created a chart relating to the claims. Aff. [ECF No. 143-1] at ¶¶ 5-9. These are affirmative action's taken by Defendants which they claim substantively disprove SFM's motion for summary judgment.[1] Nowhere in Schurr's affidavit does he seek to discredit any witness's credibility.

---

[1] SFM's motion for summary judgment on the counterclaim argued, among other things, Defendants' claims were barred due to their failure to satisfy a condition precedent to section 627.736(10), Florida Statutes, by failing to send timely pre-suit demand letters to SFM.

This type of testimony is the very definition of substantive rebuttal—not impeachment—testimony. This testimony is plainly intended to "disprove a fact asserted by the other side" rather than attack a particular witness's credibility. As a result, Schurr is being improperly put forth as a late-disclosed witness and should be stricken from Defendants' witness list.

**II.     SFM would be extremely prejudiced by the late disclosure of Defendants' own attorney as a fact witness in this case.**

Defendants contend that because SFM knew Schurr represents Dr. Feijoo and the Feijoo Clinic in this case and also represented Defendants in underlying PIP lawsuits against SFM, that somehow SFM should have assumed Defendants would break privilege and put their own lawyer on the stand. According to Defendants, this means SFM is not prejudiced by Schurr's untimely disclosure as a potential witness. [ECF No. 171] at 3. Because attorneys rarely, if ever, serve as fact witnesses in their own cases, SFM never would have characterized Defendants' attorney as a "witness" regarding a key defense in the case and never could have anticipated Defendants would attempt to characterize Schurr as such, thereby waiving any attorney-client and work-product privileges that may have attached.[2] Similarly, Defendants also contend SFM could not have been "unaware of the fact that Mr. Schurr had relevant, *discoverable* information in this case." [ECF No. 171] at 4 (emphasis added). However, while Schurr—as Defendants' attorney—undoubtedly has information *relevant* to the case as any attorney would, SFM would have no way of knowing that he could have *discoverable* information unprotected by the attorney-client privilege or work product doctrine unless Defendants had timely disclosed him on their initial disclosures.

---

[2] Defendants' Motion states that placing Schurr on the stand to testify regarding substantive defenses in this case would not implicate any privilege issues and that Schurr would be able to conveniently select which evidence to provide. However, Schurr is injecting his own conduct as an issue in an attempt to help his client escape liability for SFM's claims. Accordingly, attorney-client privilege is waived. *See Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1418-19 (11th Cir. 1994) (a party "waives the [attorney-client] privilege if it injects into the case an issue that in fairness requires an examination of otherwise protected communications.").

Defendants also attempt to use SFM's timely compliance with Rule 26 against it by claiming that because SFM properly updated its initial disclosures to reflect Defendants' filing of Schurr's affidavit, that somehow Defendants are relieved of *their* obligation to disclose Schurr *during the discovery period*. [ECF No. 171] at 3. SFM's compliance with Rule 26 can hardly excuse Defendants' outright failure to properly and timely disclose Schurr as a witness.

Finally, Defendants argue that striking Schurr would be too "drastic"; however, with trial only one week away, no other alternative exists, and the consequence of Defendants' failure to comply with the Rules must lie with the Defendants. *See Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC*, No. 12-cv-20744, 2013 WL 4777170, at *1 (S.D. Fla. Sept. 5, 2013) ("the prejudice to the Defendants must win out, because it is the Plaintiff who failed to abide by the Rules" regarding timely disclosure of witnesses). Had Defendants timely and properly disclosed Schurr on their initial disclosures, SFM would have sought discovery relating to Schurr's knowledge, including deposing Schurr and questioning other witnesses about his involvement in the facts of this case. *Id.*; *Debose v. Broward Health*, No. 08-cv-61411, 2009 WL 1410348, at *4 (S.D. Fla. May 20, 2009) (exclusion of witnesses disclosed after discovery deadline was appropriate). Further, despite Defendants' improper and untimely disclosure of Schurr on the trial witness list, SFM contacted Defendants immediately after receiving the disclosure to request a deposition and alleviate at least some of the prejudice to SFM. However, Defendants refused (unless SFM waived its right to strike Schurr), and at this point it is too late for such alternative remedies.

### III.   Conclusion

Because Defendants failed to disclose Schurr in accordance with Rule 26 and intend to elicit substantive testimony from Schurr, and because SFM would be unfairly prejudiced if Schurr

were permitted to testify, SFM asks this Court to strike Schurr from Defendants' witness list and prohibit him from testifying for the defense at trial.

Dated: November 4, 2019

Respectfully submitted,

/s/ *Andrew S. Ballentine*
KENNETH P. HAZOURI
Fla. Bar No. 019800
khazouri@dsklawgroup.com
ANDREW S. BALLENTINE
Fla. Bar No. 118075
aballentine@dsklawgroup.com
**deBeaubien, Simmons, Knight, Mantzaris and Neal, LLP**
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454

—and—

DAVID I. SPECTOR
Fla. Bar No. 086540
david.spector@hklaw.com
KAYLA L. PRAGID
Fla. Bar No. 098738
kayla.pragid@hklaw.com
**Holland & Knight LLP**
222 Lakeview Avenue, Ste. 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399

*Attorneys for Plaintiff/Counter-Defendant*